Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLW MEDIA LLC, | CASE NO. 5:22-cv-00179-EJD |
| Plaintiff, | **PLAINTIFF'S MOTION TO SHORTEN TIME FOR THE INITIAL CASE MANAGEMENT CONFERENCE** |
| v. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | Pursuant to Local Rules 6-1, 6-3, and 7-1(a)(2) |
| Defendant. | Action Filed: January 11, 2022 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT pursuant to the Northern District of California's Civil Local Rules 6-1, 6-3, and 7-1(a)(2), and this Court's ECF guidance, and upon the attached points and authorities and the accompanying Declaration of Jason S. Takenouchi ("Takenouchi Decl."), Plaintiff MLW Media LLC ("MLW") hereby moves to shorten the time for the Initial Case Management Conference to September 29, 2022.

**MOTION**

This action arises from Defendant World Wrestling Entertainment, Inc.'s ("WWE") egregious misconduct to destroy its competitor MLW's business by pressuring platforms to sever their relationships with MLW so that MLW could not air its new wrestling programs on those platforms and by locking up critical inputs, such as wrestlers and venues.  MLW has brought claims against WWE for violation of Section 2 of the Sherman Act, intentional interference with contractual relations and other related claims.

MLW initiated this suit on January 11, 2022 (ECF No. 1) seeking damages as well as injunctive relief from WWE's anticompetitive practices.  On January 12, 2022, the Court entered an Order Setting Initial Case Management Conference and ADR Deadlines (ECF No. 6), setting the Initial Case Management Conference for April 12, 2022.  In a January 28, 2022 text-only docket entry, the Court reset the Initial Case Management Conference for April 21, 2022.  (ECF No. 13).  Defendant filed a Motion to Dismiss on March 15, 2022 (ECF No. 19), and the parties completed briefing on May 16, 2022, pursuant to the So-Ordered briefing schedule (ECF No. 22).  On March 24, 2022, the Court entered a minute order continuing the Initial Case Management Conference to October 27, 2022.  (ECF No. 32).

Rule 26(d) of the Federal Rules of Civil Procedure ("Federal Rules") states:  "A party may

not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure . . . ." Rule 26(f) provides that, except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties "must confer *as soon as practicable*" after the case is filed, "and in any event *at least* 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added).

MLW has, in compliance with Rule 26(f), requested a conference as soon as practicable, but WWE has refused to agree to any conference before the Court's September 29 hearing on WWE's motion to dismiss. (*See* Takenouchi Decl. ¶¶ 18–26). WWE cites its pending motion to dismiss to justify shirking its Rule 26(f) responsibilities, but "the Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Further, WWE's meritless motion to dismiss is not dispositive because, among other things, it fails to address MLW's attempted monopolization claim and raises numerous issues of fact that cannot be decided at the pleading stage. *See* Plaintiff MLW's Opposition to Defendant WWE's Motion to Dismiss (ECF No. 33) ("Opp."). Thus, WWE's unilateral suspension of discovery undermines judicial efficiency and unnecessarily delays this litigation. WWE's unilateral and unsupported refusal to participate in a Rule 26(f) conference before September 29 has imposed a *de facto* stay of discovery.

On May 11, 2022, MLW informed WWE that it would seek to compel WWE's compliance with Rule 26(f). (*See* Takenouchi Decl. ¶ 20). However, MLW could not secure a hearing date in advance of the deadline for the Rule 26(f) conference and the Court suggested that the parties consider whether they could stipulate to holding the Initial Case Management Conference on

September 29, 2022 – the same date scheduled for the hearing on WWE's motion to dismiss. (*See* Takenouchi Decl. ¶ 24). On May 24, 2022, MLW's counsel asked whether WWE would agree to holding the Initial Case Management Conference on September 29, 2022, but WWE refused. (*See* Takenouchi Decl. ¶¶ 25–26).

MLW respectfully requests that the Court reset the Initial Case Management Conference for September 29, 2022 at 11 a.m. or as soon as possible thereafter so that the parties may conduct the Rule 26(f) conference and begin discovery. MLW will suffer substantial harm and prejudice without the Court's intervention because, under WWE's interpretation of the Federal Rules, the Rule 26(f) conference would not be required to be held until October 6, 2022, more than four months after the motion to dismiss has been fully briefed. (*See* Takenouchi Decl. ¶ 5). During this time, the parties will be foreclosed from conducting discovery.

However, "courts generally disfavor delaying discovery until after a dispositive motion is resolved." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1-2 (E.D. Cal. July 15, 2019). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Moving the Initial Case Management Conference from October 27, 2022 to September 29, 2022 – the same date that the Court is set to hear oral argument on WWE's motion to dismiss – would promote judicial efficiency and enable the parties to proceed with discovery more expeditiously. *See* Fed. R. Civ. P. 1 (providing that the Federal Rules must be employed to "secure the just, speedy, and inexpensive determination of every action and proceeding."). Indeed, it is well-established that a district court has the inherent power "to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Courts may also order parties to proceed with discovery while dispositive motions are pending.  *See*, *e.g.*, *Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC*, No. 20-CV-00574-BLF, 2020 WL 8991731, at *1-2 (N.D. Cal. May 1, 2020) (denying motion to continue initial case management conference while motion to compel arbitration was pending).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully seeks an order resetting the Initial Case Management Conference for September 29, 2022 at 11 a.m. or as soon as possible thereafter.

Dated: June 24, 2022          Respectfully submitted,

*/s/ Jason S. Takenouchi*
Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*