Daniel W. Fox (SBN 268757)
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94103
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
daniel.fox@klgates.com

Jerry S. McDevitt
K&L GATES LLP
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com

Christopher S. Finnerty
Morgan T. Nickerson
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3123
christopher.finnerty@klgates.com

Derek W. Kelley
K&L GATES LLP
K&L Gates LLP
1601 K St. NW #1
Washington, D.C. 20006
Telephone: (202) 778-9467
derek.kelley@klgates.com

*Counsel for Defendant*
World Wrestling Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MLW MEDIA LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>          Defendant. | **Case No. 5:22-cv-00179-EJD**<br><br>**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME FOR THE INITIAL CASE MANAGEMENT CONFERENCE** |

## **PRELIMINARY STATEMENT**

MLW is desperate to impose upon WWE the costly burdens of antitrust discovery before this Court has the opportunity to hear oral argument on WWE's Motion to Dismiss.[1] After WWE filed its motion and reserved a hearing date for September 29, 2022, this Court rescheduled the Initial Case Management Conference ("CMC") from April 21, 2022 to October 27, 2022. Under the Court's current schedule, the parties must conduct a Rule 26(f) conference on or before October 6, 2022. MLW now seeks to upend the Court's prior schedule simply so that it can serve premature and costly discovery requests. The Court should deny MLW's attempt to manipulate the schedule for four reasons.

First, MLW has improperly filed its motion. MLW originally planned to file a motion to compel a Rule 26(f) conference. Upon learning from Courtroom Deputy Robinson that its motion could not be heard by this Court until November 2022, MLW chose to instead improperly file a Motion to Shorten Time for the Initial Case Management Conference under Local Rule 6 in order to avoid the requirement to reserve a hearing date. Even that was not properly done. To the extent that MLW's actual concern was the CMC date, it should have filed its motion under Local Rules 16-2(d) and 7. MLW should not benefit from intentionally subverting this Court's rules in its attempt to have its motion decided sooner.

Second, WWE has in no way sought to improperly avoid a Rule 26(f) conference. The Rule itself and relevant case law are clear that a Rule 26(f) conference need not be held until October 6, 2022, which WWE is willing to do.

Third, the balance of harms favors denying MLW's motion. MLW has not articulated a single, actual harm that it will suffer unless the Court moves the CMC date to September 29, 2022. The only potential harm to MLW is that discovery will commence a month later than currently scheduled. Such a "harm" is entirely illusory, especially given MLW's failure to expeditiously seek

---

[1] MLW claims that WWE's Motion to Dismiss is not dispositive because it raises questions of fact and did not address MLW's attempted monopolization claim. This is false. See Reply, Doc. No. 36, at 1 n.1.

a Rule 26(f) conference or to move the CMC. If the CMC is moved, however, WWE will be forced to propose a discovery plan and respond to discovery requests for claims that, after oral argument on the Motion to Dismiss, may appear to both parties unlikely to survive. In addition, WWE will be forced to divert time best spent preparing to argue its Motion to Dismiss instead responding to discovery requests and preparing for the CMC.

Finally, judicial economy favors maintaining the current CMC date. Holding the CMC after the Court has the opportunity to hear argument on WWE's Motion to Dismiss will better allow it to understand the issues present in this case and to develop a constructive roadmap for discovery that reflects the viability (or, in this case, non-viability) or MLW's claims. For example, discovery may not be needed at all should the Court agree with WWE's argument that the Court lacks subject matter jurisdiction (See Motion to Dismiss, Doc. No. 19, at 16).

For these reasons, discussed more fully below, WWE respectfully requests that the Court deny MLW's Motion.

### I.   MLW Improperly Filed This Motion

MLW improperly filed this motion as a Motion to Shorten Time for the Initial Case Management Conference. The caption makes no sense, and for good reason. Local Rules 6-1 and 6-3 allow parties "to extend the time within which" to answer a complaint or make a scheduled filing with the Court. This motion, however, does not concern enlarging or shortening MLW's time to respond to the complaint or any scheduled filing. At best, this is a motion to modify the order setting the initial case management conference and, thus, should have been brought pursuant to Local Rules 16-2(d) and 7. MLW's failure to properly file the motion is not trivial. While a motion filed under Local Rule 16-2 requires the movant to reserve a hearing date and provides the non-movant fourteen days to respond, a motion under Local Rule 6-2 does not require a hearing date and provides the non-movant only four days to respond. When MLW's delay in reserving a hearing date for a motion to compel a Rule 26(f) conference prevented them from obtaining a hearing date as early as it would like, MLW filed this motion on a Friday night under the wrong Local Rule solely to circumvent the Court's rules.

MLW is well aware that it filed this motion under the wrong rule. When WWE offered a

Rule 26(f) conference on October 6, as this Court's schedule requires, MLW threatened to file a motion to compel an earlier conference. MLW abandoned that threat when it learned that it could not obtain a hearing date until November or December 2022, (thus rendering its motion moot). (Email from C. Montenegro to C. Finnerty, May 24, 2022 at 7:29 PM) (Exhibit A). MLW then filed this motion over a month later without notice as a means to coopt Local Rule 6 into a veiled motion to compel a Rule 26(f) conference. As Local Rule 6 does not provide a basis to reschedule the CMC or compel a Rule 26(f) conference, the Court cannot grant the relief requested and should deny the motion for this reason alone.

## II.     Rule 26(f) Does Not Require a Conference before October 6, 2022

This Court scheduled the CMC for October 27, 2022. The Federal Rules require the parties to engage in a Rule 26(f) conference "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held . . . ." Fed. R. Civ. P. 26(f). WWE offered to participate in a Rule 26(f) conference on October 6, 2022, 21 days before the scheduled CMC.

Contrary to MLW's unsupported contention, Rule 26(f) does not require WWE to participate in a conference more than 21 days before the scheduled CMC. *See, e.g., Johnson v. United Cont'l Holdings, Inc.*, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the [ ] conference should be conducted on an earlier date" than 21 days before the scheduling conference); *Zavala v. Kruse-W., Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (holding that 26(f) conference must be held after the Court's ruling on the defendant's motion to dismiss, but in any event no later than 21 days before the scheduling conference) (citing additional cases). MLW's attack on WWE's offer to hold a Rule 26(f) conference on October 6 is utterly vacuous and amounts to little more than complaining about the Federal Rules themselves.

## III.    The Balance of Harms Favor Denying MLW's Motion

### A.     The Current CMC Date Does Not Cause MLW Any Actual Harm

MLW's claim that the current CMC date will cause "substantial harm and prejudice" is illusory and refuted both by common sense and MLW's own delay. MLW's proposed rescheduling of the CMC to September 29, 2022 will move the Rule 26(f) conference and the commencement

of discovery only a single month earlier, from October 6 to September 8, 2022. MLW fails to explain how it will suffer any harm if it cannot begin discovery a month sooner than currently scheduled. Indeed, had MLW been suffering such "substantial harm and prejudice," why, after this Court rescheduled the CMC on March 24, 2022 (Doc. No. 32), did MLW sit on its hands for three months before filing this motion? The answer is clear. It is because the current CMC date causes no actual harm.

### B. Moving the CMC Date Will Harm WWE

Unlike MLW, WWE would suffer actual, tangible harm from moving the CMC date. First, although "the general subject matter of the case[] is known, the pleadings and scope of the specific claims are not yet settled . . . ." *Jones v. Micron Tech. Inc.*, 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019). After the Court hears oral argument on the Motion to Dismiss, both parties will have a better sense of whether discovery will be necessary and which claims (if any) might survive. Furthermore, WWE has respectfully contested this Court's personal jurisdiction, and if the Court dismisses MLW's monopolization claim, the Court will not retain subject matter jurisdiction over the remaining claims. (Motion to Dismiss, Doc. No. 19, at 16, 22). Premature discovery would result in substantial expenses that may ultimately be utterly wasted if the Court dismisses this case for lack of jurisdiction. Moving the CMC risks imposing the heavy burden and cost of responding to "discovery on claims that may not survive . . . ." *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (denying motion to compel Rule 26(f) conference).[2]

Second, WWE's attorneys will need to dedicate significant time preparing for oral argument. Moving the CMC to the same day allows MLW to distract WWE with premature

---

[2] MLW argues that a motion to stay discovery is not automatically granted when a motion to dismiss is filed. Br. at 4. *But see Mujica v. Airscan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (a plaintiff must "satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."). However, discovery here has not been "stayed." Instead, WWE is merely following the schedule set by this Court and the Federal Rules of Civil Procedure.

discovery and force WWE to divert resources away from the argument and to the CMC. The current schedule, by contrast, ensures that all parties have adequate time to prepare to argue the Motion to Dismiss before then turning to the separate issues of discovery and the CMC when the scope of the remaining claims is better understood by both parties.

### IV.   Judicial Economy Favors Maintaining the Current Schedule

MLW presupposes on the Court's behalf that scheduling the CMC for the same day as oral argument on WWE's Motion to Dismiss is in the interest of judicial economy. MLW ignores that this Court rescheduled the CMC from April 21, 2022 to October 27, 2022 after WWE had already reserved September 29, 2022 as the hearing date for the Motion to Dismiss. Had the Court wished, it could have rescheduled the CMC to September 29, 2022.

Holding the CMC after the Court has had time to consider WWE's Motion to Dismiss clearly benefits judicial economy. The CMC will establish the roadmap and schedule for this litigation going forward. The Court will be in a much better position to set deadlines once it has a sense of whether it has jurisdiction over the claims asserted and which claims, if any, will survive. There is, moreover, no need for the Court to potentially waste its own resources establishing a discovery plan for claims over which it may conclude that it has no jurisdiction.

### **CONCLUSION**

WWE ultimately does not know whether the Court set the CMC after oral argument because it wanted the opportunity to consider the Motion to Dismiss, or because October 27 was simply a more convenient date. Regardless, MLW has articulated no justification for moving the CMC date and triggering discovery before oral argument on the Motion to Dismiss. WWE defers to the Court's initial judgment on scheduling and respectfully asks that it deny this motion.

Dated: June 28, 2022

K&L GATES LLP

By: <u>*Christopher S. Finnerty*</u>

Daniel W. Fox (SBN 268757)
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94103
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
daniel.fox@klgates.com

Jerry S. McDevitt
K&L GATES LLP
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com

Christopher S. Finnerty
Morgan T. Nickerson
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3123
christopher.finnerty@klgates.com
morgan.nickerson@klgate.com

Derek W. Kelley
K&L GATES LLP
K&L Gates LLP
1601 K St. NW #1
Washington, D.C. 20006
Telephone: (202) 778-9467
derek.kelley@klgates.com

*Counsel for Defendant*
World Wrestling Entertainment, Inc.