*Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MLW MEDIA LLC, | Case No. 5:22-cv-00179-EJD |
| Plaintiff, | **NOTICE OF JOINT RULE 26(f) REPORT** |
| v. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | Hearing Date: December 15, 2022<br>Time: 10:00 AM<br>Place: Courtroom 4 |
| Defendant. | Judge: Hon. Edward J. Davila |

Plaintiff MLW Media, LLC ("MLW") and Defendant World Wrestling Entertainment, Inc. ("WWE" and together with MLW, the "Parties"), by and through their counsel of record, hereby jointly submit this Joint Case Management Conference Statement pursuant to the Scheduling Order for All Judges of the Northern District of California dated November 1, 2018, and Civil Local Rule 16-9 and request the Court to adopt the following as its Case Management Order in this case.

**1.      Jurisdiction and Service**

This civil action asserts claims for Intentional Interference with Contractual Relations under California law; Intentional Interference with Prospective Economic Advantage under California law; Monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2; and Unfair Competition under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

1    Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337 and Sections 4 and 16 of the Clayton Antitrust Act, 15 U.S.C. §§ 15, 26, and that it has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California state law claims. Plaintiff asserts that venue is proper in this District pursuant to Sections 4, 12, and 16 of the Clayton Antitrust Act, 15 U.S.C. §§ 15, 22, 26, and 28 U.S.C. § 1391(b)(2), inasmuch as WWE transacts business and has an agent in this District, and it is the District where a substantial part of the events or omissions giving rise to the claims occurred. Plaintiff asserts that Defendant has not challenged venue.

Defendant asserts that, under current Ninth Circuit precedent, this Court has original and supplemental jurisdiction over the asserted claims. However, Defendant contends that recent Supreme Court precedent calls into question Congress' power to confer general jurisdiction over a corporation not incorporated in the forum state absent sufficient conduct occurring in the state. Defendant contends that a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in the forum state. Thus, Defendant has argued that the Court lacks original jurisdiction over the federal antitrust claim and, accordingly, lacks supplemental jurisdiction over the California state law claims. See ECF 19. Moreover, assuming Plaintiff can set forth a viable complaint, Defendant intends to challenge venue in its answer to the same. See Fed. R. Civ. P. 12(h)(1)(B)(ii).

Defendant waived service, and no parties remain to be served.

**2.  Factual Summary of the Case**

A.  *Plaintiff's Statement:*

The Complaint alleges that WWE undertook efforts to destroy its competitor MLW's business as part of WWE's scheme to monopolize or attempt to monopolize the U.S. market for the sale of broadcasting rights for professional wrestling programs. As alleged in the complaint, WWE's misconduct has included, among other things, poaching talent, locking up critical inputs (i.e., wrestlers and venues) for wrestling programs and preventing downstream distributors (i.e., broadcast platforms) from airing its competitors' programming. WWE – which touts itself as being

a "*blend of sports and entertainment*" – maintains an 85% market share of the relevant market. As part of WWE's years-long scheme, WWE pressured one broadcast platform –California-based Tubi – into severing its relationship with MLW, and pressured another platform into cutting off negotiations for the airing of new MLW programming. The Complaint also alleges that, as a result of WWE's misconduct, MLW has suffered and will suffer monetary damages and irreparable harm, resulting from, among other things, continued loss of brand recognition and valuable talent, posing a serious risk that its business will be destroyed

B.  *Defendant's Statement:*

WWE is an integrated media organization consisting of a portfolio of businesses that create and deliver original content 52 weeks a year to a global audience. MLW styles itself as an "innovative startup" in the professional wrestling world with "cutting-edge storylines."

While MLW's allegations in its complaint do not mirror those in "Plaintiff's statement" above, the parties agree that WWE and MLW are not remotely the only producers of scripted professional wrestling programming in the United States. In 2019, Tony Khan, backed by his family's billion dollar fortune, launched All Elite Wrestling ("AEW") and quickly secured a contract to sell broadcast rights for its professional wrestling program, "Dynamite," to WarnerMedia for, according to MLW, $43.8 million annually. Since then, AEW began selling a second show to WarnerMedia, "Rampage." In that same time, Impact Wrestling ("Impact") secured a contract to air on the cable channel AXS. In addition, dozens of smaller professional wrestling promotions (referred to as "independents") produce live professional wrestling events and professional wrestling programs that they distribute online or through other TV channels or streaming apps, and well-funded professional wrestling promotions based in Mexico and Japan similarly produce live events and programming that target US audiences.

Despite some potential opportunities with the cable channel VICE TV ("VICE") and streaming service Tubi, MLW has yet to sell broadcast rights for its wrestling program. Hundreds if not thousands of other potential buyers of broadcast rights exist, but MLW does not allege that it attempted to sell its content to any of them. MLW could start its own streaming service and reach

consumers directly—as it acknowledges that WWE and Impact have done—but it does not allege to have tried that, either. However, demonstrating that MLW has unfettered ability to distribute its product, MLW recently entered into an agreement with Pro Wrestling TV to air its product.

Accordingly, MLW's claims that WWE prevented it from selling its broadcast rights is not only legally untenable and frivolous, but is belied by the reality of its recent deal with Pro Wrestling TV.

**3.     Principal Legal Issues**

    A.     *Plaintiff's Position:*

Plaintiff filed the complaint on January 11, 2022 and WWE moved to dismiss on March 15, 2022.  WWE's meritless motion to dismiss raises substantial factual issues that require discovery and cannot be decided at the pleading stage.  The current disputes of law are set forth in the Parties' respective briefings on WWE's motion to dismiss, but MLW has sufficiently stated a claim for relief.

MLW has sufficiently pleaded a violation of Section 2 of the Sherman Act because it sufficiently alleges, among other allegations, that the defendant (1) possessed monopoly power in the relevant market and (2) willfully acquired or maintained that power.  (Compl. ¶¶ 1-4, 10, 17-28, 33-47, 52, 57-58, 62-65, 68, 71-73, 79-80.)  MLW has pleaded intentional interference with contractual relations because it sufficiently alleges that it lost its Tubi contract as a result of Stephanie McMahon of WWE pressuring Tubi and Fox executives "to deny MLW a time slot that would compete head-to-head with WWE's NXT programs" and "to terminate the agreement [with MLW] in its entirety."  (*Id*. ¶ 45.)

MLW has also sufficiently alleged that WWE intentionally interfered with prospective economic relations by threatening VICE to abandon its negotiations with MLW to air new MLW content.  (*Id*. ¶ 6.)  MLW has also properly pleaded its UCL claim because the Complaint alleges underlying "unfair" or "unlawful" conduct by WWE, including torts under California law and antitrust violations under federal law.  (*Id*. ¶¶ 1-8, 17-28, 33-37, 44-47, 57-58, 62-64, 68-70.) MLW has statutory and Article III standing because it alleges that WWE's conduct was directed at

harming MLW's relationship with Tubi, a California resident, and MLW seeks to enjoin WWE from continuing to undermine MLW's business.

      B.    *Defendant's Position:*

Defendant filed a Motion to Dismiss the Complaint on March 15, 2022. Defendant believes that the principle legal issues for each claim are as follows, all of which are discussed further and with legal support in the Motion to Dismiss:

        i.    **Monopolization under Sherman Act § 2**

        1.    Whether MLW alleged a plausible relevant product market. Whether MLW alleged that WWE possesses monopoly power.

        2.    Whether MLW alleged anticompetitive conduct.

        3.    Whether MLW has antitrust injury.

        ii.    **Intentional Interference with Contractual Relations**

        1.    Whether MLW alleged sufficient facts to plead intentional interference.

        iii.    **Intentional Interference with Prospective Economic Advantage**

        1.    Whether WWE had knowledge of an economic relationship between MLW and VICE.

        2.    Whether there was actual disruption of the relationship.

        3.    Whether WWE was the proximate cause for VICE terminating negotiations with MLW. Whether WWE's underlying conduct was independently wrongful.

        iv.    **Violation of California's Unfair Competition Law**

        1.    Whether WWE engaged in "unfair" conduct.

        2.    Whether MLW has Article III standing to assert a UCL claim.

        3.    Whether MLW has statutory standing to assert a UCL claim.

        v.    **Jurisdiction**

        1.    Whether the Clayton Act confers general jurisdiction over a corporation not incorporated in California.

**4. Pending and Anticipated Motions**

Defendant's Motion to Dismiss the Complaint is fully briefed but not yet ruled upon.  The parties may file additional motions pending the Court's ruling on the Motion to Dismiss.

**5. Amendment of Pleadings**

The Parties have no plans to amend their pleadings at this time.

**6. Evidence Preservation**

The parties certify that they have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The parties anticipate full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.  If any issues or disputes regarding such compliance arise, the parties will meet and confer before (if necessary) bringing a motion.

**8. Discovery**

The Parties disagree as to whether discovery is presently open.  The parties have met and conferred regarding the scope of, and proposed limitations on, anticipated discovery in this action, but have not been able to reach full agreement.  The parties have not yet produced any discovery.

  A. Discovery Schedule (Fed. R. Civ. P. 26(f)(3)(A)-(B))

The Parties do not agree on a proposed discovery schedule for this case.  The Parties' competing proposals are set forth in Section 17 below.  The Parties do not propose any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).  Plaintiff anticipates taking discovery with respect to its claims, including, among other information: (1) the relevant antitrust market; (2) documents related to VICE, Tubi and FITE; (3) WWE's employment agreements, event venue agreements and distribution agreements; (4) WWE's poaching of talent from MLW, AEW and other competitors; (5) WWE's interference with booking arenas; (6) the

impact of WWE's conduct on entry into the market for broadcasting of professional wrestling programming and related consumer harm; (7) documents related to Jerry S. McDevitt's appearance in the Dark Side of the Ring program; and (8) damages. Defendant anticipates taking discovery with respect to its defenses in the case, including but not limited to, Plaintiff's attempts to obtain broadcasting rights from the hundreds if not thousands of other potential buyers, Plaintiff's efforts to start its own streaming service (which it acknowledges that WWE and Impact have started), and Plaintiff's recent successes in obtaining broadcast agreement(s), such as its agreement with Pro Wrestling TV, which demonstrate the frivolous nature of its antitrust claims. The Parties are not proposing to conduct discovery in phases or to limit discovery to particular issues.

      B.      <u>Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))</u>

The Parties are currently negotiating the terms of a Proposed Order and Stipulated Protocol for Conducting Electronic Discovery and will produce electronically stored information in the format specified in the same. The Parties are negotiating a number of issues concerning the disclosure of electronically stored information in this case, including, but not limited to: the scope of custodial and non-custodial data sources, limits on the number of custodians, the information to be included in privilege logs, and what categories of documents may be excluded from privilege logs. Plaintiff has been unable to finalize the Protocol for Conducting Electronic Discovery.

      C.      <u>Privilege (Fed. R. Civ. P. 26(f)(3)(D))</u>

The Parties will address relevant and responsive information that is subject to a claim of privilege, as set forth in the Proposed Order and Stipulated Protocol for Conducting Electronic Discovery (which is currently being negotiated). The Parties are negotiating a number of issues concerning information that is subject to a claim of privilege, including, but not limited to, the information to be included in privilege logs and what categories of documents may be excluded from privilege logs.

|   |   |   |
|---|---|---|
| 1 | D. | <u>Changes in Discovery Limitations (Fed. R. Civ. P. 26(f)(3)(E))</u> |
| 2 |   | i.   *Plaintiff's Position:* |

The Plaintiff proposes that each side may take up to 150 hours of record time of fact witnesses. The Plaintiff does not propose any additional changes in discovery limitations.

ii.   *Defendant's Position:*

The Defendant proposes 12 individual depositions of fact witnesses for each party. The Defendant also proposes a limit of thirty-five (35) individual document requests and thirty-five (35) individual requests for admission pursuant to Fed. R. Civ. P. 34 and 36 respectively. The Defendant is not proposing any additional changes in discovery limitations.

E.   <u>Other Planning or Discovery Orders (Fed. R. Civ. P. 26(f)(3)(F))</u>

The Parties are preparing a Proposed Stipulated Protective Order that draws upon the Model Protective Order for Litigation involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets for submission to the Court. The Parties are negotiating a number of issues concerning the Proposed Stipulated Protective Order, including, but not limited to: what qualifies as Confidential or Attorney's Eyes Only material; whether deposition transcripts that remain undesignated after 21 days are entitled to retain an Attorney's Eyes Only Designation; whether copies of the Agreement to be Bound by the Protective Order must be exchanged with opposing counsel; the individuals to whom Confidential or Attorney's Eyes Only material may be disclosed; the party who bears the burden of challenging or retaining a confidentiality designation; and whether MLW's in-counsel must waive marital privilege to view documents relevant to this litigation. Plaintiff has been unable to finalize the Protective Order.

**9.   Class Action**

This is not a class action.

**10.   Related Cases**

There are no cases related to this case.

1. **11. Relief**

    A.  *Plaintiff's Statement:*

    The Complaint asserts causes of action for intentional interference with contractual relations, intentional interference with prospective economic advantage, violation of Section 2 of the Sherman Antitrust Act, and violations of Section 17200 of California's Business and Professions Code (the Unfair Competition Law or "UCL") and California common law and demands damages in an amount to be calculated at trial. Plaintiff also seeks injunctive relief, costs and expenses, interest and any other relief as the Court deems just and proper.

    B.  *Defendant's Statement:*

    Defendant maintains that Plaintiff is entitled to no relief. Defendant reserves it right to seek its costs and fees for defense of this action.

2. **12. Settlement and ADR**

    Consistent with ADR Local Rule 3-5, the Parties discussed available ADR processes during their conference on October 6, 2022. The Plaintiff signed, served, and filed its ADR Certification on October 6, 2022 (i.e., at least 21 days prior to the case management conference) and Defendant signed, served, and filed its ADR Certification on December 2.

    A.  *Plaintiff's Statement:*

    The Plaintiff states that discovery will be necessary for meaningful settlement discussions and ADR, and it plans to conduct written discovery and depositions prior to proceeding with mediation.

    B.  *Defendant's Statement:*

    The Defendant states that, should the Plaintiff be able to set forth a viable complaint, discovery will be necessary for meaningful settlement discussions and ADR, and it plans to conduct written discovery and depositions prior to proceeding with mediation.

3. **13. Consent to Magistrate**

    The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties will attempt to narrow issues by agreement and/or motion after discovery has progressed. The parties will also seek to stipulate to facts not reasonably in dispute.

16. **Expedited Trial Procedure**

The parties agree that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling**

The parties' proposed schedule is attached hereto as Exhibit A.

18. **Trial**

MLW has demanded a jury trial. WWE will set forth its jury claim when, and if, it files an answer to MLW's complaint. The parties have met and conferred regarding the expected length of trial and believe that a trial of between three to four weeks would likely be required.

19. **Disclosure of Non-Party Interested Entities or Persons**

The parties have filed Certificates of Interested Entities or Persons in accordance with Civil Local Rule 3-15.

20. **Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

None at this time.

Dated: December 5, 2022

| | |
|---|---|
| KASOWITZ BENSON TORRES LLP | K&L GATES LLP |
| By:  /s/ Jason S. Takenouchi | By:  /s/ Christopher S. Finnerty |
| Jason S. Takenouchi (CBN 234835)<br>Kasowitz Benson Torres LLP<br>101 California Street, Suite 3000<br>San Francisco, California 94111<br>Telephone: (415) 421-6140<br>Fax: (415) 398-5030<br>JTakenouchi@kasowitz.com<br><br>Marc E. Kasowitz (*pro hac vice*)<br>Christine A. Montenegro (*pro hac vice*)<br>Nicholas A. Rendino (*pro hac vice*)<br>Kasowitz Benson Torres LLP<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Fax: (212) 506-1800<br>mkasowitz@kasowitz.com<br>cmontenegro@kasowitz.com<br>nrendino@kasowitz.com<br><br>*Counsel for Plaintiff*<br>MLW Media LLC | Daniel W. Fox (SBN 268757)<br>K&L GATES LLP<br>Four Embarcadero Center<br>Suite 1200<br>San Francisco, CA  94103<br>Telephone: (415) 882-8200<br>Facsimile:  (415) 882-8220<br>daniel.fox@klgates.com<br><br>Jerry S. McDevitt<br>K&L GATES LLP<br>210 Sixth Ave.<br>Pittsburgh, PA 15222<br>Telephone:  (412) 355-8608<br>jerry.mcdevitt@klgates.com<br><br>Christopher S. Finnerty<br>Morgan T. Nickerson<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Telephone:  (617) 261-3123<br>christopher.finnerty@klgates.com<br><br>Derek W. Kelley<br>K&L GATES LLP<br>1601 K St. NW #1<br>Washington, D.C. 20006<br>Telephone: (202) 778-9467<br>derek.kelley@klgates.com<br><br>*Counsel for Defendant*<br>World Wrestling Entertainment, Inc. |

# FILING CONSENT CERTIFICATION

Pursuant to Civil Local Rule 5.1(h) of the United States District Court for the Northern District of California, I hereby certify that counsel for Defendant consented to the above filing and application of a typed /s/ signature in his signature block.

Dated:  December 5, 2022

By:  */s/ Jason S. Takenouchi*
Jason S. Takenouchi

# JOINT RULE 26(f) REPORT – EXHIBIT A

| Event | WWE's Proposed Date | MLW's Proposed Date | Agreed Upon Date |
|---|---|---|---|
| Deadline to Serve Initial Disclosures | | | December 8, 2022 |
| Open Discovery | 2 weeks after the Court's ruling on pending motion to dismiss. | No change to federal rules – discovery is already open | |
| Deadline to Complete Fact Discovery | | | September 29, 2023 |
| Deadline to Disclose Expert Witnesses and to Exchange Expert Reports | | | 28 days after the close of fact discovery |
| Deadline to Disclose Rebuttal Expert Witnesses and to Exchange Expert Witness Reports | | | 28 days after Initial Expert Reports |
| Deadline to Disclose Reply Expert Witness Reports | | | 28 days after Rebuttal Expert Reports |
| Deadline to Complete All Expert Discovery | | | 28 days after Reply Expert Reports |
| Deadline to File Dispositive Motions | | | 14 days after close of expert discovery |
| Opposition to Dispositive Motions | | | 28 days after motion for summary judgment |
| Reply in Support of Dispositive Motions | | | 14 days after opposition to motion for summary judgment |
| Deadline for Filing Pretrial Motions | | | At the Court's convenience |
| Deadline for Filing Opposition to Pretrial Motions | | | At the Court's convenience |
| Pretrial Conference | At the Court's convenience | 14 days before trial | |
| Trial | | | At the Court's convenience |