1  Daniel W. Fox (SBN 268757)
   daniel.fox@klgates.com
2  Jerry S. McDevitt (*pro hac vice*)
   jerry.mcdevitt@klgates.com
3  Christopher S. Finnerty (*pro hac vice*)
   christopher.finnerty@klgates.com
4  Morgan T. Nickerson (*pro hac vice*)
   morgan.nickerson@klgates.com
5  Derek W. Kelley (*pro hac vice*)
   derek.kelley@klgates.com
6  K&L GATES LLP
   Four Embarcadero Center
7  Suite 1200
   San Francisco, CA  94103
8  Telephone: (415) 882-8200
   Facsimile:  (415) 882-8220
9

10

11 *Counsel for Defendant*
   World Wrestling Entertainment, Inc.

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                         SAN JOSE DIVISION

15 MLW MEDIA LLC,                          Case No. 5:22-cv-00179-EJD

16              Plaintiff,                 **DEFENDANT WORLD WRESTLING
                                           ENTERTAINMENT, INC.'S NOTICE
17       v.                                OF MOTION AND MOTION FOR
                                           PROTECTIVE ORDER AND
18 WORLD WRESTLING ENTERTAINMENT,          AUTHORITIES IN SUPPORT**
   INC.,
19                                         Hearing Date: May 11, 2023
              Defendant.                   Time: 9:00 AM
20                                         Courtroom: Courtroom 4
                                           Judge: Hon. Edward J. Davila
21

22

23      **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

24      **PLEASE TAKE NOTICE** that on May 11, 2023, or as soon thereafter as this matter may

25 be heard, either in Courtroom 4 of this Court, located at 280 South 1st Street, San Jose, California

26 95113, or by videoconference or teleconference (if the Court prefers), Defendant World Wrestling

27 Entertainment, Inc. ("WWE") will and hereby does move the Court for an order granting its Motion

28 for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1).  Specifically, WWE respectfully asks the

Court suspend WWE's obligation to search for and produce materials responsive to MLW's First Set of Requests for Production until it decides WWE's pending Motion to Dismiss.  As the Court recently recognized in *Arcell v. Google*, 2022 WL 16557600 (Oct. 31, 2022), a protective order prohibiting discovery is warranted when a pending motion to dismiss would resolve the litigation and no further discovery is required to decide that motion. Such is the case here. In addition, the following facts provide further good cause for prohibiting this discovery:

First, this case is an antitrust dispute.  As this Court recently said in *Arcell*, antitrust discovery is "broad, time consuming and expensive," and it "especially makes sense" to delay discovery in antitrust cases in order to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* at *1 (internal citations omitted). A delay is particularly appropriate here, where Plaintiff served 47 Requests for Production and, based on a meet and confer, will seek *initial* discovery from *sixteen* custodians purportedly associated with WWE, only five of which are even named in Plaintiff's Complaint. As discussed in WWE's motion, this expansive fishing expedition would likely subject WWE to millions of dollars in discovery costs before the Motion to Dismiss is adjudicated.

Second, delaying discovery is even more appropriate here than in *Arcell* because WWE's Motion to Dismiss raises threshold jurisdictional issues. There is doubt whether this Court has personal jurisdiction under recent Supreme Court precedent. Even if it does, it has subject matter jurisdiction over only the federal antitrust claim. Because the parties are not diverse, the Court would not have jurisdiction over the remaining three state law claims if it disposes with the antitrust claim. Moreover, if the state tort claims proceed beyond the Motion to Dismiss, the scope of discovery for them would be far narrower and less burdensome than antitrust discovery. Thus, proceeding with discovery now risks imposing duplicative and over burdensome costs on WWE.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities; any reply memorandum; the pleadings and files in this action; and such other matters as may be presented at or before a hearing ordered by this Court.

314400134.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATION OF COUNSEL</u>**

I certify that pursuant to Federal Rule of Civil Procedure 26(c)(1), on January 4, 2023, counsel for WWE in good faith conferred with counsel for Plaintiff in an unsuccessful effort to resolve the dispute without court action.

314400134.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF THE ISSUES TO BE DECIDED

1.     Whether, in light of WWE's dispositive Motion to Dismiss and the burden and expense of responding to MLW's document requests, there is good cause to stay the collection, review, and production of documents while Defendants' Motion to Dismiss is pending.

### II.   INTRODUCTION

Defendant World Wrestling Entertainment, Inc. ("WWE") hereby respectfully submits this Motion for Protective Order to delay incurring the expense of producing documents pending adjudication of its Motion to Dismiss the Complaint of Plaintiff MLW, which was fully briefed on May 16, 2022.

*First*, WWE should not be forced to incur millions of dollars in discovery expenses in a case that may be dismissed in its entirety. This is an antitrust case, and the exorbitant cost to comply with Plaintiff's expansive discovery requests warrants providing WWE with the opportunity to challenge the legal sufficiency of Plaintiff's Complaint before incurring millions of dollars in expenses.

*Second*, there are serious uncertainties as to the Court's jurisdiction over MLW's claims. Should the Court dispose of MLW's antitrust claims on the motion to dismiss, the Court lacks jurisdiction over MLW's remaining state law claims.  In such a scenario, WWE may be forced to incur duplicative discovery costs if MLW subsequently files claims in state court.  Additionally, if only MLW's state law claims go forward, the scope of permissible discovery would be dramatically reduced saving WWE millions of dollars in discovery costs.

For each of these reasons, explained in more detail herein, WWE respectfully requests a Protective Order delaying its production of documents in response to MLW's document requests until WWE's motion to dismiss has been adjudicated.

### III.   RELEVANT PROCEDURAL BACKGROUND

MLW filed its Complaint (ECF No. 1) on January 11, 2022.  WWE responded with a Motion to Dismiss filed on March 15, 2022 (ECF No. 19), and the Motion was fully briefed as of May 16, 2022 (ECF Nos. 36). The Court took the Motion under advisement without oral argument

on September 20, 2022 (ECF No. 41).  The content of the Complaint and its pleading deficiencies are discussed at length in WWE's Motion to Dismiss and are summarized at a high-level in the argument below.

Despite WWE's pending Motion to Dismiss, MLW seeks to impose broad, costly discovery on WWE. In anticipation of the originally scheduled October CMC, the parties complied with the Court's standing order and engaged in a Rule 26(f) conference on October 6, 2022. Although the Court adjourned the CMC to December 15, 2022, MLW used the Rule 26(f) conference to argue that discovery is open and served its First Set of Requests for Production ("RFPs") on October 17, 2022.[1]

The RFPs total 47 and almost all of them are overbroad, burdensome, and improper requests for information. Indeed, it appears that MLW is utilizing the RFPs to improperly obtain highly sensitive, competitive information far outside the scope of the Complaint's allegations and with no clear connection to MLW at all.[2] (Exhibit 1). By way of just a few examples:

- MLW has not alleged any relevant product market for professional wrestlers and has not alleged a single professional wrestler with which it could not do business because of unlawful conduct by WWE. Nonetheless, it seeks "all documents" related to WWE's "efforts to source, locate or hire professional wrestlers" (RFP 14), all contracts with professional wrestlers that contain any exclusivity provisions (RFP 15), all performance evaluations and disciplinary records for not just every WWE professional wrestler, but for every WWE contractor and employee (RFP 16), and "all documents" concerning the

---

[1] No other discovery has been served by either party as of the date of this filing.

[2] Prior to this Court adjourning the CMC and setting a schedule, WWE agreed to serve objections and responses to MLW's RFPs by December 23, 2022 in return for not moving to stay discovery before serving those objections and responses. *See* Exhibit 2 (emails between N. Rendino and M. Nickerson). WWE has complied with that agreement and served its responses and objections before filing this motion for a Protective Order. *See* Exhibit 3.

314400134.1

termination or resignation of any professional wrestler from January 1, 2020 to present (RFP 17).

- MLW has not identified a single professional wrestler that WWE supposedly "poached" and has not brought a single claim for tortious interference with the contract of any professional wrestler. Nonetheless, it seeks "all documents" related to the "outreach, solicitation or hiring" of multiple professional wrestlers (RFP No. 19-23).

- MLW has not alleged a relevant product market for the booking of venues or explained why a wrestling promotion must book specific venues in order to sell its broadcast rights. Nonetheless, it seeks "all documents relating to WWE's efforts to prevent competitors from booking arenas or venues" (RFP No. 26).

- MLW alleges no facts related to any other legal proceeding. Nonetheless, MLW seeks "all lawsuits, claims, or complaints, *threatened or actual*," made by "*any third party*" relating to tortious interference of any kind *from January 1, 2012* to present (RFP 24) (emphasis added). Similarly, MLW seeks documents from "all lawsuits, claims, or complaints, *threatened or actual*," made by WWE's employees (not just professional wrestlers) in connection with WWE employment or contractor agreements (RFP 25).

In addition to seeking highly sensitive, competitive information outside the scope of its complaint, MLW asserted that it intends to impose on WWE an obligation to collect, search, and produce documents for a minimum of sixteen *initial* custodians. Based on MLW's initial disclosures, one of those "custodians" is the entirety of WWE and one is WWE's *outside counsel in this case*, Jerry McDevitt of K&L Gates, LLP. Of the remaining fourteen proposed custodians, only *four* are even named in the Complaint.

It is clear from MLW's actions that it hopes to force its competitor to spends millions of dollars in responding to discovery (in a case that may be dismissed), all while accessing WWE's most sensitive, competitive information. For these reasons, a protective order should issue.

## IV.   **LEGAL STANDARD**

Fed. R. Civ. P. 1 states that courts should administer cases "to secure the just, speedy, and *inexpensive* determination of every action." (emphasis added). To this end, Fed. R. Civ. P. 26(c)

314400134.1

states, "[t]he court may, for good cause, issue an order to protect a party or person from… undue burden or expense[.]" The Ninth Circuit never expressed a specific standard on a motion for protective order. However, in *Mujica v. Airscan, Inc.*, it made clear that *Twombly* and *Iqbal* affirmatively requires a plaintiff to "satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in original). A court may grant a motion for protective order upon a showing of good cause. *Arcell*, *supra* at *1, Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from… undue burden or expense). In *Arcell*, this Court applied a two-prong test when granting a motion for a protective order: "(1) will the motion dispose of the entire case (or at least the issue at which discovery is aimed)? and (2) can the motion be decided without further discovery?" *Arcell*, *supra* at *1.. *Id.* As shown herein, under either the "good cause" standard of Rule 26(c) or the two-prong standard set forth in *Arcell*, a protective order should enter.

## V.   **ARGUMENT**

### A.   **The Expense in Responding to MLW's Document Requests Provides Good Cause to Grant a Protective Order**

In *Arcell*, this Court ruled that there was "good cause" to delay discovery pending resolution of a motion to dismiss because "it will promote efficiency and avoid undue burden to Defendant[]." *Id.* Indeed, as many courts have recognized, "discovery in antitrust cases tends to be broad, time-consuming and expensive." *Id.* (quoting *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). This Court thus held, "In antitrust cases," allowing a defendant to "challenge the legal sufficiency of complaints without subjecting themselves to discovery . . . makes sense because the costs of discovery in such actions are prohibitive." *Id.* (internal citations omitted).

Like the defendants in *Arcell*, WWE's costs in this matter are not trivial. MLW seeks a *minimum* of 16 WWE custodians from which it *initially* seeks discovery – the vast majority of which have no articulated connection to MLW's Complaint. The cost to collect, review, and produce documents for so many custodians cannot be understated. According to a 2013 report in the CPI Antitrust Chronicle, it costs approximately ***$165,000 per custodian*** ($210,000 per

custodian adjusted for inflation) to collect and review electronic documents in antitrust cases.[3] Adjusted for inflation, it is anticipated that WWE will incur approximately $3 million in initial discovery costs merely from reviewing and collecting documents for MLW's initial 16 proposed custodians. Indeed, based on a cursory review of a few of the requested custodial files, WWE confirms this it would cost approximately $3 million dollars to collect, review, and produce the documents that MLW seeks in its *initial* document collection. See Declaration of Morgan T. Nickerson at ¶ 12.

MLW should not be permitted to use a defective antitrust complaint to (1) subject WWE to millions of dollars in discovery costs, and (2) obtain from WWE the most competitively sensitive information possible, ***without*** satisfying Fed. R. Civ. P. 8 and pleading a viable complaint. A protective order should be issued for this reason alone.

### B. Uncertainty as to the Court's Jurisdiction Further Supports Delaying Discovery

A Protective Order is also appropriate because this Court may lack subject matter jurisdiction over the dispute. *See Malley v. San Jose Midtown Dev. LLC*, No. 5:20-CV-01925-EJD, 2020 WL 5877575, at *7 (N.D. Cal. Oct. 2, 2020) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.") (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). Here, subject matter jurisdiction rests entirely on MLW's federal antitrust claim. As both MLW and WWE are Delaware entities (ECF No. 1, ¶¶ 13, 14), absent the federal antitrust claim, there is no diversity jurisdiction. If discovery proceeds in the present case, WWE may be forced to incur discovery costs for a second time in state court should this Court dismiss the state law claims for lack of subject matter jurisdiction. Similarly, should the antitrust claims be dismissed, the scope of discovery will be dramatically reduced. For example,

---

[3] Robert Corp and Chul Pak, "Sensible Discovery: Effective Strategies to Streamline the Discovery Process and Save Clients' Money," CPI ANTITRUST CHRONICLE (May 2013) at 2. A copy of the article is attached hereto for the convenience of the Court as Exhibit 4.

1    MLW will be unable to seek market-wide discovery and will instead be limited to discovery related

2    to tortious interference with two specific contracts.

3              **C. The Court Should Grant a Protective Order under the Two-Prong Standard**

4                        **Applied in *Arcell v. Google***

5              As in *Arcell*, WWE has filed a fully briefed Motion to Dismiss that "may dispose of the

6    entire case." *Arcell*, *supra* at *1. Those arguments are presented in WWE's Motion to Dismiss and

7    Reply but are summarized, at a high level, below:

8              ***First***, MLW fails to plausibly allege that WWE violated Section 2 of the Sherman Act.

9    MLW provides no facts to support its naked assertion that there is a relevant product market for the

10   sale of broadcasting rights for professional wrestling programs to national broadcast networks,

11   cable, and streaming services.  Moreover, even if that market existed, MLW fails to plausibly allege

12   that WWE possesses monopoly power within it.  To the contrary, it defies common sense to assert

13   that WWE, a content provider, could possibly control which content dozens, if not hundreds, of

14   unrelated broadcast networks, cable channels, and streaming services decide to purchase.

15   Separately and independently, MLW's Sherman Act claim fails for lack of antitrust injury.  The

16   antitrust laws protect competition, not competitors, yet MLW fails to allege any plausible facts

17   demonstrating harm to the competitive process.  The failure to plead antitrust injury is fatal to

18   MLW's complaint and, indeed, independently warrants dismissal.

19             ***Second***, MLW fails to plausibly allege intentional interference with contractual relations.

20   MLW asserts that it had a contract to sell "broadcast rights" for its wrestling program toTubi, a

21   streaming service owned by Fox, and that WWE forced Tubi to terminate that contract under the

22   threat of pulling all WWE content from Fox.  But MLW alleges no facts explaining how WWE's

23   communication or communications over the course of one day achieved this response from Fox.

24   Moreover, the notion that WWE would jeopardize hundreds of millions of dollars in rights fees and

25   breach its own contract with Fox in order to keep MLW off a streaming service makes no rational

26   sense, just as Fox's capitulation to any such threat is wholly implausible in light of its ability to

27   enforce its contract with WWE.

28

314400134.1

*Third*, MLW fails to plausibly allege intentional interference with prospective economic advantage regarding a second alleged contract.  MLW asserts that it had a contract with VICE to air archival (*i.e.*, old) content and was negotiating to sell broadcast rights for first-run (*i.e.*, new) content.  MLW implausibly postulates that WWE, through a single phone call in June 2021, somehow forced VICE to abandon those negotiations for first-run content months later.  But MLW fails to plead that WWE even knew that MLW was negotiating to sell VICE broadcast rights for first-run content.  Moreover, MLW admits that VICE ***actually*** aired one episode of first-run MLW content months after the alleged disruptive WWE phone call, demonstrating that the conversation had zero influence on VICE's decision to air first-run MLW content.  Finally, MLW fails to plead that WWE was the proximate cause for VICE's decision to abandon negotiations, rather than some other intervening fact, such as the fact that the first-run episode of MLW drew an abysmal number of viewers.

*Fourth*, MLW fails to allege that WWE engaged in unfair competition.  Unfair competition claims must be tethered to some other antitrust violation or tort, and MLW has alleged none.  Moreover, MLW's unfair competition claim fails because it lacks Article III or statutory standing even if other claims survive.

Thus, as in *Arcell*, "Defendant[ has] established that [its] motion is potentially dispositive of the entire case," which "weighs in favor" of granting this Motion. *Id.*

As for the second prong, also like in *Arcell*, the Motion to Dismiss "can be decided without further discovery" because it "is based solely on the allegations in the Complaint and does not raise any factual issues." *Id.*

## VI.   <u>CONCLUSION</u>

WHEREFORE, for each of the reasons explained above, defendant World Wrestling Entertainment, Inc. respectfully submits that there is good cause to stay the collection, review, and production of documents responsive to MLW's document requests while Defendants' Motion to Dismiss is pending.  As such, WWE respectfully requests that the Court grant its Motion for a Protective Order and for whatever other relief the Court deems just and equitable.

314400134.1

1

2   Dated: January 5, 2023                          K&L GATES LLP

3

4                                                   By: *Christopher S. Finnerty*

5

6                                                   Daniel W. Fox (SBN 268757)
                                                    daniel.fox@klgates.com
7                                                   Jerry S. McDevitt (*pro hac vice*)
                                                    jerry.mcdevitt@klgates.com
8                                                   Christopher S. Finnerty (*pro hac vice*)
                                                    christopher.finnerty@klgates.com
9                                                   Morgan T. Nickerson (*pro hac vice*)
                                                    morgan.nickerson@klgates.com
10                                                  Derek W. Kelley (*pro hac vice*)
                                                    derek.kelley@klgates.com
11                                                  K&L GATES LLP
                                                    Four Embarcadero Center
12                                                  Suite 1200
                                                    San Francisco, CA  94103
13                                                  Telephone: (415) 882-8200
                                                    Facsimile:  (415) 882-8220
14

15                                                  *Counsel for Defendant*
                                                    World Wrestling Entertainment, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

314400134.1