# Exhibit 1

Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Counsel for Plaintiff
MLW Media LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLW MEDIA LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.<br><br>          Defendant. | Case No: 5:22-cv-00179-EJD<br><br>**PLAINTIFF MLW MEDIA LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.** |

| | | |
|---|---|---|
| **PROPOUNDING PARTY**: | | PLAINTIFF MLW MEDIA LLC |
| **RESPONDING PARTY**: | | DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC |
| **SET NUMBER**: | | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff MLW Media LLC ("MLW") hereby requests that Defendant World Wrestling Entertainment, Inc. ("WWE") respond in writing in the manner and within the time required by Rule 34 and produce the following documents and other tangible things described below (each a "Request" and collectively the "Requests") for inspection and copying at the law offices of Kasowitz Benson Torres LLP, 101 California Street, Suite 3000, San Francisco, California 94111, or at such other place as agreed by counsel, within thirty (30) days.

**DEFINITIONS**

1. The term "Action" means the above-captioned action.

2. The term "A&E" refers to A&E Network and means, without limitation, A&E Networks and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on A&E Networks' behalf.

3. The term "AEW" means, without limitation, All Elite Wrestling, LLC and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on All Elite Wrestling, LLC's behalf.

4. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of their scope.

5. The terms "any" or "all" shall mean any and all.

6. The terms "communication" or "communications" shall mean and refer to any mode of conveying, distributing, disclosing, publishing, transferring and exchanging meaning or information, whether orally or by document(s), or whether by in-person conversations, telephone,

mail, facsimile, personal delivery, overnight delivery, electronic mail or computer-generated posting or any other display on the internet, or otherwise. The terms shall include notes, memoranda, or any other document(s) memorializing, conveying, or referring to the information conveyed.

7. The term "Complaint" means the Complaint filed by MLW on January 11, 2022 in the Federal District Court for the Northern District of California, Case No. 5:22-cv-00179-EJD.

8. The term "document" is used in the broadest sense to include all forms of tangible expression and includes, without limitation, any writing or record, whether in tangible form or electronically stored information, as described in Rule 34(a)(1)(A)-(B) of the Federal Rules of Civil Procedure.

9. The term "FITE" means, without limitation, FITE, the New York-based streaming service owned by Triller Media, and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on FITE's behalf.

10. The term "Fox" means, without limitation, Fox Corporation and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on Fox Corporation's behalf.

11. The term "including" means including, without limitation, and means to include by way of example only, and shall not be deemed in any way to qualify, limit or restrict the scope of the topics.

12. The term "Impact" means, without limitation, Anthem Wrestling Exhibitions, LLC and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on Anthem Wrestling Exhibitions, LLC's behalf, including, but not limited to, Total Nonstop Action Wrestling, TNA Entertainment LLC, Aroluxe Media, LLC and Impact Ventures LLC.

13. The term "MLW" means, without limitation, plaintiff MLW Media LLC, and its

corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on MLW's behalf.

14. The term "MSG" means, without limitation, Madison Square Garden Sports Corp. and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on MSG's behalf, including Madison Square Garden Entertainment.

15. The term "New Japan Pro-Wrestling" means, without limitation, New Japan Pro-Wrestling of America, Inc., the US-based Japanese wrestling promotion, and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on its behalf.

16. The terms "person" or "persons" include a natural person, firm, association, organization, partnership, limited liability partnership, business, enterprise, limited liability company, corporation or public entity.

17. The term "programming" includes any audio-visual content designed or produced for distribution through networks, cable, broadcast or streaming services, as well as live events.

18. The terms "related" and "related to" are used in the broadest sense allowable under Rule 34 of the Federal Rules of Civil Procedure and shall be construed to mean concerning, alluding to, reflecting, evidencing, supporting or contradicting, regarding, referring to, containing, embodying, commenting upon, discussing, involving, showing, comprising, referencing, identifying, bearing upon, pertaining to, affecting, connected with or associated with, in whole or in part, or in any way pertinent to the referenced subject matter.

19. The terms "representative" or "representatives" with regard to a person or entity shall mean and shall include, both collectively and individually, each and every present and former director, officer, partner, employee, agent, independent consultant, investment advisor, expert or any other person (including attorneys) acting or purporting to act on behalf of the person or entity.

20. The term "Ring of Honor" means, without limitation, ROH Acquisition Co., LLC, the wrestling production company, and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on its behalf.

21. The term "Tubi" means, without limitation, Tubi, the California-based streaming service owned by major media company Fox Corporation, and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on Tubi's behalf.

22. The term "Vice" means, without limitation, VICE TV and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on VICE TV's behalf.

23. The terms "WWE," "you," and "yours" mean, without limitation, defendant World Wrestling Entertainment, Inc. and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on WWE's behalf.

24. All of the terms defined above have the same meanings in the plural as they have in the singular.

### INSTRUCTIONS

1. In responding to the Requests, furnish all responsive documents that are available to you, including documents in the possession of your subsidiaries, affiliates, parent companies, agents, advisors, attorneys, representatives or anyone else acting on your behalf or otherwise subject to your control.

2. In responding to the Requests, make a diligent search of your records, electronic files and of any other papers and materials in your possession or available to your representatives. In the event that you are able to provide only part(s) of the document(s) called for in any particular Request, provide all document(s) that you are able to provide and state the reason, if any, for the

inability to provide the remainder.

3. If you do not have within your possession, custody or control any document(s) responsive to a particular Request, your response to that Request should so state.

4. If any document requested herein has been lost, deleted, discarded or destroyed, it shall be identified and described as completely as possible, including the following information: content, author, recipient, sender copied recipient (indicated or blind), date prepared or received, date of disposal, reasons for disposal, personnel authorizing the disposal, person disposing of the document and contents of the document.

5. All documents shall be produced in the order in which they are kept in the usual course of business, and shall be produced in their original file folders, binders, cover or containers, or facsimiles thereof. In the alternative, all documents shall be produced, organized, and labeled to correspond to the individual Requests.

6. All documents shall be produced according to the forthcoming Proposed Order and Stipulated Protocol for Conducting Electronic Discovery (the "ESI Protocol"), unless otherwise agreed upon by the parties.

7. To the extent that you refuse to produce any document requested on the ground that the document is protected from discovery by the work product doctrine, the attorney-client privilege, or any other privilege or doctrine, provide a log identifying the document in the form specified in the ESI Protocol.

8. If only a portion of a responsive document is privileged against disclosure, you must produce the responsive non-privileged portion of the document as set forth in the ESI Protocol.

9. Every Request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, you shall state that it is made on that basis.

10. If any part of a Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be specified.

11. The Requests are not intended to be duplicative. All Requests should be responded to fully and to the extent not covered by any other individual Requests. If there are documents that are responsive to more than one Request, please note and produce each such document first in response to the Request that is more specifically directed to the subject matter of the particular document.

12. A Request for documents shall be deemed a request for any or all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents, in addition to the document itself, without abbreviation or expurgation.

13. Unless otherwise specified, every corporation, limited liability company, limited liability partnership, limited partnership, partnership, national association or any other entity referred to or mentioned herein shall include, without limitation, its partners, managers, members, parents, holding company, affiliates and subsidiaries, respective agents, representatives, employees, advisors, attorneys, independent contractors, successors and assigns, and all other persons or entities acting for or on their behalf.

14. The use of the singular form of any word includes the plural and vice versa.

15. The terms "all" and "each" shall be construed as all and each.

16. Unless otherwise stated herein, the period covered by the Requests is from October 1, 2019 to the present.

17. Where a Request seeks documents for a specific time period, such Request shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

18. The Requests are continuing in nature and require that you promptly produce additional responsive documents or information whenever they are acquired, discovered or come into existence after the date of the initial production.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to MLW, including, but not limited to, the following: (a) communications that refer to, discuss or constitute your efforts to recruit performers who are under contract with MLW; (b) communications between you and Tubi, Vice and/or FITE that reference MLW or its programs; (c) internal communications that reference MLW or its programs; (d) communications that refer to, discuss or constitute your efforts to discourage businesses or performers from working with MLW; (e) documents that refer to or discuss MLW contracts, or proposed or prospective contracts, with cable, broadcast, streaming or other media outlets, including Tubi, Vice and FITE; and (f) documents related to Court Bauer.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to AEW, including, but not limited to, the following: (a) communications that refer to, discuss or constitute your efforts to recruit performers who are under contract with AEW; (b) communications between you and third parties that reference AEW or its programs; (c) internal communications that reference AEW or its programs; (d) communications that refer to, discuss or constitute your efforts to discourage businesses or performers from working with AEW; (e) documents that refer to or discuss AEW contracts, or proposed or prospective contracts, with cable, broadcast, streaming or other media outlets; (f) documents concerning AEW's, booking of, or attempt to book, Heritage Bank Center (formerly known as U.S. Bank Arena) for events, including communications with Heritage Bank Center concerning third-party bookings of Heritage Bank Center.

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to Impact, including, but not limited to, the following: (a) communications that refer to, discuss or constitute your efforts to recruit performers who are under contract with Impact; (b) communications between you and third parties that reference Impact or its programs; (c) internal communications that reference Impact or its programs; (d) communications that refer to, discuss or constitute your efforts to discourage businesses or

performers from working with Impact; (e) documents that refer to or discuss Impact contracts, or proposed or prospective contracts, with cable, broadcast, streaming or other media outlets.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to MLW's negotiations or relationship with VICE, including, but not limited to, communications between you and VICE that reference MLW or its programs.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to WWE's involvement with VICE's "Dark Side of the Ring Program," including documents related to Jerry McDevitt's appearance on the show.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to Tubi, including, but not limited to, communications between you and VICE that reference MLW or its programs.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to FITE, including, but not limited to, communications between you and FITE that reference MLW or its programs.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2018 until December 31, 2018, all documents related to New Japan Pro-Wrestling, including, but not limited to, documents relating to New Japan Pro-Wrestling's booking of, or attempt to book, Madison Square Garden for events, including communications with MSG concerning third-party bookings of MSG venues.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2018 until December 31, 2018, all documents related to Ring of Honor, including, but not limited to, documents relating to Ring of Honor's booking of, or attempt to book, Madison Square Garden for events, including communications with MSG concerning third-party bookings of MSG venues.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications with Fox regarding (a) Tubi and/or (b) MLW.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify each person who has knowledge of communications between WWE and VICE that occurred during the time period January 1, 2021 through December 31, 2021 concerning MLW or MLW's negotiations with VICE.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify each person who has knowledge of communications between WWE and Tubi that occurred during the time period May 1, 2021 through December 31, 2021 concerning MLW or MLW's negotiations or agreement with Tubi.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify each person who has knowledge of communications between WWE and FITE that occurred during the time period January 1, 2021 through December 31, 2021 concerning MLW or MLW's negotiations with FITE.

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to WWE's efforts to source, locate or hire professional wrestlers, including, but not limited to, WWE's efforts to source, locate or hire professional wrestlers from competitors.

**REQUEST FOR PRODUCTION NO. 15:**

The contracts or employment agreements of all WWE professional wrestlers whose contracts contain non-compete clauses or other clauses that limit or restrict the performer's alternative employment options.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the performance of WWE or any of its employees or contractors in connection with professional wrestling events, including documents containing analyses, reviews, evaluations, appraisals or other internal assessments related to the quality, value or completeness of, or defects in, each such person's work; their knowledge, skills and qualifications; and warnings, criticisms, reprimands, demotions, reassignments, terminations or other disciplinary actions related to those individuals, as well as documents sufficient to show which WWE professional wrestlers participated in WWE's events.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning the termination of the employment, or the resignation, of any professional wrestler during the time period January 1, 2020 through present.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including organizational and staffing charts, related to the organization, areas of responsibility and reporting relationships of WWE, including, but not limited to, organizational charts reflecting the name, position and hierarchy of employees with any responsibilities relating to the production of professional wrestling content.

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to WWE's outreach, solicitation or hiring of former MLW professional wrestler Stephon Strickland ("Strickland"), who performs under the ring names Swerve Strickland or Isaiah Swerve Scott, including internal communications concerning WWE's decision to hire Strickland; Strickland's potential role in the dispute between the parties or litigation between MLW and WWE; and communications with Strickland.

**REQUEST FOR PRODUCTION NO. 20:**

All documents related to WWE's outreach, solicitation or hiring of former MLW professional wrestler Luis Alberto Medina ("Medina"), who performs under the ring name Gino Medina, including internal communications concerning WWE's solicitation of Medina, any WWE events, programs or promotions that Medina appeared in, and any communications with Medina.

**REQUEST FOR PRODUCTION NO. 21:**

All documents related to WWE's outreach, solicitation or hiring of former MLW professional wrestler Harry Smith ("Smith"), who performs under the ring name Davey Boy Smith Jr., including internal communications concerning WWE's solicitation of Smith, any WWE events, programs or promotions that Smith appeared in, and any communications with Smith.

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to WWE's outreach, solicitation or hiring of former MLW professional wrestler Jacob Fuavaifatu ("Fuavaifatu"), who performs under the ring name Jacob Fatu, including internal communications concerning WWE's solicitation of Fuavaifatu, any WWE

events, programs or promotions that Fuavaifatu appeared in, and any communications with Fuavaifatu.

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to WWE's outreach, solicitation or hiring of former MLW professional wrestler Lance Anoa'i ("Anoa'i"), including internal communications concerning WWE's solicitation of Anoa'i, any WWE events, programs or promotions that Anoa'i appeared in, and any communications with Anoa'i.

**REQUEST FOR PRODUCTION NO. 24:**

From January 1, 2012 through the present, all lawsuits, claims, or complaints, threatened or actual, made by any third party relating to allegations that WWE wrongfully poached or solicited employees or contractors, or tortiously or unfairly interfered with a competitor's business, including a copy of any transcript of testimony given in connection with such lawsuits, claims, or complaints.

**REQUEST FOR PRODUCTION NO. 25:**

All lawsuits, claims, or complaints, threatened or actual, made by WWE's employees in connection with WWE's employment or contractor agreements, including claims or complaints related to the hiring or retention of WWE's employees, contractors or agents, including a copy of any transcript of testimony given in connection with such lawsuits, claims, or complaints.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to WWE's efforts to prevent competitors from booking arenas or venues for the production of professional wrestling content, including, but not limited to, WWE's efforts to book arenas or venues during times when competitors sought to book such arenas or venues and communications with event venues, stadiums or arenas concerning third parties' booking of, or attempt to book, such event venues, stadiums or arenas for events.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning the internal decision making related to when WWE programming is broadcast or streamed, which networks or platforms stream such programming, and whether to air programming in timeslots that compete with competitors, including, but not

limited to, internal analyses, forecasts or projections.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning the internal decision making related to WWE's decision to air Clash at The Castle on Saturday, September 3, 2022 and NXT Worlds Collide on September 4, 2022.

**REQUEST FOR PRODUCTION NO. 29:**

All documents related to WWE's agreements for the distribution, licensing fees, rights fees, advertising revenue, or subscription revenue of WWE professional wrestling content, including, but not limited to agreements for the licensing or distribution of *Smackdown, RAW or NXT* programming, including documents and communications concerning negotiations with counter-parties.

REQUEST FOR PRODUCTION NO. 30:

All documents relating to the pricing of WWE events, including but not limited to: (a) analyses concerning the initial pricing for the sale or licensing of WWE events to cable, broadcast or streaming platforms; (b) actual or potential price increases or decreases, including any such changes in response to competition from another product; (c) rebates, discounts, or markdowns, including the negotiation thereof; or (d) negotiations with cable, broadcast or streaming platform.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to: (a) competition to WWE, including but not limited to competition from MLW, AEW or Impact; or (b) analyses, forecasts or other projections reflecting sales of WWE programming, MLW programming, AEW programming or Impact programming, or any other competition to WWE programming.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning WWE's decision to shut down or discontinue its streaming service, WWE Network.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, including market studies or analyses, concerning WWE's target audience or viewership for professional wrestling content.

**REQUEST FOR PRODUCTION NO. 34:**

On a monthly basis, all viewership or ratings data for professional wrestling content.

**REQUEST FOR PRODUCTION NO. 35:**

All minutes or notes relating to meetings of Your Board of Directors, or any committee or subcommittee of the Board of Directors, from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 36:**

All insurance policies, insuring agreements, declarations, binders, endorsements, and certificates of insurance concerning insurance coverage maintained by you concerning the damages sought in this Action.

**REQUEST FOR PRODUCTION NO. 37:**

All claims made or forms submitted by you to insurance carriers in connection with any claims made the basis of this Action.

**REQUEST FOR PRODUCTION NO. 38:**

All documents related to any notification, claim or reservation of rights, made under any insurance policy, in connection with the Complaint.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning any settlement agreement, indemnity agreement, hold-harmless agreement, guaranty agreement, judgment sharing agreement, non-disclosure agreement, covenant not to sue, joint defense agreement, cooperation agreement, cost sharing agreement and common interest agreement between WWE and any other person in connection with this litigation.

**REQUEST FOR PRODUCTION NO. 40:**

One copy of each of WWE's quarterly and annual financial statements and reports.

**REQUEST FOR PRODUCTION NO. 41:**

One copy of each U.S. tax return (federal and state) filed by WWE.

**REQUEST FOR PRODUCTION NO. 42:**

All documents evidencing your ability to satisfy a judgment in this Action, including all documents concerning any financial reserve or amount to cover estimated or potential liabilities, settlements or other expenses which may result from this Action.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning this Action, including press releases.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning written statements between you and third parties or your parent, subsidiary or affiliate corporations, partners, stockholders and/or shareholders concerning this Action.

**REQUEST FOR PRODUCTION NO. 45:**

All documents, regardless of date, concerning any policies and/or procedures concerning compliance with federal and state antitrust laws.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning each of the allegations in the Complaint and/or any denial or other contention or response you have with respect to each such allegation.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning WWE's contracts with A&E, as well as documents concerning WWE partnerships or programs that A&E participates in or airs.

Dated: October 17, 2022

    New York, New York

By: /s/ Nicholas A. Rendino
Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

Jason S. Takenouchi (CBN 234835)
Kasowitz Benson Torres LLP
101 California Street, Suite 3000
San Francisco, California 94111
Tel.: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*