# Exhibit 3

1  Daniel W. Fox (SBN 268757)
   daniel.fox@klgates.com
2  Jerry S. McDevitt (*pro hac vice*)
   jerry.mcdevitt@klgates.com
3  Christopher S. Finnerty (*pro hac vice*)
   christopher.finnerty@klgates.com
4  Morgan T. Nickerson (*pro hac vice*)
   morgan.nickerson@klgates.com
5  Derek W. Kelley (*pro hac vice*)
   derek.kelley@klgates.com
6  K&L GATES LLP
   Four Embarcadero Center
7  Suite 1200
   San Francisco, CA  94103
8  Telephone: (415) 882-8200
   Facsimile:  (415) 882-8220
9
   *Counsel for Defendant*
10 World Wrestling Entertainment, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 MLW MEDIA LLC,
                                          Case No. 5:22-cv-00179-EJD
16                          Plaintiff,
                                          **DEFENDANT WORLD WRESTLING**
17        v.                              **ENTERTAINMENT, INC.'S**
                                          **OBJECTIONS AND RESPONSES TO**
18 WORLD WRESTLING ENTERTAINMENT,         **MLW'S FIRST SET OF REQUESTS**
   INC.                                   **FOR PRODUCTION**
19
                            Defendant.
20

21

22

23

24

25

26

27

28
   313958756.4
                                      1

1    Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits the

2    following objections and responses (the "Responses") to Plaintiff's First Set of Requests for

3    Production (the "Requests").

4    **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

5    1.    WWE provides these Responses without waiver of, and intending to preserve, the

6    attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any

7    other applicable privilege, immunity, protection, or restriction available under the Federal Rules of

8    Civil Procedure, federal statutes, and/or common law.  The inadvertent revelation of information

9    subject to any applicable privilege or protection, including, but not limited to, the attorney-client

10   privilege or the attorney work-product doctrine, is not intended to be, and shall not operate as, a

11   waiver of any such privilege or protection, in whole or in part.

12   2.    WWE provides these Responses without waiver of, and intending to preserve:

13   a.    All questions as to competency, relevancy, materiality, and admissibility of

14   evidence for any purpose of WWE's responses or the subject matter thereof, in this or any other

15   action, and WWE's responses are similarly not to be deemed an admission as to the competency,

16   relevancy, materiality, or admissibility of evidence for any purpose in this action;

17   b.    The right to object on any ground to the use of WWE's responses, or the

18   subject matter thereof, in this or any other action; and

19   c.    The right, at any time, to revise, correct, supplement, clarify, and/or amend

20   any response furnished.

21   3.    WWE provides these Responses based on its interpretation and understanding of

22   each Request.  WWE reserves its right to amend and/or supplement its objections and responses in

23   the event that Plaintiff asserts an interpretation that differs from WWE's interpretation.

24   4.    If discovery opens, WWE will produce responsive documents, if any, that are

25   located after a reasonably diligent search of documents within WWE's possession, custody, or

26   control, taking into account the many potential sources of information arguably responsive to the

27   Requests and the proportionality of the information sought relative to the burden of its production.

28   5.    WWE objects to the Requests to the extent that they seek documents that are outside

313958756.4

2

1  WWE's possession, custody, or control.  WWE further objects to the Requests to the extent that

2  they seek information that Plaintiff equally may otherwise obtain from public sources or, with less

3  burden or expense, by using other means of discovery.

4        6.    WWE objects to the Requests as overly broad and unduly burdensome to the extent

5  that any Request purports to seek information relating to "all" or "any" documents,

6  communications, emails, etc. that are responsive to the subject matter of a particular Request.

7        7.    A response indicating the WWE will produce documents that are responsive to a

8  Request is not a representation or statement of belief that any such documents exist or have existed.

9        8.    Insofar as the Requests define "A&E" to include "A&E Networks and its corporate

10  parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors,

11  successors, officers, directors, board members, employees, agents, representatives, partners,

12  contractors and anyone else acting on A&E Networks' behalf," WWE objects to the Requests as

13  vague, ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW

14  regarding this definition.

15        9.    Insofar as the Requests define "AEW" to include "All Elite Wrestling, LLC and its

16  corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns,

17  predecessors, successors, officers, directors, board members, employees, agents, representatives,

18  partners, contractors and anyone else acting on All Elite Wrestling, LLC's behalf," WWE objects

19  to the Requests as vague, ambiguous, overly broad and unduly burdensome. WWE will meet and

20  confer with MLW regarding this definition.

21        10.    Insofar as the Requests define "FITE" to include "the New York-based streaming

22  service owned by Triller Media, and its corporate parent, subsidiaries, divisions, departments,

23  affiliates, member firms, assigns, predecessors, successors, officers, directors, board members,

24  employees, agents, representatives, partners, contractors and anyone else acting on FITE's behalf,"

25  WWE objects to the Requests as vague, ambiguous, overly broad and unduly burdensome. WWE

26  will meet and confer with MLW regarding this definition.

27        11.    Insofar as the Requests define "Fox" to include "Fox Corporation and its corporate

28  parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors,

1  successors, officers, directors, board members, employees, agents, representatives, partners,

2  contractors and anyone else acting on Fox Corporation's behalf," WWE objects to the Requests as

3  vague, ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW

4  regarding this definition.

5         12.    Insofar as the Requests define "Impact" to include "Anthem Wrestling Exhibitions,

6  LLC and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms,

7  assigns, predecessors, successors, officers, directors, board members, employees, agents,

8  representatives, partners, contractors and anyone else acting on Anthem Wrestling Exhibitions,

9  LLC's behalf including, but not limited to, Total Nonstop Action Wrestling, TNA Entertainment

10  LLC, Aroluxe Media, LLC and Impact Ventures LLC," WWE objects to the Requests as vague,

11  ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW

12  regarding this definition.

13         13.    Insofar as the Requests define "MSG" to include "Madison Square Garden Sports

14  Corp. and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms,

15  assigns, predecessors, successors, officers, directors, board members, employees, agents,

16  representatives, partners, contractors and anyone else acting on MSG's behalf, including Madison

17  Square Garden Entertainment," WWE objects to the Requests as vague, ambiguous, overly broad

18  and unduly burdensome. WWE will meet and confer with MLW regarding this definition.

19         14.    Insofar as the Requests define "New Japan Pro-Wrestling" to include "New Japan

20  Pro-Wrestling of America, Inc., the US-based Japanese wrestling promotion, and its corporate

21  parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors,

22  successors, officers, directors, board members, employees, agents, representatives, partners,

23  contractors and anyone else acting on its behalf," WWE objects to the Requests as vague,

24  ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW

25  regarding this definition.

26         15.    Insofar as the Requests define "Ring of Honor" to include "ROH Acquisitions Co.,

27  LLC, the wrestling production company, and its corporate parent, subsidiaries, divisions,

28  departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board

members, employees, agents, representatives, partners, contractors and anyone else acting on its behalf," WWE objects to the Requests as vague, ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW regarding this definition.

16.     Insofar as the Requests define "Tubi" to include "Tubi, the California-based streaming service owned by a major media company Fox Corporation, and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on its behalf," WWE objects to the Requests as vague, ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW regarding this definition.

17.     Insofar as the Requests define "Vice" to include "VICE TV and its corporate parent, subsidiaries, divisions, departments, affiliates, member firms, assigns, predecessors, successors, officers, directors, board members, employees, agents, representatives, partners, contractors and anyone else acting on VICE TV's  behalf," WWE objects to the Requests as vague, ambiguous, overly broad and unduly burdensome. WWE will meet and confer with MLW regarding this definition.

18.     Insofar as the Requests define "WWE," "You," or "Your" to include "any parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and all of Defendants' current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys and representatives," WWE objects to the Requests as vague, ambiguous, overly broad and unduly burdensome.  WWE will construe the term "WWE" to mean solely the Defendant indicated in the particular Request and no other person or entity.

19.     WWE incorporates the foregoing paragraphs of this Preliminary Statement into each and every one of its Responses to the Requests set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents related to MLW, including, but not limited to, the following: (a) communications that refer to, discuss or constitute your efforts to recruit performers who are under contract with MLW; (b) communications between you and Tubi, Vice and/or FITE that reference

313958756.4

5

MLW or its programs; (c) internal communications that reference MLW or its programs; (d) communications that refer to, discuss or constitute your efforts to discourage businesses or performers from working with MLW; (e) documents that refer to or discuss MLW contracts, or proposed or prospective contracts, with cable, broadcast, streaming or other media outlets, including Tubi, Vice and FITE; and (f) documents related to Court Bauer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

WWE objects to Request No. 1 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 1 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to Request No. 1 to the extent it mischaracterizes WWE's actions and/or correspondence as "discouraging business or performers". WWE further objects to the extent that Request No. 1 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE states that it will not produce any responsive documents regarding Request No. 1 until discovery is open and a protective order and ESI protocols have been implemented. Once these are implemented and discovery opens, WWE will search for and produce relevant, responsive, non-privileged information based on agreed upon search terms.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to AEW, including, but not limited to, the following: (a) communications that refer to, discuss or constitute your efforts to recruit performers who are under contract with AEW; (b) communications between you and third parties that reference AEW or its programs; (c) internal communications that reference AEW or its programs; (d) communications that refer to, discuss or constitute your efforts to discourage businesses or performers from working with AEW; (e) documents that refer to or discuss AEW contracts, or proposed or prospective

1  contracts, with cable, broadcast, streaming or other media outlets; (f) documents concerning

2  AEW's, booking of, or attempt to book, Heritage Bank Center (formerly known as U.S. Bank

3  Arena) for events, including communications with Heritage Bank Center concerning third-party

4  bookings of Heritage Bank Center.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6       WWE objects to Request No. 2 as premature because discovery is not yet open in this case,

7  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

8  No. 2 to the extent that it calls for the production of documents unrelated to this matter, is overbroad

9  and unduly burdensome, is vague in its request for "all" documents, and is not proportional to the

10  needs of the case. WWE further objects to Request No. 2 to the extent it mischaracterizes WWE's

11  actions and/or correspondence as "discouraging business or performers."  WWE further objects to

12  the extent that Request No. 2 seeks documents that are protected by the attorney-client privilege,

13  work product doctrine, the joint defense privilege and/or any other applicable privilege or

14  protection.

15       Subject to and without waiving the foregoing objections, WWE states that it will not

16  produce any responsive documents regarding Request No. 2 until discovery is open and a protective

17  order and ESI protocols have been implemented. Once these are implemented and discovery opens,

18  WWE will search for and produce relevant, responsive, non-privileged information based on agreed

19  upon search terms.

20  **REQUEST FOR PRODUCTION NO. 3:**

21       All documents related to Impact, including, but not limited to, the following: (a)

22  communications that refer to, discuss or constitute your efforts to recruit performers who are under

23  contract with Impact; (b) communications between you and third parties that reference Impact or

24  its programs; (c) internal communications that reference Impact or its programs; (d)

25  communications that refer to, discuss or constitute your efforts to discourage businesses or

26  performers from working with Impact; (e) documents that refer to or discuss Impact contracts, or

27  proposed or prospective contracts, with cable, broadcast, streaming or other media outlets.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

WWE objects to Request No. 3 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 3 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague, and is not proportional to the needs of the case. WWE further objects to Request No. 3 to the extent it is misleading and mischaracterizes WWE's actions and/or correspondence as "discouraging business or performers".  WWE further objects to the extent that Request No. 3 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE states that it will not produce any responsive documents regarding Request No. 3 until discovery is open and a protective order and ESI protocols have been implemented. Once these are implemented and discovery opens, WWE will search for and produce relevant, responsive, non-privileged information based on agreed upon search terms.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to MLW's negotiations or relationship with VICE, including, but not limited to, communications between you and VICE that reference MLW or its programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

WWE objects to Request No. 4 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented.  WWE objects to Request No. 4 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to Request No. 4 to the extent that it seeks documents that MLW already possesses or to which MLW has equal access, and therefore are equally or less burdensome for Plaintiff to procure for itself. WWE further objects to Request No. 4 to the extent it is duplicative of Request No. 1. WWE further objects to the extent that Request No. 4 seeks documents that are protected by the

313958756.4

8

1  attorney-client privilege, work product doctrine, the joint defense privilege and/or any other

2  applicable privilege or protection.

3      Subject to and without waiving the foregoing objections, WWE states that it will not

4  produce any responsive documents regarding Request No. 4 until discovery is open and a protective

5  order and ESI protocols have been implemented. Once these are implemented and discovery opens,

6  WWE will search for and produce relevant, responsive, non-privileged information based on agreed

7  upon search terms.

8  **REQUEST FOR PRODUCTION NO. 5:**

9      All documents related to WWE's involvement with VICE's "Dark Side of the Ring

10 Program," including documents related to Jerry McDevitt's appearance on the show.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12     WWE objects to Request No. 5 as premature because discovery is not yet open in this case,

13 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

14 No. 5 to the extent that it calls for the production of documents unrelated to this matter, is overbroad

15 and unduly burdensome, is vague in its request for "all" documents, and is not proportional to the

16 needs of the case. WWE further objects to Request No. 5 to the extent it is duplicative of Request

17 No. 4. WWE further objects to the extent that Request No. 5 seeks documents that are protected by

18 the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other

19 applicable privilege or protection.

20     WWE further objects to Request No. 5 as seeking information not related to any of MLW's

21 asserted claims and not reasonably calculated to lead to the discovery of relevant, admissible

22 evidence.

23     WWE will not produce materials responsive to Request No. 5.

24 **REQUEST FOR PRODUCTION NO. 6:**

25     All documents related to Tubi, including, but not limited to, communications between you

26 and VICE [*sic*] that reference MLW or its programs.

27

28

313958756.4

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

WWE interprets "VICE" in Request No. 6 to be a typographical error, and to refer to Tubi. WWE objects to Request No. 6 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 6 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to Request No. 6 to the extent it is duplicative of Request No. 1. WWE further objects to the extent that Request No. 6 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE states that it will not produce any responsive documents regarding Request No. 6 until discovery is open and a protective order and ESI protocols have been implemented. Once these are implemented and discovery opens, WWE will search for and produce relevant, responsive, non-privileged information based on agreed upon search terms.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to FITE, including, but not limited to, communications between you and FITE that reference MLW or its programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

WWE objects to Request No. 7 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 7 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to Request No. 7 to the extent it is duplicative of Request No. 1. WWE further objects to the extent

313958756.4

10

1  that Request No. 7 seeks documents that are protected by the attorney-client privilege, work product

2  doctrine, the joint defense privilege and/or any other applicable privilege or protection.

3      Subject to and without waiving the foregoing objections, WWE states that it will not

4  produce any responsive documents regarding Request No. 7 until discovery is open and a protective

5  order and ESI protocols have been implemented. Once these are implemented and discovery opens,

6  WWE will search for and produce relevant, responsive, non-privileged information based on agreed

7  upon search terms.

8  **REQUEST FOR PRODUCTION NO. 8:**

9      From January 1, 2018 until December 31, 2018, all documents related to New Japan Pro-

10  Wrestling, including, but not limited to, documents relating to New Japan Pro-Wrestling's booking

11  of, or attempt to book, Madison Square Garden for events, including communications with MSG

12  concerning third-party bookings of MSG venues.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14      WWE objects to Request No. 8 as premature because discovery is not yet open in this case,

15  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

16  No. 8 to the extent that it calls for the production of documents unrelated to this matter, is overbroad

17  and unduly burdensome, is vague in its request for "all" documents, and is not proportional to the

18  needs of the case.  WWE further objects to Request No. 8 to the extent that it seeks documents

19  outside the possession, custody, and/or control of WWE or to which MLW has equal access, and

20  therefore are equally or less burdensome for Plaintiff to procure for itself. WWE further objects to

21  the extent that Request No. 8 seeks documents that are protected by the attorney-client privilege,

22  work product doctrine, the joint defense privilege and/or any other applicable privilege or

23  protection.  WWE further objects to Request No. 8 as seeking information not related to any of

24  MLW's asserted claims and not reasonably calculated to lead to the discovery of relevant,

25  admissible evidence.

26      WWE will not produce materials responsive to Request No. 8.

27

28

11

1  **REQUEST FOR PRODUCTION NO. 9:**

2  From January 1, 2018 until December 31, 2018, all documents related to Ring of Honor,

3  including, but not limited to, documents relating to Ring of Honor's booking of, or attempt to book,

4  Madison Square Garden for events, including communications with MSG concerning third-party

5  bookings of MSG venues.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7  WWE objects to Request No. 9 as premature because discovery is not yet open in this case,

8  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

9  No. 9 to the extent that it calls for the production of documents unrelated to this matter, is overbroad

10  and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are

11  not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's

12  claim or defense in this case and not proportional to the needs of the case. WWE further objects to

13  the extent that Request No. 9 seeks documents that are protected by the attorney-client privilege,

14  work product doctrine, the joint defense privilege and/or any other applicable privilege or

15  protection.  WWE further objects to Request No. 9 as seeking information not related to any of

16  MLW's asserted claims and not reasonably calculated to lead to the discovery of relevant,

17  admissible evidence.

18  WWE will not produce materials responsive to Request No. 9.

19  **REQUEST FOR PRODUCTION NO. 10:**

20  All documents and communications with Fox regarding (a) Tubi and/or (b) MLW.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

22  WWE objects to Request No. 10 as premature because discovery is not yet open in this case,

23  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

24  No. 10 to the extent that it calls for the production of documents unrelated to this matter, is

25  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

26  that are not relevant to any party's claim or defense in this case and not proportional to the needs

27  of the case. WWE objects to Request No. 10 to the extent it is duplicative of Request No. 1. WWE

28  further objects to the extent that Request No. 10 seeks documents that are protected by the attorney-

313958756.4

12

1  client privilege, work product doctrine, the joint defense privilege and/or any other applicable

2  privilege or protection.

3      Subject to and without waiving the foregoing objections, WWE states that it will not

4  produce any responsive documents regarding Request No. 10 until discovery is open and a

5  protective order and ESI protocols have been implemented. Once these are implemented and

6  discovery opens, WWE will search for and produce responsive, non-privileged information based

7  on agreed upon search terms.

8  **REQUEST FOR PRODUCTION NO. 11:**

9      Documents sufficient to identify each person who has knowledge of communications

10  between WWE and VICE that occurred during the time period January 1, 2021 through December

11  31, 2021 concerning MLW or MLW's negotiations with VICE.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13      WWE objects to Request No. 11 as premature because discovery is not yet open in this case,

14  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

15  No. 11 to the extent that it calls for the production of documents unrelated to this matter, is

16  overbroad and unduly burdensome, is vague, and seeks documents that are not reasonably

17  calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense

18  in this case and not proportional to the needs of the case. WWE further objects to Request No. 11

19  to the extent it mischaracterizes the discussions between MLW and VICE.  WWE further objects

20  to Request No. 11 to the extent it is duplicative of Request No. 1. WWE further objects to the extent

21  that Request No. 11 seeks documents that are protected by the attorney-client privilege, work

22  product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

23      Subject to and without waiving the foregoing objections, WWE states that it will not

24  produce any responsive documents regarding Request No. 11 until discovery is open and a

25  protective order and ESI protocols have been implemented. Once these are implemented and

26  discovery opens, WWE will search for and produce responsive, non-privileged information based

27  on agreed upon search terms.

28

313958756.4

1    **REQUEST FOR PRODUCTION NO. 12:**

2         Documents sufficient to identify each person who has knowledge of communications

3    between WWE and Tubi that occurred during the time period May 1, 2021 through December 31,

4    2021 concerning MLW or MLW's negotiations or agreement with Tubi.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6         WWE objects to Request No. 12 as premature because discovery is not yet open in this case,

7    no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

8    No. to the extent that it calls for the production of documents unrelated to this matter, is overbroad

9    and unduly burdensome, is vague, and seeks documents that are not reasonably calculated to lead

10   to the discovery of admissible evidence relevant to any party's claim or defense in this case and not

11   proportional to the needs of the case. WWE further objects to Request No. 12 to the extent it

12   mischaracterizes the discussions and/or obligations between MLW and Tubi. WWE further objects

13   to Request No. 12 to the extent it is duplicative of Request No. 1. WWE further objects to the extent

14   that Request No. 12 seeks documents that are protected by the attorney-client privilege, work

15   product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

16        Subject to and without waiving the foregoing objections, WWE states that it will not

17   produce any responsive documents regarding Request No. 12 until discovery is open and a

18   protective order and ESI protocols have been implemented. Once these are implemented and

19   discovery opens, WWE will search for and produce responsive, non-privileged information based

20   on agreed upon search terms.

21   **REQUEST FOR PRODUCTION NO. 13:**

22        Documents sufficient to identify each person who has knowledge of communications

23   between WWE and FITE that occurred during the time period January 1, 2021 through December

24   31, 2021 concerning MLW or MLW's negotiations with FITE.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26        WWE objects to Request No. 13 as premature because discovery is not yet open in this case,

27   no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

28   No. 13 to the extent that it calls for the production of documents unrelated to this matter, is

1  overbroad and unduly burdensome, is vague, and seeks documents that are not reasonably

2  calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense

3  in this case and not proportional to the needs of the case. WWE further objects to Request No. 13

4  to the extent it mischaracterizes the discussions between MLW and FITE.  WWE further objects to

5  Request No. 13 to the extent it is duplicative of Request No. 1. WWE further objects to the extent

6  that Request No. 13 seeks documents that are protected by the attorney-client privilege, work

7  product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

8       Subject to and without waiving the foregoing objections, WWE states that it will not

9  produce any responsive documents regarding Request No. 13 until discovery is open and a

10 protective order and ESI protocols have been implemented. Once these are implemented and

11 discovery opens, WWE will search for and produce responsive, non-privileged information based

12 on agreed upon search terms.

13 **REQUEST FOR PRODUCTION NO. 14:**

14      All documents related to WWE's efforts to source, locate or hire professional wrestlers,

15 including, but not limited to, WWE's efforts to source, locate or hire professional wrestlers from

16 competitors.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

18      WWE objects to Request No. 14 as premature because discovery is not yet open in this case,

19 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

20 No. 14 to the extent that it calls for the production of documents unrelated to this matter, is vague

21 in its request for "all" documents, and is not proportional to the needs of the case. WWE further

22 objects to Request No. 14 to the extent it mischaracterizes WWE's actions and/or correspondence

23 to "locate or hire professional wrestlers from competitors."  WWE further objects to the extent that

24 Request No. 14 seeks documents that are protected by the attorney-client privilege, work product

25 doctrine, the joint defense privilege and/or any other applicable privilege or protection.

26      WWE further objects to Request No. 14 as seeking information not related to any of MLW's

27 asserted claims and not reasonably calculated to lead to the discovery of relevant, admissible

28 evidence. Specifically, MLW's four counts concern its negotiations and purported contracts with

313958756.4

15

1    television and streaming outlets. MLW has not connected those claims to or alleged separate claims

2    related to WWE's efforts to "source, locate, or hire" professional wrestlers from MLW or any other

3    business. Even if such connection were possible (it is not), Request No. 14 is overbroad and unduly

4    burdensome. MLW appears to seek documents regarding every single individual WWE has ever

5    considered as a professional wrestler, even if those individuals had no relationship with MLW and

6    would never have one. That number extends well into the thousands or tens of thousands.

7       WWE will not produce materials responsive to Request No. 14.

8    **REQUEST FOR PRODUCTION NO. 15:**

9       The contracts or employment agreements of all WWE professional wrestlers whose

10    contracts contain non-compete clauses or other clauses that limit or restrict the performer's

11    alternative employment options.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

13       WWE objects to Request No. 15 as premature because discovery is not yet open in this case,

14    no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

15    No. 15 to the extent that it calls for the production of documents unrelated to this matter, is vague

16    in its request for "all" documents, and is not proportional to the needs of the case. WWE further

17    objects to Request No. 15 to the extent it mischaracterizes professional wrestlers as employees and

18    mischaracterizes contracts containing "non-compete clauses or other clauses" as "limit[ing] or

19    restrict[ing] the performer's "alternative employment options."  WWE further objects to the extent

20    that Request No. 15 seeks documents that are protected by the attorney-client privilege, work

21    product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

22       WWE further objects to Request No. 15 as seeking information not related to any of MLW's

23    asserted claims and not reasonably calculated to lead to the discovery of relevant, admissible

24    evidence. Specifically, MLW's four counts concern its negotiations and purported contracts with

25    television and streaming outlets. MLW has not connected those claims to or alleged separate claims

26    related to WWE's contracts with professional wrestlers.

27       WWE further objects to Request No. 15 as overbroad and unduly burdensome, As written,

28    MLW seeks all versions of WWE talent contracts, including non-executed, draft contracts, as well

as those protected by attorney-client privilege and the work product doctrine. WWE's agreements contain standard clauses which are applicable to all WWE wrestlers. As such, a request for "all" such agreements is not only unduly burdensome because it is duplicative but costly.

WWE will not produce materials responsive to Request No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the performance of WWE or any of its employees or contractors in connection with professional wrestling events, including documents containing analyses, reviews, evaluations, appraisals or other internal assessments related to the quality, value or completeness of, or defects in, each such person's work; their knowledge, skills and qualifications; and warnings, criticisms, reprimands, demotions, reassignments, terminations or other disciplinary actions related to those individuals, as well as documents sufficient to show which WWE professional wrestlers participated in WWE's events.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

WWE objects to Request No. 16 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 16 to the extent that it calls for the production of documents unrelated to this matter, is vague in its request for "all" documents, and is not proportional to the needs of the case. WWE further objects to the extent that Request No. 16 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection. WWE further objects to Request No. 16 as seeking information not related to any of MLW's asserted claims and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

WWE further objects to Request No. 16 as overbroad and unduly burdensome. As written, MLW seeks performance evaluations for all WWE employees and contractors. The burden of reviewing and producing such material far exceeds any potential probative value.

313958756.4

17

1      WWE will not produce materials responsive to Request No. 16.

2      **REQUEST FOR PRODUCTION NO. 17:**

3      All documents concerning the termination of the employment, or the resignation, of any

4 professional wrestler during the time period January 1, 2020 through present.

5      **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

6      WWE objects to Request No. 17 as premature because discovery is not yet open in this case,

7 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

8 No. 17 to the extent that it calls for the production of documents unrelated to this matter, is

9 overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

10 proportional to the needs of the case. WWE further objects to the extent that Request No. 17 seeks

11 documents that are protected by the attorney-client privilege, work product doctrine, the joint

12 defense privilege and/or any other applicable privilege or protection. WWE further objects to

13 Request No. 17 as seeking information not related to any of MLW's asserted claims and not

14 reasonably calculated to lead to the discovery of relevant, admissible evidence.

15      WWE will not produce materials responsive to Request No. 17.

16      **REQUEST FOR PRODUCTION NO. 18:**

17      All documents, including organizational and staffing charts, related to the organization,

18 areas of responsibility and reporting relationships of WWE, including, but not limited to,

19 organizational charts reflecting the name, position and hierarchy of employees with any

20 responsibilities relating to the production of professional wrestling content.

21      **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

22      WWE objects to Request No. 18 as premature because discovery is not yet open in this case,

23 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

24 No. 18 to the extent that it calls for the production of documents unrelated to this matter, is

25 overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

26 that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

27 party's claim or defense in this case and not proportional to the needs of the case. Specifically,

28 WWE employs and contracts with thousands of individuals globally across a wide range of

313958756.4

18

1  departments, including merchandise sales, investor relations, accounting, and studio personnel, to

2  name a few.  WWE further objects to the extent that Request No. 18 seeks documents that are

3  protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or

4  any other applicable privilege or protection.

5       Subject to and without waiving the foregoing objections, WWE states that it will not

6  produce any responsive documents regarding Request No. 18 until discovery is open and a

7  protective order and ESI protocols have been implemented. Once these are implemented and

8  discovery opens, WWE will search for and produce responsive, non-privileged information based

9  on agreed upon search terms.

10  **REQUEST FOR PRODUCTION NO. 19:**

11       All documents related to WWE's outreach, solicitation or hiring of former MLW

12  professional wrestler Stephon Strickland ("Strickland"), who performs under the ring names

13  Swerve Strickland or Isaiah Swerve Scott, including internal communications concerning WWE's

14  decision to hire Strickland; Strickland's potential role in the dispute between the parties or litigation

15  between MLW and WWE; and communications with Strickland.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

17       WWE objects to Request No. 19 as premature because discovery is not yet open in this case,

18  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

19  No. 19 to the extent that it calls for the production of documents unrelated to this matter, is

20  overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

21  proportional to the needs of the case. WWE further objects to the extent that Request No. 19 seeks

22  documents that are protected by the attorney-client privilege, work product doctrine, the joint

23  defense privilege and/or any other applicable privilege or protection. WWE further objects to

24  Request No. 19 as seeking information not related to any of MLW's asserted claims and not

25  reasonably calculated to lead to the discovery of relevant, admissible evidence.

26       WWE will not produce materials responsive to Request No. 19.

27

28

313958756.4

19

1   **REQUEST FOR PRODUCTION NO. 20:**

2       All documents related to WWE's outreach, solicitation or hiring of former MLW

3   professional wrestler Luis Alberto Medina ("Medina"), who performs under the ring name Gino

4   Medina, including internal communications concerning WWE's solicitation of Medina, any WWE

5   events, programs or promotions that Medina appeared in, and any communications with Medina.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7       WWE objects to Request No. 20 as premature because discovery is not yet open in this case,

8   no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

9   No. 20 to the extent that it calls for the production of documents unrelated to this matter, is

10  overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

11  proportional to the needs of the case. WWE further objects to the extent that Request No. 20 seeks

12  documents that are protected by the attorney-client privilege, work product doctrine, the joint

13  defense privilege and/or any other applicable privilege or protection. WWE further objects to

14  Request No. 20 as seeking information not related to any of MLW's asserted claims and not

15  reasonably calculated to lead to the discovery of relevant, admissible evidence.

16      WWE will not produce materials responsive to Request No. 20.

17  **REQUEST FOR PRODUCTION NO. 21:**

18      All documents related to WWE's outreach, solicitation or hiring of former MLW

19  professional wrestler Harry Smith ("Smith"), who performs under the ring name Davey Boy Smith

20  Jr., including internal communications concerning WWE's solicitation of Smith, any WWE events,

21  programs or promotions that Smith appeared in, and any communications with Smith.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      WWE objects to Request No. 21 as premature because discovery is not yet open in this case,

24  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

25  No. 21 to the extent that it calls for the production of documents unrelated to this matter, is

26  overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

27  proportional to the needs of the case. WWE further objects to the extent that Request No. 21 seeks

28  documents that are protected by the attorney-client privilege, work product doctrine, the joint

313958756.4

20

1  defense privilege and/or any other applicable privilege or protection. WWE further objects to

2  Request No. 21 as seeking information not related to any of MLW's asserted claims and not

3  reasonably calculated to lead to the discovery of relevant, admissible evidence.

4  WWE will not produce materials responsive to Request No. 21

5  **REQUEST FOR PRODUCTION NO. 22:**

6  All documents related to WWE's outreach, solicitation or hiring of former MLW

7  professional wrestler Jacob Fuavaifatu ("Fuavaifatu"), who performs under the ring name Jacob

8  Fatu, including internal communications concerning WWE's solicitation of Fuavaifatu, any WWE

9  events, programs or promotions that Fuavaifatu appeared in, and any communications with

10  Fuavaifatu.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12  WWE objects to Request No. 22 as premature because discovery is not yet open in this case,

13  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

14  No. 22 to the extent that it calls for the production of documents unrelated to this matter, is

15  overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

16  proportional to the needs of the case. WWE further objects to the extent that Request No. 22 seeks

17  documents that are protected by the attorney-client privilege, work product doctrine, the joint

18  defense privilege and/or any other applicable privilege or protection. WWE further objects to

19  Request No. 22 as seeking information not related to any of MLW's asserted claims and not

20  reasonably calculated to lead to the discovery of relevant, admissible evidence.

21  WWE will not produce materials responsive to Request No. 22.

22  **REQUEST FOR PRODUCTION NO. 23:**

23  All documents related to WWE's outreach, solicitation or hiring of former MLW

24  professional wrestler Lance Anoa'i ("Anoa'i"), including internal communications concerning

25  WWE's solicitation of Anoa'i, any WWE events, programs or promotions that Anoa'i appeared in,

26  and any communications with Anoa'i.

27

28

313958756.4

21

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2          WWE objects to Request No. 23 as premature because discovery is not yet open in this case,

3    no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

4    No. 23 to the extent that it calls for the production of documents unrelated to this matter, is

5    overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

6    proportional to the needs of the case.  WWE further objects to the extent that Request No. 23 seeks

7    documents that are protected by the attorney-client privilege, work product doctrine, the joint

8    defense privilege and/or any other applicable privilege or protection. WWE further objects to

9    Request No. 23 as seeking information not related to any of MLW's asserted claims and not

10   reasonably calculated to lead to the discovery of relevant, admissible evidence.

11         WWE will not produce materials responsive to Request No. 23.

12   **REQUEST FOR PRODUCTION NO. 24:**

13         From January 1, 2012 through the present, all lawsuits, claims, or complaints, threatened or

14   actual, made by any third party relating to allegations that WWE wrongfully poached or solicited

15   employees or contractors, or tortiously or unfairly interfered with a competitor's business, including

16   a copy of any transcript of testimony given in connection with such lawsuits, claims, or complaints.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

18         WWE objects to Request No. 24 as premature because discovery is not yet open in this case,

19   no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

20   No. 24 to the extent that it calls for the production of documents unrelated to this matter, is

21   overbroad and unduly burdensome, is vague in its request for "all", and is not proportional to the

22   needs of the case. WWE further objects to Request No. 24 to the extent it mischaracterizes any and

23   all legal actions, claims, or complaints and/or WWE's correspondence and/or conduct as

24   "threaten[ing]," or that WWE "wrongfully poached or solicited" or "tortiously or unfairly interfered

25   with a competitor." WWE further objects to the extent that Request No. 24 seeks documents that

26   are protected by the attorney-client privilege, work product doctrine, the joint defense privilege,

27   court protective orders, and/or any other applicable privilege or protection. WWE further objects

28

1  to Request No. 24 as seeking information not related to any of MLW's asserted claims and not

2  reasonably calculated to lead to the discovery of relevant, admissible evidence.

3       WWE will not produce materials responsive to Request No. 24.

4  **REQUEST FOR PRODUCTION NO. 25:**

5       All lawsuits, claims, or complaints, threatened or actual, made by WWE's employees in

6  connection with WWE's employment or contractor agreements, including claims or complaints

7  related to the hiring or retention of WWE's employees, contractors or agents, including a copy of

8  any transcript of testimony given in connection with such lawsuits, claims, or complaints.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

10      WWE objects to Request No. 25 as premature because discovery is not yet open in this case,

11 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

12 No. 25 to the extent that it calls for the production of documents unrelated to this matter, is

13 overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

14 proportional to the needs of the case. WWE further objects to the extent that Request No. 25 seeks

15 documents that are protected by the attorney-client privilege, work product doctrine, the joint

16 defense privilege, court protective orders, and/or any other applicable privilege or protection. WWE

17 further objects to Request No. 25 as seeking information not related to any of MLW's asserted

18 claims and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

19      WWE will not produce materials responsive to Request No. 25.

20 **REQUEST FOR PRODUCTION NO. 26:**

21      All documents relating to WWE's efforts to prevent competitors from booking arenas or

22 venues for the production of professional wrestling content, including, but not limited to, WWE's

23 efforts to book arenas or venues during times when competitors sought to book such arenas or

24 venues and communications with event venues, stadiums or arenas concerning third parties'

25 booking of, or attempt to book, such event venues, stadiums or arenas for events.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

27      WWE objects to Request No. 26 as premature because discovery is not yet open in this case,

28 no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

313958756.4

23

No. 26 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and is not proportional to the needs of the case. WWE further objects to Request No. 26 to the extent it mischaracterizes WWE's actions and/or correspondences as "efforts to prevent competitors" from "booking arena or venues."   WWE further objects to the extent that Request No. 26 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection. WWE further objects to Request No. 26 as seeking information not related to any of MLW's asserted claims and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Subject to and without waiving the foregoing objections, WWE states that it will not produce any responsive documents regarding Request No. 26 until discovery is open and a protective order and ESI protocols have been implemented. Once these are implemented and discovery opens, WWE will search for and produce relevant, responsive, non-privileged information based on agreed upon search terms.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning the internal decision making related to when WWE programming is broadcast or streamed, which networks or platforms stream such programming, and whether to air programming in timeslots that compete with competitors, including, but not limited to, internal analyses, forecasts or projections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

WWE objects to Request No. 27 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 27 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 27 seeks documents that are protected by the attorney-client

1   privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

2   or protection.

3       Subject to and without waiving the foregoing objections, WWE states that it will not

4   produce any responsive documents regarding Request No. 27 until discovery is open and a

5   protective order and ESI protocols have been implemented. Once these are implemented and

6   discovery opens, WWE will search for and produce relevant, responsive, non-privileged

7   information based on agreed upon search terms.

8   **REQUEST FOR PRODUCTION NO. 28:**

9       All documents concerning the internal decision making related to WWE's decision to air

10  Clash at The Castle on Saturday, September 3, 2022 and NXT Worlds Collide on September 4,

11  2022.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

13      WWE objects to Request No. 28 as premature because discovery is not yet open in this case,

14  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

15  No. 28 to the extent that it calls for the production of documents unrelated to this matter, is

16  overbroad and unduly burdensome, is vague in its request for "all" documents, and is not

17  proportional to the needs of the case.  MLW has failed to assert any facts in the operative complaint

18  relative to its claims, to support such a broad request for documents concerning its broadcasted

19  promotional events. WWE further objects to the extent that Request No. 28 seeks documents that

20  are protected by the attorney-client privilege, work product doctrine, the joint defense privilege

21  and/or any other applicable privilege or protection. WWE further objects to Request No. 26 as

22  seeking information not related to any of MLW's asserted claims and not reasonably calculated to

23  lead to the discovery of relevant, admissible evidence.

24      WWE will not produce materials responsive to Request No. 28.

25  **REQUEST FOR PRODUCTION NO. 29:**

26      All documents related to WWE's agreements for the distribution, licensing fees, rights fees,

27  advertising revenue, or subscription revenue of WWE professional wrestling content, including,

28  but not limited to agreements for the licensing or distribution of *Smackdown, RAW or NXT*

programming, including documents and communications concerning negotiations with counter-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

WWE objects to Request No. 29 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 29 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 29 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE states that it will not produce any responsive documents regarding Request No. 29 until discovery is open and a protective order and ESI protocols have been implemented. Once these are implemented and discovery opens, WWE will search for and produce relevant, responsive, non-privileged information based on agreed upon search terms.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to the pricing of WWE events, including but not limited to: (a) analyses concerning the initial pricing for the sale or licensing of WWE events to cable, broadcast or streaming platforms; (b) actual or potential price increases or decreases, including any such changes in response to competition from another product; (c) rebates, discounts, or markdowns, including the negotiation thereof; or (d) negotiations with cable, broadcast or streaming platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

WWE objects to Request No. 30 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 30 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

1  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

2  party's claim or defense in this case and not proportional to the needs of the case. WWE further

3  objects to the extent that Request No. 30 seeks documents that are protected by the attorney-client

4  privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

5  or protection.

6        Subject to and without waiving the foregoing objections, WWE states that it will not

7  produce any responsive documents regarding Request No. 30 until discovery is open and a

8  protective order and ESI protocols have been implemented. Once these are implemented and

9  discovery opens, WWE will search for and produce relevant, responsive, non-privileged

10  information based on agreed upon search terms.

11  **<u>REQUEST FOR PRODUCTION NO. 31</u>:**

12        All documents relating to: (a) competition to WWE, including but not limited to competition

13  from MLW, AEW or Impact; or (b) analyses, forecasts or other projections reflecting sales of WWE

14  programming, MLW programming, AEW programming or Impact programming, or any other

15  competition to WWE programming.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

17        WWE objects to Request No. 31 as premature because discovery is not yet open in this case,

18  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

19  No. 31 to the extent that it calls for the production of documents unrelated to this matter, is

20  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

21  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

22  party's claim or defense in this case and not proportional to the needs of the case.   WWE further

23  objects to Request No. 31 to the extent that it seeks documents outside the possession, custody,

24  and/or control of WWE or to which MLW has equal access, and therefore are equally or less

25  burdensome for Plaintiff to procure for itself. WWE further objects to the extent that Request No.

26  31 seeks documents that are protected by the attorney-client privilege, work product doctrine, the

27  joint defense privilege and/or any other applicable privilege or protection.

28

1    Subject to and without waiving the foregoing objections, WWE states that it will not

2  produce any responsive documents regarding Request No. 31 until discovery is open and a

3  protective order and ESI protocols have been implemented. Once these are implemented and

4  discovery opens, WWE will search for and produce relevant, responsive, non-privileged

5  information based on agreed upon search terms.

6  **REQUEST FOR PRODUCTION NO. 32:**

7    All documents concerning WWE's decision to shut down or discontinue its streaming

8  service, WWE Network.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

10   WWE objects to Request No. 32 as premature because discovery is not yet open in this case,

11  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

12  No. 32 to the extent that it calls for the production of documents unrelated to this matter, is

13  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

14  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

15  party's claim or defense in this case and not proportional to the needs of the case. WWE further

16  objects to the extent that Request No. 32 seeks documents that are protected by the attorney-client

17  privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

18  or protection.

19   Subject to and without waiving the foregoing objections, WWE states that its streaming

20  service, WWE Network, was not "shut down" or "discontinued," and it continues to operate.

21  Accordingly, there are no documents to produce in response to Request No. 32.

22  **REQUEST FOR PRODUCTION NO. 33:**

23   All documents, including market studies or analyses, concerning WWE's target audience

24  or viewership for professional wrestling content.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26   WWE objects to Request No. 33 as premature because discovery is not yet open in this case,

27  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

28  No. 33 to the extent that it calls for the production of documents unrelated to this matter, is

313958756.4

1  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

2  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

3  party's claim or defense in this case and not proportional to the needs of the case. WWE further

4  objects to the extent that Request No. 33 seeks documents that are protected by the attorney-client

5  privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

6  or protection.

7       Subject to and without waiving the foregoing objections, WWE states that it will not

8  produce any responsive documents regarding Request No. 33 until discovery is open and a

9  protective order and ESI protocols have been implemented. Once these are implemented and

10  discovery opens, WWE will search for and produce relevant, responsive, non-privileged

11  information based on agreed upon search terms.

12  **REQUEST FOR PRODUCTION NO. 34:**

13       On a monthly basis, all viewership or ratings data for professional wrestling content.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

15       WWE objects to Request No. 34 as premature because discovery is not yet open in this case,

16  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

17  No. 34 to the extent that it calls for the production of documents unrelated to this matter, is

18  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

19  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

20  party's claim or defense in this case and not proportional to the needs of the case.  WWE further

21  objects to the extent that Request No. 34 seeks documents that are protected by the attorney-client

22  privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

23  or protection.

24       Subject to and without waiving the foregoing objections, WWE states that the viewership

25  data and ratings data for its televised professional wrestling content is publicly available. For non-

26  publicly-available viewership data for WWE's professional wrestling content, WWE states that it

27  will not produce any responsive documents regarding Request No. 34 until discovery is open and

28  a protective order and ESI protocols have been implemented. Once these are implemented and

313958756.4

29

1   discovery opens, WWE will search for and produce responsive, non-privileged information based

2   on agreed upon search terms.

3   **REQUEST FOR PRODUCTION NO. 35:**

4       All minutes or notes relating to meetings of Your Board of Directors, or any committee or

5   subcommittee of the Board of Directors, from January 1, 2018 to the present.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

7       WWE objects to Request No. 35 as premature because discovery is not yet open in this case,

8   no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

9   No. 35 to the extent that it calls for the production of documents unrelated to this matter, is

10  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

11  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

12  party's claim or defense in this case and not proportional to the needs of the case.  WWE further

13  objects to the extent that Request No. 35 seeks documents that are protected by the attorney-client

14  privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege

15  or protection.  WWE further objects to Request No. 35 as overly broad and seeking information not

16  related to any of MLW's asserted claims and not reasonably calculated to lead to the discovery of

17  relevant, admissible evidence.

18      WWE will not produce materials responsive to Request 35.

19  **REQUEST FOR PRODUCTION NO. 36:**

20      All insurance policies, insuring agreements, declarations, binders, endorsements, and

21  certificates of insurance concerning insurance coverage maintained by you concerning the damages

22  sought in this Action.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

24      WWE objects to Request No. 36 as premature because discovery is not yet open in this case,

25  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

26  No. 36 to the extent that it calls for the production of documents unrelated to this matter, is

27  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

28  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

313958756.4

30

party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 36 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE refers MLW to its initial disclosures and states that it is not a party to any insurance or indemnification agreement that is relevant to this action at this time. WWE states that it does not have any documents responsive to Request No. 36.

**REQUEST FOR PRODUCTION NO. 37:**

All claims made or forms submitted by you to insurance carriers in connection with any claims made the basis of this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

WWE objects to Request No. 37 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 37 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 37 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE refers MLW to its initial disclosures and states that it is not a party to any insurance or indemnification agreement that is relevant to this action at this time. WWE does not have any documents responsive to Request No. 37.

**REQUEST FOR PRODUCTION NO. 38:**

All documents related to any notification, claim or reservation of rights, made under any insurance policy, in connection with the Complaint.

313958756.4

31

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

WWE objects to Request No. 38 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 38 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 38 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, WWE states that it does not have any documents responsive to Request No. 38.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning any settlement agreement, indemnity agreement, hold-harmless agreement, guaranty agreement, judgment sharing agreement, non-disclosure agreement, covenant not to sue, joint defense agreement, cooperation agreement, cost sharing agreement and common interest agreement between WWE and any other person in connection with this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

WWE objects to Request No. 39 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 39 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to the extent that Request No. 39 seeks documents that are protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

1       Subject to and without waiving the foregoing objections, WWE states that it does not have

2   any documents responsive to Request No. 39.

3   **REQUEST FOR PRODUCTION NO. 40:**

4       One copy of each of WWE's quarterly and annual financial statements and reports.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6       WWE objects to Request No. 40 as premature because discovery is not yet open in this case,

7   no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

8   No. 40 to the extent that it calls for the production of documents unrelated to this matter, is

9   overbroad and unduly burdensome, is vague, and seeks documents that are not relevant to any

10  party's claim or defense in this case and not reasonably calculated to lead to the discovery of

11  admissible evidence proportional to the needs of the case.

12      Subject to and without waiving the foregoing objections, WWE states that, as a publicly

13  traded company, its quarterly and annual financial statements and reports are publicly available at

14  www.sec.gov.

15  **REQUEST FOR PRODUCTION NO. 41:**

16      One copy of each U.S. tax return (federal and state) filed by WWE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

18      WWE objects to Request No. 41 as premature because discovery is not yet open in this case,

19  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

20  No. 41 to the extent that it calls for the production of highly sensitive documents unrelated to this

21  matter which seek information not related to any of MLW's asserted claims and not reasonably

22  calculated to lead to the discovery of relevant, admissible evidence.

23      Subject to and without waiving the foregoing objections, WWE states that it will not

24  produce a copy of its U.S. tax returns. As a publicly traded company, WWE's financials are publicly

25  available at www.sec.gov.

26

27

28

313958756.4

1  **REQUEST FOR PRODUCTION NO. 42:**

2      All documents evidencing your ability to satisfy a judgment in this Action, including all

3  documents concerning any financial reserve or amount to cover estimated or potential liabilities,

4  settlements or other expenses which may result from this Action.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

6      WWE objects to Request No. 42 as premature because discovery is not yet open in this case,

7  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

8  No. 42 to the extent that it calls for the production of documents unrelated to this matter, is

9  overbroad and unduly burdensome, is vague in its request for "all" documents related to an

10  undefined "judgment" in the case, and seeks documents that are not reasonably calculated to lead

11  to the discovery of admissible evidence relevant to any party's claim or defense in this case and not

12  proportional to the needs of the case. WWE further objects to the extent that Request No. 42 seeks

13  documents that are protected by the attorney-client privilege, work product doctrine, the joint

14  defense privilege and/or any other applicable privilege or protection.

15      Subject to and without waiving the foregoing objections, WWE states that as a publicly

16  traded company, its financials are publicly available at www.sec.gov. WWE will not produce

17  further materials responsive to Request No. 42.

18  **REQUEST FOR PRODUCTION NO. 43:**

19      All documents concerning this Action, including press releases.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

21      WWE objects to Request No. 43 as premature because discovery is not yet open in this case,

22  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

23  No. 43 to the extent that it calls for the production of documents unrelated to this matter, is

24  overbroad and unduly burdensome, is vague in its request for "all documents concerning this

25  Action," and is not proportional to the needs of the case. WWE further objects to the extent that

26  Request No. 43 seeks documents that are protected by the attorney-client privilege, work product

27  doctrine, the joint defense privilege and/or any other applicable privilege or protection.

28

313958756.4

34

1       Subject to and without waiving the foregoing objections, WWE states that it will not

2  produce any responsive documents regarding Request No. 43 until discovery is open and a

3  protective order and ESI protocols have been implemented. Once these are implemented and

4  discovery opens, WWE will search for and produce responsive, non-privileged information based

5  on agreed upon search terms.   As to press releases, they are publically available at

6  corporate.wwe.com/investors/news/press-releases.

7  **REQUEST FOR PRODUCTION NO. 44:**

8       All documents concerning written statements between you and third parties or your parent,

9  subsidiary or affiliate corporations, partners, stockholders and/or shareholders concerning this

10  Action.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

12       WWE objects to Request No. 44 as premature because discovery is not yet open in this case,

13  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

14  No. 44 to the extent that it calls for the production of documents unrelated to this matter, is

15  overbroad and unduly burdensome, is vague in its request for "all documents" "concerning this

16  Action," and seeks documents that are not reasonably calculated to lead to the discovery of

17  admissible evidence relevant to any party's claim or defense in this case and not proportional to the

18  needs of the case. WWE further objects to the extent that Request No. 44 seeks documents that are

19  protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or

20  any other applicable privilege or protection.

21       Subject to and without waiving the foregoing objections, WWE states that Request No. 44

22  is duplicative of Request No. 43, and WWE will produce materials responsive to this Request in

23  accordance with WWE's response to Request No. 43.

24  **REQUEST FOR PRODUCTION NO. 45:**

25       All documents, regardless of date, concerning any policies and/or procedures concerning

26  compliance with federal and state antitrust laws.

27

28

313958756.4

35

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

WWE objects to Request No. 45 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 45 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. As written, this request seeks all policies and procedures dating back to the foundation of WWE in 1953 which is out of scope and not reasonably calculated to lead to the discovery of admissible evidence. WWE further objects to Request No. 45 because it seeks documents that are clearly protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

WWE will not produce materials responsive to Request No. 45.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning each of the allegations in the Complaint and/or any denial or other contention or response you have with respect to each such allegation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

WWE objects to Request No. 46 as premature because discovery is not yet open in this case, no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request No. 46 to the extent that it calls for the production of documents unrelated to this matter, is overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense in this case and not proportional to the needs of the case. WWE further objects to Request No. 46 because it seeks documents that are clearly protected by the attorney-client privilege, work product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

WWE will not produce materials responsive to Request No. 46.

1  **REQUEST FOR PRODUCTION NO. 47:**

2       All documents concerning WWE's contracts with A&E, as well as documents concerning

3  WWE partnerships or programs that A&E participates in or airs.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

5       WWE objects to Request No. 47 as premature because discovery is not yet open in this case,

6  no protective order is in place, and no ESI protocol has been implemented. WWE objects to Request

7  No. 47 to the extent that it calls for the production of documents unrelated to this matter, is

8  overbroad and unduly burdensome, is vague in its request for "all" documents, and seeks documents

9  that are not reasonably calculated to lead to the discovery of admissible evidence relevant to any

10  party's claim or defense in this case and not proportional to the needs of the case. MLW has failed

11  to assert any facts in the operative complaint, relative to its claims, to support such a broad request

12  for documents concerning its contractual relationship with A&E. WWE further objects to the extent

13  that Request No. 47 seeks documents that are protected by the attorney-client privilege, work

14  product doctrine, the joint defense privilege and/or any other applicable privilege or protection.

15       Subject to and without waiving the foregoing objections, WWE states that it will not

16  produce any responsive documents regarding Request No. 47 until discovery is open and a

17  protective order and ESI protocols have been implemented. Once these are implemented and

18  discovery opens, WWE will search for and produce responsive, non-privileged information based

19  on agreed upon search terms.

20

21

22

23

24

25

26

27

28

313958756.4

37

Dated: December 23, 2022

Respectfully submitted,


By: Derek W. Kelley
_____

Daniel W. Fox (SBN 268757)
daniel.fox@klgates.com
Jerry S. McDevitt (*pro hac vice*)
jerry.mcdevitt@klgates.com
Christopher S. Finnerty (*pro hac vice*)
christopher.finnerty@klgates.com
Morgan T. Nickerson (*pro hac vice*)
morgan.nickerson@klgates.com
Derek W. Kelley (*pro hac vice*)
derek.kelley@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA  94103
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

*Counsel for Defendant*
World Wrestling Entertainment, Inc.

313958756.4

38