January 17, 2023

Honorable Susan van Keulen
United States District Court, Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

    **Re:** *MLW Media LLC v. World Wrestling Entertainment, Inc.*, No. 5:22-cv-00179-EJD – Joint Discovery Dispute Letter

Dear Judge van Keulen,

In accordance with Your Honor's Standing Order regarding discovery disputes and following an unsuccessful meet and confer telephone conference on January 4, 2023, the parties submit this joint letter concerning a discovery dispute among them. There are 255 days until the close of fact discovery. Defendant contends that the Court would benefit from further briefing and/or a hearing in this antitrust dispute.

## Statement of the Dispute

There are two unresolved issues between the Parties.

**Plaintiff's Position:** First, Plaintiff MLW Media LLC ("MLW") asks this Court to compel Defendant World Wrestling Entertainment, Inc. ("WWE") to produce documents in response to MLW's initial requests for production, which were served on October 17, 2022. Defendant refuses to search for, collect or produce any documents on the basis that discovery is purportedly not open and there is no protective order or ESI protocol in place. Plaintiff contends that discovery is open as the Court has entered a case management order and that the delay in entry of an agreed-upon protective order and ESI protocol is an issue of Defendant's own making.

**Defendant's Position:** Defendant opposes Plaintiff's request as improper judicial shopping of the dispute as Defendant has already filed a motion for protective order with Judge Davila to stay the production of the same documents Plaintiff now seeks to compel. ECF 51. As set forth in its pending motion for protective order, WWE argues that it should not be compelled to spend approximately $3 million dollars responding to discovery in a case that may be dismissed in its entirety, and where the scope of the discovery is yet to be decided by the Court. WWE faces significant prejudice if the Court grants MLW's motion to compel while its Motion for Protective Order remains pending with the presiding judge.

**Plaintiff's Position:** Second, Plaintiff asks this Court to resolve the parties' dispute as to the number of custodians that Defendant must search under the Proposed Stipulated ESI Protocol. Plaintiff contends that its proposal of sixteen custodians is appropriate and consistent with its Rule 26 disclosures.

**Defendant's Position:** WWE believes that the Parties have already agreed to an ESI Protocol and that it is premature to determine a proper number of custodians given that the parties do not yet know the scope of Plaintiff's claims. As set forth in WWE's Motion for Protective

1

Order, to collect, store, review, and produce documents from custodial files in an antitrust case costs between $160,000.00 and $210,000.00 *per custodian*. See ECF 51. Accordingly, WWE faces significant prejudice should the Court grant Plaintiff's motion and arbitrarily choose a number of custodians before the presiding judge rules on WWE's Motion to Dismiss and/or Motion for Protective Order.

## **Plaintiff's Position**

The Complaint in this action was filed on January 11, 2022. ECF 1. Judge Davila issued a scheduling order on December 13, 2022 that set a fact discovery cut-off of September 29, 2023. ECF 49.

Despite Judge Davila's order, discovery remains at a standstill because of Defendant's bad-faith purposeful delay and unilateral refusal to engage in the discovery process. Defendant maintains that it need not produce documents because "discovery is not yet open in this case." But this exact issue was put before Judge Davila in the Parties' Joint Rule 26(f) Report (ECF 47), in which the Parties submitted competing views of whether discovery in this matter was open. Judge Davila entered a case management order that requires the parties to complete fact discovery by September 29, 2023. ECF 49. Defendants have incredibly taken the position that they have the right to unilaterally stay discovery by filing a motion to dismiss -- a position which is directly belied by their own motion seeking to stay discovery ("Stay Motion") (ECF 51), which by necessity admits that discovery is indeed open. If Defendants have their way, discovery would not begin until after their motion is heard on May 11, 2023, leaving just a handful of months for discovery.

WWE relies on *Mujica v. Airscan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014). ECF 51 at 7. *Mujica* is inapposite, as that case concerned a plaintiff that admitted it could not meet "the specificity required by *Iqbal*, absent discovery." *Mujica*, 771 F.3d at 593. Moreover, WWE waived its right to object to whether discovery was open when it agreed to respond by December 23, 2022 to MLW's First Set of Requests for Production and agreed not to move to stay discovery prior to responding to those requests. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

WWE's claim that Defendant is prejudiced by Your Honor hearing this discovery dispute is without merit. Plaintiff is asking for a ruling on whether discovery is open; it is *not* asking for a ruling on the appropriateness of a stay. WWE's reliance on *Arcell v. Google, LLC*, No. 22-cv-02499-EJD (Dkt. 44) (Oct. 12, 2022), is misplaced because in that case, unlike here, there was no case management schedule set. The *Arcell* court believed that was a critical fact, ruling that *"[a]s no case management schedule has been set in this case, plaintiffs will suffer no prejudice* if they must wait until after the presiding judge resolves defendants' motion to stay discovery before pressing the relief they seek here." *Id.* at 2 (emphasis added).

MLW will be prejudiced by WWE's continued delays. Indeed, WWE waited more than *eight months* after the motion to dismiss was fully briefed to file the Stay Motion. While WWE

2

also claims that discovery will cost an estimated $3 million, this position is belied by the fact that the parties have not met and conferred on search terms, date parameters, or the scope of discovery requests. In the weeks that it will take for the pending motion to dismiss to be decided, WWE would incur minimal costs as it negotiates these terms and then begins its search and collection.

Even more shockingly, Defendant cites the lack of a protective order and ESI Protocol as a justification for refusing to produce documents. But the lack of such documents is an issue entirely of Defendant's own making. On October 7, 2022, the day after the Parties' 26(f) conference, MLW provided Defendant with drafts of a Protective Order and ESI Protocol. WWE waited more than six weeks to respond. MLW responded just four days later, on November 25 (the day after Thanksgiving). WWE then waited another 18 days to respond to MLW's edits. The Parties met and conferred on December 19 to discuss the outstanding issues. MLW turned its next set of edits to WWE the following day on December 20, yet WWE waited more than two more weeks (January 3) to send its own edits. The parties only reached agreement on the protective order on January 9, 2022, after MLW sent a draft of this joint submission.

Notwithstanding multiple meet and confers, WWE has also stymied discovery by taking issue with MLW's proposed ESI Protocol. At the outset, WWE mischaracterizes MLW's request as a motion to compel WWE's agreement to an ESI Protocol. MLW is asking the Court to compel WWE to search the files of sixteen custodians. MLW proposed that each party be permitted to request up to sixteen custodians, consistent with its initial disclosures, which identified sixteen current or former WWE employees that MLW believes possess relevant information. WWE has refused this reasonable starting point for the parties to evaluate the scope of searches and the burden of production of relevant materials.

As is now evident, WWE's motive in delaying the negotiation of the protocols has been in bad faith and has transparently been intended to delay discovery in this action. MLW is left with no recourse and respectfully requests the Court's intervention to resolve the dispute regarding the number of custodians, and to compel production of all non-privileged, responsive documents that Defendant refuses to produce on the basis that discovery is not currently open.

## Defendant's Position

Defendant believes that the Court should deny Plaintiff's motion to compel for the following reasons, which it is prepared to explain further should this Court order additional briefing or schedule a hearing.

***Regarding Plaintiff's Motion to Compel Document Production***. First, Plaintiff seeks to compel production of the *very same documents* that are the subject of WWE's motion for protective order currently pending before Judge Davila ("Motion for Protective Order"). ECF 51. While MLW argues that WWE has not produced documents because "discovery is not yet open in this case," that argument misconstrues WWE's Motion for Protective Order. WWE requested an order staying any obligation to collect, review, store, and produce documents until the Court rules on WWE's Motion to Dismiss the Complaint (which has been fully briefed since May of 2022). WWE in fact submitted an affidavit and a scholarly article evidencing that it would cost WWE approximately $3 million to do just this for the 16 custodians sought by Plaintiff. In short, WWE

3

argues to Judge Davila that it should not be forced to incur *$3 million in premature discovery expenses* for a case that may be dismissed in its entirety.

Defendant would face significant prejudice if the Court grants MLW's motion to compel while the Motion for Protective Order remains pending. The same issues relevant here are already before Judge Davila, and arguing it here does little more than prejudge a motion currently pending before the presiding judge. WWE could thus suffer substantial undue burden and expenses if forced to proceed with costly antitrust discovery that Judge Davila later rules WWE should never have faced.

Conversely, Plaintiff suffers no prejudice waiting for a ruling from Judge Davila on WWE's Motion for Protective Order. MLW contends that waiting for Judge Davila would leave only a "handful" of months open for discovery. However, *WWE is fully willing to stipulate to extending fact discovery for however long its Motion for Protective Order remains pending*.

Contrary to Plaintiff's assertion, *Arcell* is on point. *Arcell* is another antitrust case currently pending before Judge Davila. Magistrate Judge Virginia K. DeMarchi denied a motion to compel while a previously filed motion to stay was pending with Judge Davila. *Arcell v. Google, LLC*, No. 22-cv-02499-EJD (Dkt. 44) (Oct. 12, 2022) ("The Court cannot grant the relief plaintiffs request without prejudging a motion that is already fully-briefed and pending before the presiding judge."). That no case management order was entered in *Arcell* is irrelevant, as litigants and the Court can and frequently do extend deadlines. Like the magistrate judge in *Arcell*, this Court should defer to Judge Davila and allow him to rule on this issue.

Second, recent case law from Judge Davila supports denying this motion and allowing him to rule on the pending Motion for Protective Order. In *Arcell*, Judge Davila ultimately ruled that there was "good cause" to delay discovery pending resolution of a motion to dismiss because "it will promote efficiency and avoid undue burden to Defendant[]." *Id*. Indeed, as many courts have recognized, "discovery in antitrust cases tends to be broad, time consuming and expensive." *Id*. (quoting *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). Judge Davila thus held, "In antitrust cases," allowing a defendant to "challenge the legal sufficiency of complaints without subjecting themselves to discovery . . . makes sense *because the costs of discovery in such actions are prohibitive*." *Id*. (internal citations omitted, emphasis added). MLW does not even address the fact that Judge Davila ultimately granted a stay in a case with a nearly identical procedural posture to the current dispute. For this separate and independent reason, WWE should not be forced to incur the massive expense of discovery before the Court rules on its pending motion to dismiss.

*Regarding Plaintiff's Motion to Compel an ESI Protocol.* WWE believes that the Parties have agreed to an ESI Protocol. While MLW attempts to score points with the Court by arguing that "WWE has also stymied discovery by taking issue with MLW's proposed ESI Protocol," the only outstanding issue is the number of custodians from which a search will be conducted – an issue that is superfluous to the protocol itself. This Court's model rules do not require the Parties to stipulate to the initial number of custodians in an ESI Protocol, and Plaintiff's initial draft did not contain a proposed number of initial custodians. In fact, it is undisputed that there is no

requirement that an ESI Protocol have a set number of custodians.  However, by insisting upon a set number of custodians and refusing to negotiate fewer than sixteen initial custodians, Plaintiff seeks to create an issue where none exists in an effort to, once again, circumvent WWE's Motion for Protective Order. As set forth in WWE's Motion for Protective Order, to collect, store, review, and produce documents from the custodial files of sixteen custodians would cost an estimated $3 million dollars (i.e., between $160,000.00 and $210,000.00 *per custodian*).  *See* ECF 51.

Beyond the cost, at this juncture, it is simply premature to determine an appropriate amount of custodians.  As MLW admits above, "the parties have not met and conferred on search terms, date parameters, or the scope of discovery requests."  It makes no sense to arbitrarily pick a number of custodians when the parties have not agreed on the search terms, dates, or scope of discovery. Furthermore, should Plaintiff's claims be dismissed or partially dismissed, the scope of discovery would be dramatically reduced, and there would be no possible need to incur the cost of such a large number of *initial* custodians.  Until such time as the Court rules on the motion to dismiss, it is impossible to know whether Plaintiff has asserted a legally viable claim and, if so, what the proper scope of discovery should be over that claim.

For these reasons, WWE respectfully requests that Plaintiff's request be denied and that the Parties be order to meet and confer on finalizing the Stipulated ESI Protocol without the need for a specific number of initial custodians.

ON BEHALF OF MLW Media LLC

By: /s/ Jason S. Takenouchi

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowtz.com

Jason S. Takenouchi (CBN 234835)
Kasowitz Benson Torres LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

*Counsel for Plaintiff MLW Media LLC*

ON BEHALF OF World Wrestling Entertainment, Inc.

By: /s/ Morgan T. Nickerson

Morgan T. Nickerson (*pro hac vice*)
Christopher S. Finnerty (*pro hac vice*)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3123
christopher.finnerty@klgates.com

Daniel W. Fox (SBN 268757)
K&L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94103
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
daniel.fox@klgates.com

Jerry S. McDevitt (*pro hac vice*)
K&L Gates LLP
210 Sixth Ave.
Pittsburgh, PA 15222
Telephone: (412) 355-8608
jerry.mcdevitt@klgates.com

Derek W. Kelley (*pro hac vice*)
K&L Gates LLP
1601 K St. NW #1
Washington, D.C. 20006
Telephone: (202) 778-9467
derek.kelley@klgates.com

*Counsel for Defendant World Wrestling Entertainment, Inc.*