*Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MLW MEDIA LLC,

                Plaintiff,

    v.

WORLD WRESTLING ENTERTAINMENT, INC.,

                Defendant.

Case No: 5:22-cv-00179-EJD

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the undersigned Parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the Parties and/or non-parties in the Litigation including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony, regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Party or non-party during discovery in this Litigation, or any

information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of trade secrets and other confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.     **<u>Persons/Entities Covered</u>**. This Order is binding upon all current and future Parties to this Litigation, including their respective corporate parents, subsidiaries, affiliates, successors, or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. This Order shall also apply to any materials produced in discovery in this Litigation by non-parties. This Order does not limit any Party's or non-party's rights with respect to its own materials that it produces in discovery in this Litigation. When conducting discovery from non-parties, the Parties to this Litigation shall provide notice of the terms of this Order to such non-parties.

2.     **<u>Designation of Materials</u>**. Any Party or non-party responding to discovery requests or providing materials in connection with this Litigation ("Producing Entity"), or any Party that has an articulable confidentiality interest in the produced material choosing to designate materials produced by any Party or non-party ("Designating Party"), may designate all, or any part, of a document, discovery response, deposition, or other material as Confidential Material or Attorneys' Eyes Only (defined below) based on a good-faith belief that such materials qualify for that designation under the terms of this Order. Any Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses

2

and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.    "Confidential Material" shall mean (i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret, confidential research, analysis, development, or commercial or business information that is commercially sensitive, and has not been released into the public domain (unless through unauthorized disclosure), the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; (ii) personal identifying information (such as social security numbers, bank account numbers, home addresses, personal email addresses, or personal telephone numbers); (iii) any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law; or (iv) information required by agreement to be kept confidential.

4.    "Attorneys' Eyes Only Material" ("AEO Material") shall mean any Confidential Material that, if disclosed, is likely to cause significant competitive or commercial harm. By way of example only, AEO Material may include: trade secrets; sensitive and non-public research or analysis; competitively sensitive customer information; financial, marketing, or strategic business planning information; current or future pricing information; information relating to research, development, testing of, or plans for existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a Party or non-party in its present or proposed commercial production of such products; information relating to pending business plans that have not been made available to the public; personnel files; and communications that disclose any AEO Material.

a)    Confidential Material and AEO Material, respectively, shall include: (i) all copies, extracts, and complete or partial summaries prepared from such Confidential or AEO Material; (ii) portions of deposition transcripts and exhibits thereto that contain or summarize the

content of any such Confidential or AEO Material; (iii) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain or summarize the content of any such Confidential or AEO Material; (iv) written discovery responses and answers that contain or summarize the content of any such Confidential or AEO Material; and (v) deposition testimony designated in accordance with Paragraph 2(e) below. Nothing in this Order shall preclude or limit a Party's or their counsel's ability to summarize or characterize the nature of the Confidential or AEO Material disclosed in discovery to persons involved in the supervision of this Litigation who are not otherwise authorized to receive Confidential or AEO Material, provided that the specific contents of Confidential or AEO Material are not disclosed through such summaries or characterizations.

b)      Any document produced by a Producing Entity or designated by a Designating Party in this Litigation may be designated as Confidential Material by marking it "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document at the time of production. Any document produced by a Producing Entity or designated by a Designating Party in this Litigation may be designated as AEO Material by marking it "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the face of the document at the time of production. A Producing Entity or Designating Party may also designate electronic documents and other non-paper media as Confidential Material or AEO Material, as appropriate, by: (i) noting such designation in an accompanying cover letter; (ii) affixing the confidentiality designation to the material or its container, including the appropriate confidentiality designation in the load file provided with the electronic production; (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production; or (iv) using any other means that reasonably notifies the receiving party of the designation.

c)      Testimony provided in this Litigation may be designated as Confidential Material or as AEO Material if the testimony would reveal the Designating Party's or non-party's Confidential Material or AEO Material. The Party or non-party desiring to designate any portion of testimony as Confidential Material or AEO Material shall do so by so stating orally on the record on the day that the testimony is being given. Following any such oral designation, the confidential

portions of the deposition shall be taken only in the presence of persons entitled to access to such information under this Order, provided that in-house executives, employees or counsel authorized to receive Confidential Material pursuant to Paragraph 3(c) below shall only be excluded from the portion of the deposition that contains questions and answers that reveal the content of information designated as AEO Material. A Producing Entity or Designating Party may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or AEO Material in accordance with this Order by notifying all other Parties in writing within fourteen (14) business days of the Producing Entity's or Designating Party's receipt of the final transcript that the transcript contains Confidential Material or AEO Material and designating the specific pages and/or lines as containing Confidential Material or AEO Material. All transcripts and/or videos of testimony in this Litigation shall be treated as AEO Material and subject to this Order until fourteen (14) business days after a final transcript of the deposition (or other testimony) is received by the Producing Entity. Any portion of any deposition testimony that is not designated as Confidential Material or  AEO Material in accordance with this Paragraph within twenty-one (21) business days after a final transcript and/or video of the deposition (or other testimony) is received by the Producing Entity shall not be entitled to the protections afforded Confidential or AEO Material under this Order, except upon a showing of good cause. The term "testimony," as referred to in this Paragraph, shall not be construed to apply to in-court testimony.

        d)      Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain.

        e)      Each party shall provide a copy of the agreement annexed hereto as Exhibit A within twenty-one (21) days of it being executed by any individual.  The parties agree that this provision does not apply to experts, is not meant to prematurely disclose the identity of experts, and that the parties will identify experts in accordance with the Court's order(s) regarding the same.

     5.    **Individuals to Whom Confidential Material May Be Disclosed**.  Unless otherwise ordered by the Court or permitted in writing by the Producing Entity or the Designating Party, Confidential Material may only be disclosed to:

a)    The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category hereinafter referred to as the "Court");

b)    the officers and directors (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that they have executed the agreement annexed hereto as Exhibit A;

c)    Attorneys for a Party who are working on this Litigation and their employed or retained secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) (this category hereinafter referred to as "Attorneys"). Attorneys shall include in-house counsel actively involved in the prosecution or defense of this Litigation, provided that they have executed the agreement annexed hereto as Exhibit A;

d)    Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation (this category hereinafter referred to as "Court Reporters");

e)    Any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of, or otherwise consulting with, any of the Parties in this Litigation to assist counsel in this Litigation (this category hereinafter referred to as "Experts"), provided that the Expert(s) has executed the agreement annexed hereto as Exhibit A;

f)    Any mediators engaged by the Parties or appointed by the Court, and their support staff (this category hereinafter referred to as "Mediators"), provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

g)    Any person whom Attorneys for a Party have a good faith basis to believe authored or previously received the material;

h)    The Producing Entity's current directors or officers;

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:22-cv-00179-EJD

i)        The Producing Entity's current employees;

j)        Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity;

k)        Any witness that has or had possession of the material or access in the ordinary course of business to the material.  If a Receiving Entity wishes to show a witness material that partially meets this criteria (e.g., an email between two entities that is later forwarded internally within one entity, and that intra-entity discussion contains AEO Material), then the Receiving Entity may redact the entirety of the material that the Receiving Entity has reason to believe that the witness did not see previously;

l)        During the conduct of hearings or depositions, or in preparation specifically for a scheduled hearing or deposition, witnesses in the Litigation to whom disclosure is reasonably necessary and who have executed the agreement annexed hereto as Exhibit A (this category hereinafter referred to as "Witnesses");

m)        Any person other than those listed in this section for whom a Party requests permission to disclose Confidential Material by providing counsel for the Producing Entity or Designating Party with advance written notice, via electronic mail or hand delivery, at least seven (7) business days before any such disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. The Producing Entity or Designating Party shall respond in writing within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request. If the Producing Entity or Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure. The Party seeking disclosure may move the Court for an order allowing such disclosure;

n)        Any entity with which a Party has a contract of insurance, including attorneys who serve as counsel to the insurance provider (this category hereinafter referred to as "Insurers"), provided that the Attorneys for the Party have a good faith reason to believe that the Insurer(s) has a need to review such material for purposes of effectuating the contract of insurance, and provided

that the Insurer(s) (and the Insurer's counsel, if applicable) has executed the agreement annexed hereto as Exhibit A; and

     o)    Any other person to whom the Producing Entity or Designating Party consents in writing or by order of the Court.

    6.    **Individuals to Whom AEO Material May Be Disclosed**.  Unless otherwise ordered by the Court or permitted in writing by the Producing Entity, AEO Material may only be disclosed to the following, as defined in Paragraph 3 above:

    a)    The Court;

    b)    Attorneys for the Parties to this Litigation other than in-house counsel for Plaintiff and Defendant;

    c)    Court Reporters;

    d)    Experts to whom disclosure is reasonably necessary for this litigation, provided that they have executed the agreement annexed hereto as Exhibit A;

    e)    Mediators, provided that they have executed the agreement annexed hereto as Exhibit A;

    f)    Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity;

    g)    Witnesses in this Litigation; provided, however, that such disclosure shall only be made to a Witness:

    (i)    who is a current employee of the Producing Entity and who has or had an authorized right of access to the material in the ordinary course of that employment;

    or

    (ii)    who is an author, addressee, or recipient of the material in question or if there are other indicia that the witness has seen the document previously during the course of his or her employment with the Producing Entity;

h)        Any Party may request permission to disclose materials designated as AEO Material or otherwise covered by this Order to a person other than those listed in this section by providing counsel for the Producing Entity or the Designating Party with advance written notice via electronic mail at least seven (7) business days before any disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. Counsel for the Producing Entity or the Designating Party shall respond in writing via electronic mail within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request. If the Producing Entity or the Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure. The Party seeking disclosure may move the Court for an order allowing such disclosure; and

i)        Any other person to whom the Producing Entity or the Designating Party consents in writing or by order of the Court.

7.        **Handling of Confidential Material and AEO Material**.   All material designated as Confidential or AEO Material shall remain in the possession of the Attorneys who receive such material through discovery in this Litigation, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of those assisting the Attorneys to whom disclosure may be made under Paragraphs 3 and 4 above, including Experts, and copies of such materials may be submitted to the Court under seal as necessary. To the extent that Attorneys for any Party disclose Confidential Material or AEO Material, as contemplated in Paragraphs 3 and 4 above, that Party shall obtain from that person a fully executed copy of the agreement annexed hereto as Exhibit A as required, and shall ensure that the person complies with the requirements contained therein, including but not limited to the destruction of Confidential Material and AEO Material upon the completion of the person's assigned duties, as required by Paragraph 5 of Exhibit A.

8.        **Inadvertent Failure to Designate as to Confidentiality**. In the event that a Producing Entity or Designating Party fails to designate confidential material as Confidential or

9

AEO Material, the party in receipt of that material (the "Receiving Party") shall, upon a written request from the Producing Entity or the Designating Party, treat and preserve such information, document, paper, or other thing in accordance with the confidentiality designation that the Producing Entity or Designating Party states should have been affixed to it. Where a Producing Entity issues such written request, the Producing Entity shall re-produce the information, document, paper, or other thing with the appropriate confidentiality designation unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). Each Receiving Party shall replace the incorrectly designated materials with the newly designated materials, destroy the incorrectly designated materials, and treat the materials in accord with their new designation. Where a Designating Party issues such written request, the Receiving Party shall affix a designation to the materials that is sufficient to identity them as Confidential or AEO, as appropriate, and shall treat the materials in accord with their new designation. The inadvertent failure of a Party or non-party to designate material as Confidential or AEO at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the material or as to any other information relating thereto or on the same or related subject matter. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. If material inadvertently not designated as confidential was filed with a court on the public record or otherwise disclosed before the time of the material's later designation, then the Producing Entity or the Designating Party shall be responsible for seeking appropriate relief, including return of the material.

9.  **Challenging a Confidentiality / AEO Designation**.

a)  A Receiving Party shall not be obligated to challenge the propriety of a Confidential or AEO designation at the time the designation is made. A Receiving Party may challenge a confidentiality designation at any time, and a Receiving Party's failure to have made such a challenge at any previous time, including after acceptance or receipt of material with a

confidentiality designation, shall not be deemed a waiver of the Receiving Party's right to challenge any confidentiality designation.

b)    A Receiving Party seeking to challenge a Confidential or AEO designation shall give notice in writing of such challenge to counsel for the Producing Entity or the Designating Party, specifying Bates numbers or otherwise identifying the materials at issue and setting forth the basis for the Receiving Party's challenge.

c)    Within fourteen (14) days of receipt of written notice that the Receiving Party objects to the confidentiality designation, counsel for the Producing Entity or the Designating Party shall meet and confer with counsel for the Receiving Party to attempt to resolve the challenge. A party challenging a confidentiality designation may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

d)    If the Parties cannot resolve a challenge without court intervention, the Producing Entity or Designating Party shall file and serve a motion (the "Confidentiality Motion") to retain confidentiality or AEO designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such Confidentiality Motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Producing Entity or Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality or AEO challenge. In addition, after the filing of three (3) Confidentiality Motions as contemplated above, to avoid abuse of this process, the Producing Party may request that the Court, upon a showing of good cause, shift the burden to move on the Receiving Party utilizing the process and timing described above.  Moreover, the Receiving Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought

11

pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Any papers filed in support of or in opposition to this motion shall, to the extent necessary, be filed pursuant to Paragraph 8 below of this Order.

e)      The Producing Entity or the Designating Party bears the burden of proof on the issue of the propriety of the challenged confidentiality designation.

f)      Until the parties or the Court resolves a challenge to the designation of Confidential Material or AEO Material, the asserted designation shall remain in effect.

10.    **Filing Confidential Material and AEO Material**. In accordance with Rule VII of Judge Davila's Standing Order Civil Cases, a Party shall seek leave of Court if the Party intends to file any document, including but not limited to pleadings, motions, transcripts, or other filings that disclose the substance thereof, requiring redaction of Confidential or AEO Materials. Any document containing Confidential Material or AEO Material shall be deemed timely filed when (i) a request for filing under seal is filed with the Court and (ii) an electronic version of the complete, unredacted brief or submission (including any attachments and exhibits) is served upon counsel of record for all Parties via electronic mail or other electronic transmission.

11.    **Use of Confidential and AEO Material**.

a)      Each Receiving Party shall only use materials produced in discovery in this Litigation, including but not limited to all materials designated Confidential and AEO, in furtherance of the prosecution, defense, or attempted settlement of this Litigation, and shall not use such materials at any time for any other purpose whatsoever, including, without limitation, any commercial or business purpose, and such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or AEO must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

b)      This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a Party with respect to these

actions, and in the course thereof, from generally relying upon his or her examination of Confidential and/or AEO Materials. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential and/or AEO Materials of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

c)   If any Confidential Material or AEO Material is filed in the public record by the Producing Entity or the Designating Party, such public filing shall constitute the Producing Entity's or Designating Party's waiver of the designation of the publicly filed material for its use by any Party in this Litigation; provided, however, that inadvertent disclosure of Confidential or AEO Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within three (3) business days by withdrawing the public filing containing Confidential or AEO Material, and the filing is replaced with a filing under seal pursuant to Paragraph 8.  However, such public filing will not constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

d)   Nothing in this Order shall be construed to prejudice any Party's right to use Confidential Material or AEO Material in any hearing or other pre-trial proceeding before the Court, or any Party's right to challenge any such use. If a Party intends to use Confidential and/or AEO Material in any hearing or other pre-trial proceeding before the Court, it should alert the Court and the Designating Party or non-party in advance of the anticipated use so that the appropriate protections can be put in place. For the avoidance of doubt, this subsection shall not apply to Court filings, and the Parties will comply with all requirements as they relate to materials to be filed under seal.  The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

e) Further procedures for the handling of Confidential Material and AEO Material at trial shall be addressed in a final pretrial order. The Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated as Confidential or AEO prior to the entry of a final pretrial order.

12. **Other Proceedings**. Any person or Party subject to this Order who receives a subpoena or other request for production of information covered by this Order shall promptly notify the Producing Entity or the Designating Party so that the Producing Entity or the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed. Confidential and AEO Materials shall not be produced in any other proceeding, or for any use other than in this Litigation, without an order compelling production from a court of competent jurisdiction or the agreement of the Producing Entity or the Designating Party.

13. **Unauthorized Disclosure of Confidential or AEO Information**.

a) If any person subject to this Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential Material or AEO Material to someone not authorized to receive such material under this Order, counsel for the party involved shall (i) immediately inform outside counsel for the Producing Entity or Designating Party whose Confidential or AEO Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure and (ii) use his or her best efforts to obtain the return or destruction of all improperly disseminated copies of such materials (including hardcopies and electronic versions) and to prevent any further improper dissemination of the same. Each Party shall cooperate in good faith in efforts to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.

b) The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

14. **Inadvertent Production or Disclosure of Privileged Documents**. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable

privilege or immunity is produced inadvertently, Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

15. **Non-parties**.

a) If information sought in a discovery request implicates a Producing Entity's obligation to a non-party not to disclose such information, the following procedures shall be followed unless an order by the Court dictates a different procedure:

(i) The Producing Entity shall timely serve a written objection to the production of such information on the basis of its obligation to a non-party not to disclose the information.

(ii) The Producing Entity shall, no later than the date on which written objections are served, provide the non-party written notice of the pending request and a copy of this Order.

(iii) Unless the non-party objects to the disclosure and seeks a protective order or other appropriate relief from the Court within fourteen (14) days from which the written notice of the pending request was sent by the Producing Entity or such additional time as may be required by the Producing Entity's obligation to the non-party, the Producing Entity shall produce the materials subject to any appropriate designations under the terms of this Order.

(iv) Should the non-party timely seek a protective order or other appropriate relief from the Court, no disclosure shall be made or required unless disclosure is ordered by the Court.

(v) Nothing in this Order shall be deemed to prohibit, hinder, or otherwise affect any Party's or non-party's ability to raise any objections on any basis to requests for discovery.

(vi) Nothing in this Order shall be deemed to require any Producing Entity to subject itself to any penalties for noncompliance with any legal process or order,

or to seek any relief from the Court in connection with obligations imposed by a discovery request.

b)  Notwithstanding the foregoing, if a Producing Entity determines that it is unable to comply with the procedures set forth in section 13(a), it will notify the Party seeking the discovery at issue and meet and confer to determine an alternative procedure.

c)  If any discovery requests are served on a non-party, the Party serving the discovery request shall provide the non-party with a copy of this Order.

16.  **Further Application**. Nothing in this Order shall preclude any Party or any non-party from whom discovery has been requested from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Litigation. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to enforce the terms of this Order.

17.  **Reservation of Rights**.  By designating any material Confidential or AEO, the parties do not acknowledge that any such material is relevant or admissible in this Litigation. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Litigation.

18.  **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) to an amendment, modification, or supplement to this Order. Nothing in this Order shall preclude any party from seeking an order of the Court amending, modifying, or supplementing this Order.

19.  **Conclusion of This Litigation**.

a)  The provisions of this Order will not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the parties or by an order of this Court.

b)      Within sixty (60) days after such time as a Receiving Party's involvement in this Litigation is concluded, whether by final adjudication on the merits from which there remains no appeal by right or by other means, the Receiving Party shall undertake commercially reasonable efforts (i) to destroy all Confidential Material and AEO Material (including but not limited to copies in the possession or control of any Expert or employee), or (ii) to return all such material. The Receiving Party must certify in writing to the Producing Entity or the Designating Party that all such materials were destroyed or returned. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Order, to retain such work product in their files, so long as the terms of this Order will continue to govern any such retained materials.

c)      Notwithstanding any other provision of this Order, counsel shall be entitled to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits), even if such materials contain Confidential Material or AEO Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's reasonable efforts shall not require the destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

20.      **Termination of Access**.

a)      In the event any person or Party permanently ceases to be engaged in the conduct of the Litigation, such person's or Party's access to Confidential and AEO Materials shall be terminated, and all copies thereof shall be destroyed in accordance with the terms of Paragraph

1    17 above, except that such destruction shall take place as soon as practicable after such person or

2    Party ceases to be engaged in the conduct of this Litigation.

3         b)    The provisions of this Order shall remain in full force and effect as to any

4    person or party who previously had access to Confidential and AEO Materials, except as may be

5    specifically ordered by the Court or consented to by the Producing Entity or the Designating Party.

6

7    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8

9    Dated: _____          _____

10                                          Hon. Susan van Keulen
                                            U.S. MAGISTRATE JUDGE

11

12   ON BEHALF OF **MLW Media LLC**          ON BEHALF OF **World Wrestling**
                                            **Entertainment, Inc.**
13

14   By: */s/* Jason S. Takenouchi          By: */s/* Morgan T. Nickerson

15   Marc E. Kasowitz (*pro hac vice*)       Morgan T. Nickerson (*pro hac vice*)
16   Christine A. Montenegro (*pro hac vice*)  Christopher S. Finnerty (*pro hac vice*)
     Nicholas A. Rendino (*pro hac vice*)    K&L Gates LLP
17   Kasowitz Benson Torres LLP              State Street Financial Center
     1633 Broadway                           One Lincoln Street
18   New York, NY 10019                      Boston, MA 02111
     Telephone: (212) 506-1700              Telephone: (617) 261-3123
19   Facsimile: (212) 506-1800              christopher.finnerty@klgates.com
     mkasowitz@kasowitz.com
20   cmontenegro@kasowitz.com               Daniel W. Fox (SBN 268757)
     nrendino@kasowtz.com                   K&L Gates LLP
21                                          Four Embarcadero Center
22   Jason S. Takenouchi (CBN 234835)       Suite 1200
     Kasowitz Benson Torres LLP             San Francisco, CA 94103
23   101 California Street, Suite 3000       Telephone: (415) 882-8200
     San Francisco, California 94111        Facsimile: (415) 882-8220
24   Telephone: (415) 421-6140              daniel.fox@klgates.com
     Fax: (415) 398-5030
25   jtakenouchi@kasowitz.com               Jerry S. McDevitt (*pro hac vice*)
26                                          K&L Gates LLP
     *Counsel for Plaintiff MLW Media LLC*   210 Sixth Ave.
27                                          Pittsburgh, PA 15222
28                                          18

Telephone:  (412) 355-8608
jerry.mcdevitt@klgates.com

Derek W. Kelley (*pro hac vice*)
K&L Gates LLP
1601 K St. NW #1
Washington, D.C. 20006
Telephone: (202) 778-9467
derek.kelley@klgates.com

*Counsel for Defendant World Wrestling
Entertainment, Inc.*

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:22-cv-00179-EJD

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, am employed by:
_____.

I acknowledge and certify as follows:

1.      I have read the Protective Order in *MLW Media LLC v. World Wrestling Entertainment, Inc.,* No. 5:22-cv-00179-EJD, United States District Court for the Northern District of California, and agree to be bound by its terms.

2.      I will not make copies or notes of Confidential Material or AEO Material that I receive in this Litigation except as necessary to enable me to render assistance in connection with this Litigation.

3.      I will not disclose Confidential Material or AEO Material that I receive in this Litigation to any person not expressly entitled to receive it under the terms of the Protective Order, and will retain any Confidential Material or AEO Material that I receive in this Litigation in a safe place.

4.      I will not use Confidential Material or AEO Material that I receive in this Litigation for any purpose other than that authorized by the Protective Order.

5.      I will retain all Confidential Material or AEO Material that I receive in this Litigation in my custody until I have completed my assigned duties, whereupon they will be destroyed, as provided by the Protective Order. Such destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

7.      I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

Date: _____          Signature: _____

                                 Address: _____

2