Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowtz.com

*Attorneys for Plaintiff MLW Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MLW MEDIA LLC, | CASE NO. 5:22-cv-00179-EJD |
| Plaintiff, | **DECLARATION OF JASON S. TAKENOUCHI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendant. | |

**DECLARATION**

I, Jason S. Takenouchi, hereby declare as follows:

1. I am a partner at Kasowitz Benson Torres LLP, counsel for Plaintiff MLW Media LLC ("MLW") in this case. I make this declaration based on personal knowledge, unless otherwise noted herein, and, if called upon to do so, I could and would testify competently thereto.

2. MLW filed its complaint initiating this action on January 11, 2022. (ECF 1.)

3. On January 12, 2022, the Court entered the Order Setting Initial Case Management Conference and ADR Deadlines (ECF 6), which set the Initial Case Management Conference ("ICMC") for April 12, 2022. The ICMC was subsequently reset for April 21, 2022. (ECF 13).

4. On March 3, 2022, I emailed World Wrestling Entertainment, Inc's ("WWE") counsel, Christopher Finnerty, to discuss a briefing schedule for WWE's then forthcoming motion to dismiss.

5. Mr. Finnerty responded on March 6, 2022 with a proposed briefing schedule, and a request that the parties continue the conference required by Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") until after the Court's ruling on the motion to dismiss, on a date of the Court's choosing.

6. On March 8, 2022, I had a brief phone call with Mr. Finnerty to discuss his proposal, during which I informed him that MLW would not agree to postpone the Rule 26(f) conference until after the Court's ruling, as this would effectively stay discovery for several months.

7. In response, Mr. Finnerty indicated that if MLW did not agree to continue the Rule 26(f) conference, WWE would view the phone call as a meet and confer for the purpose of filing a motion to stay discovery.

8. On March 14, 2022, WWE attorney Derek Kelley, informed MLW's counsel by email that WWE intended to file a motion to dismiss and a motion to stay discovery on the following day, March 15, and that WWE planned to reserve April 21 for a hearing date on the motion to stay.

9. On March 15, 2022, WWE filed a motion to dismiss with a hearing date of September 29, 2022, but did not file a motion to stay discovery.

10. On March 16, 2022, Mr. Kelley informed MLW's counsel by email that WWE planned to move to stay discovery on the following day, March 17, and would ask the Court to hear the motion on April 21.

11. WWE did not file a motion to stay discovery on March 17 or thereafter.

12. On March 24, 2022 the ICMC was reset to October 27, 2022. (ECF 32.)

13. By an email sent on May 5, 2022, MLW's counsel asked WWE to participate in a Rule 26(f) conference within 14 days, consistent with Rule 26(f)'s requirement that the parties meet and confer "as soon as practicable."

14. Mr. Finnerty responded on May 9, 2022, refusing to participate in a Rule 26(f) conference until after the Court heard oral argument on WWE's motion to dismiss, and asserting that it would be impracticable for the parties to meet before then.

15. On May 11, 2022, MLW's counsel advised Mr. Finnerty by email that MLW would move to compel WWE's compliance with Rule 26(f) if WWE maintained its position to refuse to meet and confer, and requested that the parties meet and confer to discuss this forthcoming motion.

16. WWE responded on May 12, claiming that October 6, 2022 was "the most 'practical' date to conduct the conference, as both parties will have a better sense of what claims, if any, will be moving forward." Attached hereto as Exhibit A are true and correct copies of the May 5, May 9, May 11, and May 12 communications.

17. The parties met and conferred on May 20, 2022. MLW's counsel, Christine Montenegro, asked Mr. Finnerty what his basis was for concluding that the parties would have a better sense of what claims would be moving forward on October 6, 2022, given that the oral argument on WWE's motion to dismiss was scheduled to occur just one week prior, on September 29, 2022. Mr. Finnerty stated that he did not have a specific reason, but referred Ms. Montenegro back to his prior emails.

18. During this meet and confer, WWE refused to schedule a Rule 26(f) conference before October 2022, and the parties did not reach a resolution.

19. On September 21, 2022, counsel for MLW again reminded counsel for WWE that the parties are required to hold a Rule 26(f) conference "as soon as practicable" and no later than October 6, 2022. On September 22, WWE agreed to schedule a Rule 26(f) conference for October 6, 2022, the last day for compliance. Attached hereto as Exhibit B is a true and correct copy of the September 21 and September 22 communications.

20. On October 6, 2022, the parties held the Rule 26(f) conference. The following day, on October 7, 2022, MLW sent counsel for WWE its proposed edits to the Joint 26(f) report and drafts of a proposed Protective Order, proposed ESI Protocol, Proposed Stipulated Protocol for Fact Discovery ("Fact Discovery Protocol"), and Proposed Stipulated Protocol for Expert Discovery ("Expert Discovery Protocol"). On October 13, counsel for WWE informed MLW that they would review and respond "to each [of the draft documents] in due course." However, on October 14, the Court reset the date for the ICMC to December 15, 2022 (ECF 44), and WWE reversed course, informing MLW on October 16 that it does "**not** agree that the joint statement should be filed tomorrow." Attached hereto as Exhibit C is a true and accurate copy of the e-mail thread containing the referenced communications on October 7, October 13, October 14, and October 16, between MLW and WWE.

21. MLW served its First Set of Requests for Production ("Requests") on October 17, 2022. On October 25, 2022, WWE requested a five-week extension to respond, contending that "it will take longer than 30 days for us to diligently review those requests and be in a position to respond to them." WWE also noted that additional time was needed in light of "the November holiday approaching[.]" While MLW sought to compromise, and offered to agree to a three-week extension of the deadline to respond, WWE declined, writing that it needed until December 23, 2022, (more than two months) to respond. On November 4, 2022, MLW offered to grant WWE's request for a five-week extension on the condition that WWE "not move to stay discovery prior to

4

DECLARATION OF JASON S. TAKENOUCHI
CASE NO. 5:22-CV-00179-EJD

responding to the requests," which WWE agreed to. Attached hereto as Exhibit D is a true and correct copy of these communications.

22. On November 15, 2022, MLW requested an update on WWE's edits to the proposed Protective Order, ESI Protocol, Fact Discovery Protocol, and Expert Discovery Protocol, as no response had been given in the nearly six weeks since WWE provided drafts of these discovery protocols.

23. On November 21, 2022, WWE responded with edits to the Joint 26(f) report, the proposed Protective Order and ESI Protocol, but failed to provide edits to the Fact Discovery Protocol or Expert Discovery Protocol. MLW asked WWE if it would provide edits to the Fact Discovery Protocol or Expert Discovery Protocol, to which WWE responded on November 22, 2022: "With the motion to dismiss still pending, we do not believe it prudent to utilize resources on the Proposed Fact Deposition Protocol or the Proposed Expert Discovery Protocol." Attached hereto as Exhibit E is a true and accurate copy of the email thread containing the communications on November 15, November 21, and November 22, 2022.

24. On November 25, 2022, MLW responded to WWE's edits to the Protective Order and ESI Protocol. On December 1, MLW followed up with WWE again, asking when it could expect edits to the Protective Order and ESI Protocol. WWE responded nearly two weeks later, on December 13, 2022. Attached hereto as Exhibits F, G, and H respectively are true and accurate copies of the email threads containing the communications on November 25, December 1 and December 13, 2022.

25. The following day, on December 14, MLW requested a meet and confer to address the outstanding issues with the proposed Protective Order and the ESI protocol. The parties met and conferred on December 19, 2022. MLW provided its edits stemming from the meet and confer the following day, on December 20, 2022. Attached hereto as Exhibit I is a true and accurate copy of these communications.

26. On December 23, 2022, WWE served its responses to the MLW's Requests for

5
DECLARATION OF JASON S. TAKENOUCHI
CASE NO. 5:22-CV-00179-EJD

Production, noting in its cover email that "WWE objected to many of the requests based on the fact that discovery is not yet open in this case. It is our position that discovery does not open until the Court rules on the motion to dismiss." Attached hereto as Exhibit D is a true and accurate copy of this communication.

27. On that same day, MLW asked WWE for an update on its edits to the Protective Order and ESI Protocol. While WWE responded that it would circulate its revisions to the Protective Order and ESI Protocol by December 28, it did not do so until January 3, 2023. Attached hereto as Exhibit I is a true and accurate copy of these communications.

28. The parties met and conferred regarding the parties' discovery disputes on January 4, 2023. During that conference, MLW explained to WWE the relevance of its discovery requests and proposed to narrow many requests to meet WWE's concerns. For example, MLW agreed to limit one of its requests for records regarding WWE's efforts to poach competitors' employees, to just those records relating to wrestlers and for a set period of time. The parties also further negotiated the draft protective order and draft ESI protocol, but remain at an impasse regarding the burdens for challenging confidentiality and the number of custodians.

29. WWE produced no documents in response to the Requests for Production and, on January 5, 2023, WWE moved for a protective order to stay discovery (ECF 51).

30. On January 6, 2023, WWE sent MLW a draft Protective Order that largely adopted MLW's proposal—which MLW first circulated on October 7, 2022. Under the draft Protective Order, the parties are limited to whom competitively sensitive information may be disclosed, and WWE can designate competitively sensitive information so as to prevent MLW's employees from accessing it. The parties filed this proposed Stipulated Protective Order on January 18, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2023, in San Francisco, California.

By: */s/* Jason S. Takenouchi
     Jason S. Takenouchi