Daniel W. Fox (SBN 268757)
daniel.fox@klgates.com
Jerry S. McDevitt (*pro hac vice*)
jerry.mcdevitt@klgates.com
Christopher S. Finnerty (*pro hac vice*)
christopher.finnerty@klgates.com
Morgan T. Nickerson (*pro hac vice*)
morgan.nickerson@klgates.com
Derek W. Kelley (*pro hac vice*)
derek.kelley@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94103
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Counsel for Defendant*
World Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MLW MEDIA LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>        Defendant. | Case No. 5:22-cv-00179-EJD<br><br>**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF** |

## NOTICE OF MOTION FOR ADMINISTRATION RELIEF

**PLEASE TAKE NOTICE** that Defendant World Wrestling Entertainment, Inc. ("WWE") hereby moves the Court for an order granting its Motion for Administrative Relief pursuant to L. R. 7-11. Specifically, WWE respectfully asks the Court enter an order scheduling a status conference to resolve outstanding disputes and uncertainty regarding its Case Management Order (ECF No. 49).

314484635.1

5:22-CV-00179-EJD

# MOTION

This is an antitrust action brought by Plaintiff MLW Media LLC ("MLW") subject to a fully briefed Motion to Dismiss (ECF No. 19, filed Mar. 15, 2022). While the motion is pending, MLW seeks to impose $3 million in premature discovery costs on WWE. Although WWE does not believe that this Court affirmatively opened discovery, WWE filed a Motion for Protective Order (ECF No. 51, filed Jan. 5, 2023) asking this Court to shield WWE from the tremendous expense attributable to collecting, reviewing, storing, and producing documents pending a ruling on the Motion to Dismiss. The hearing date for Motion for Protective Order is May 11, 2023. Seeking to subvert that motion before this Court can rule on it, MLW engaged in judicial forum shopping and filed a Motion to Compel before Mag. Judge van Keulen (ECF No. 52, filed Jan. 17, 2023). The purpose of the Motion to Compel is simple: MLW seeks to force WWE to collect, review, store, and produce the same documents that are the subject of the earlier filed protective order.

WWE believes that some of the issues underpinning this motion practice could be resolved through a status conference addressing certain outstanding administrative disputes and uncertainties arising from the Case Management Order. It therefore respectfully requests pursuant to L. R. 7-11 that the Court schedule a status conference for the following three reasons:

**First**, the Joint Case Management Statement (ECF No. 47) identified a dispute between the Parties as to when discovery opens. Defendant proposed that discovery should open two weeks after this Court rules on the fully briefed Motion to Dismiss. Plaintiff proposed that discovery is already open. The Case Management Order did not address this dispute. As such, the Parties continue to disagree on whether discovery is open despite the pending Motion to Dismiss.

This disagreement now risks wasting judicial resources and prejudicing WWE. Because MLW insists that discovery is open, WWE filed a Motion for Protective Order. However, this Court cannot hear that motion until May 11, 2023. Plaintiff, seeking to take advantage of the Court's busy schedule, moved Mag. Judge van Keulen to compel WWE to collect, review, store, and produce those same documents before this Court has an opportunity to rule on the pending Motion for Protective Order. A difference of opinion between Mag. Judge van Keulen and Your Honor thus

may result in WWE incurring considerable expense before this Court rules on WWE's pending motions.

A status conference would allow the Court to consider the Parties' positions and rule on whether the Case Management Order was intended to open discovery pending a ruling on the Motion to Dismiss. If it did not open discovery, the Parties' motion practice is unnecessary. If, however, the Case Management Order was intended to open discovery, Defendant's earlier Motion for Protective Order is ripe, and Plaintiff's later Motion to Compel is improper forum shopping and should be denied.

**Second**, a status conference is needed for the Parties to propose changes to the Case Management Order pending the Court's ruling on the Motion to Dismiss (ECF No. 19, filed Mar. 15, 2022). Because the resolution of the motion may delay the production of documents, Defendant believes that the deadlines for discovery may need to be extended. According to MLW's portion of the Parties' Joint Statement to Mag. Judge van Keulen in support of its Motion to Compel, MLW will be prejudiced if it cannot immediately force WWE to spend millions of dollars on document discovery. Specifically, MLW argues that the Case Management Order provides insufficient time for fact discovery. A status conference would provide the Court an opportunity to quickly discuss scheduling with the Parties and revise the deadlines, thus eliminating any potential, perceived harm to the Parties from the pendency of Defendant's motions.

**Third**, a status conference and resolution of these issues would benefit third parties potentially subject to discovery. MLW has thus far served three third-party subpoenas and has demanded responses by February 13, 2023. These concern a different competitor's attempt to book one arena in New York City, Madison Square Garden, in 2019, which that competitor ultimately succeeded in booking. As MLW would have no possible cause of action arising from this discovery, and as MLW has not alleged tortious interference or monopolization in any market for booking arenas, WWE presumes that MLW will soon seek further third-party discovery. Clarity on the discovery schedule and whether discovery is open would allow these third parties and other future recipients of third-party subpoenas to determine when and how to respond to discovery requests.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully seeks an order for a status conference at the Court's earliest convenience, and for any other relief that the Court deems appropriate.

Dated: January 20, 2023				K&L GATES LLP


						By: *Christopher S. Finnerty*


						Daniel W. Fox (SBN 268757)
						daniel.fox@klgates.com
						Jerry S. McDevitt (*pro hac vice*)
						jerry.mcdevitt@klgates.com
						Christopher S. Finnerty (*pro hac vice*)
						christopher.finnerty@klgates.com
						Morgan T. Nickerson (*pro hac vice*)
						morgan.nickerson@klgates.com
						Derek W. Kelley (*pro hac vice*)
						derek.kelley@klgates.com
						K&L GATES LLP
						Four Embarcadero Center
						Suite 1200
						San Francisco, CA  94103
						Telephone: (415) 882-8200
						Facsimile:  (415) 882-8220


						*Counsel for Defendant*
						World Wrestling Entertainment, Inc.

314484635.1