Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLW MEDIA LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC.,<br><br>          Defendant. | CASE NO. 5:22-cv-00179-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION FOR ADMINISTRATIVE RELIEF** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

Defendant World Wrestling Entertainment, Inc.'s ("WWE") motion for administrative relief (ECF 57) is its latest desperate attempt to delay discovery that will expose its anticompetitive scheme to destroy Plaintiff MLW Media LLC's ("MLW") business and monopolize the U.S. market for the sale of broadcasting rights for professional wrestling programs.  The motion fails on procedure and substance.

As a procedural matter, WWE's motion was made without the meet and confer required under the Local Rules of the Northern District of California (the "Local Rules").

On substance, the motion ignores the Court's Case Management Order, which held (over WWE's objection) that discovery *is open*.  WWE's assertion that a status conference is needed for the Parties to propose changes to the Case Management Order, pending the Court's ruling on the Motion to Dismiss, is ridiculous on its face.  In fact, the Court was well aware of the pending motion to dismiss when it issued its Case Management Order.  And no further conference is needed to reinforce this Court's clear guidance in that order that discovery is open—indeed, if discovery were not open then it would not be set to close on September 29, 2023.  (ECF 49.)

WWE's other arguments are equally flawed.  MLW did not engage in forum shopping; rather, it properly filed its motion to compel before Magistrate Judge van Keulen in accordance with this Court's Case Management Order, which provided "that any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge."  (ECF 49 at 1.)  And WWE's false concern for third parties is nothing more than an attempt to prevent discovery into its predatory scheme which involved, *inter alia*, preventing its competitors from booking the arenas that were essential to the creation of professional wrestling content.

I.      **WWE's Motion Violates Local Rule 7-11**

WWE's motion is its latest effort in a series of actions that flagrantly disregard the orders of this Court and the Local Rules.  Local Rule 7-11 requires that all motions for administrative relief be accompanied by "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why

a stipulation could not be obtained." Civil L.R. 7-11(a). Yet WWE made no effort to consult Plaintiff or to satisfy the Local Rules' prerequisite to seek a stipulation before burdening this Court with its baseless motion practice. Its motion should be rejected on this basis alone.

## II. This Court's Case Management Order Resolved the Dispute Over Whether Discovery is Open

WWE falsely claims that this Court's Case Management Order did not address when discovery opens. (ECF 57 at 2.) In fact, this exact issue was put before the Court in the Parties' Joint Rule 26(f) Report (ECF 47), in which the Parties submitted competing views of whether discovery in this matter was open. This Court specifically rejected WWE's proposal in the Rule 26(f) Report that discovery be delayed until "[two] weeks after the Court's ruling on [the] pending motion to dismiss" (ECF 47 at 13), and instead accepted MLW's position that "discovery is already open" (*id.*) and ordered the parties to complete fact and expert discovery by September 29, 2023 and January 25, 2024, respectively. (ECF 49.) Despite the fact that this issue was expressly put before this Court, WWE incredibly claims that "[t]he Case Management Order did not address this dispute." (ECF 57 at 2.)

WWE's disingenuous position is further belied by its Motion for Protective Order (ECF 51), in which WWE implicitly recognized that discovery is open and requested that this Court "stay the collection, review, and production of documents responsive to MLW's documents requests." (ECF 51 at 10.) If discovery were not open there would be no requirement for a stay. MLW's motion to compel before Judge van Keulen, by contrast, was necessitated by WWE's refusal to abide by its discovery obligations and is consistent with established precedent that makes clear that a motion for a protective order does not excuse a defendant from fully complying with its discovery obligations.[1] *See, e.g., Dine v. Metro. Life Ins. Co.*, 255 F.R.D. 534, 536 (C.D. Cal. 2009) (a

---

[1] Contrary to WWE's assertions (ECF 57 at 2, 3), MLW did not engage in forum shopping; MLW properly filed its motion before Magistrate Judge van Keulen in accordance with this Court's Case Management Order. (ECF 49 at 1.)

defendant is "not excused . . . from fully complying with its discovery obligations" while a motion for a protective order is pending), *rev'd on other grounds*, 449 F. App'x 646 (9th Cir. 2011); *Garcia v. Almieda,* 2006 WL 3001171, at *4 (E.D. Cal. 2006) ("[F]iling a motion for a protective order does not work to immediately shield the moving party from the [duty to appear at a] deposition."); *see also* Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 11:1166 (The Rutter Group 2008) ("The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]").  Thus, unless and until WWE's motion for a protective order is granted, it is obligated to abide by its discovery obligations and its failure to do so necessitated MLW's motion to compel.  Any risk of "wasting judicial resources" (ECF 57 at 2) is therefore entirely of WWE's own making.

### III.  No Change is Needed to the Case Management Order

WWE claims that "a status conference is needed for the Parties to propose changes to the Case Management Order pending the Court's ruling on the Motion to Dismiss."  (ECF 57 at 3.) However, this Court issued its Case Management Order on December 13, 2022, (ECF 49), well after WWE filed its Motion to Dismiss on March 15, 2022, (ECF 19).  The Court was well aware of the pending motion to dismiss when it issued its Case Management Order and there has been no intervening change in circumstances that warrant a departure from the Court's prior scheduling determination.

WWE also misrepresents MLW's arguments in the Motion to Compel, claiming that "MLW argues that the Case Management Order provides insufficient time for fact discovery" (ECF 57 at 3), which is perhaps why WWE fails to provide any citation in support.  MLW did not argue that the Case Management Order provides insufficient time for fact discovery, but rather argued that *WWE's refusal to abide by the Court's Scheduling Order*, and WWE's unilateral stay of discovery until this Court rules on its motion to dismiss (ECF 54-5 at 1), will prejudice MLW.  (ECF 54 at 6.)

If, as WWE claims, "the deadlines for discovery may need to be extended" (ECF 57 at 3), it will be solely because WWE refused to abide by its discovery obligations and this Court's Case

Management Order.  WWE should not be permitted to come before this Court seeking relief for a problem of its own making.

### IV.    WWE's Misrepresentations About Its Purported Discovery Costs Should be Rejected

WWE also claims that it will immediately be forced to "spend millions of dollars on document discovery" (ECF 57 at 3) if discovery were to proceed.  As this Court has noted: "the costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint."  *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) (quoting *Top Rank, Inc. v. Haymon*, No. CV 15-4961-JFW (MRWx), 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015)).  Moreover, WWE's estimate of its "millions of dollars" in initial costs is necessarily speculative as the parties have not yet negotiated search terms, agreed upon custodians or run preliminary hit reports.  Without establishing these basic parameters and the scope of potential discovery, it is impossible for WWE to represent that document discovery will cost millions of dollars.  WWE also fails to mention or account for MLW's proposals to narrow its requests, which MLW made during the parties' January 4 meet and confer (*see* ECF 54-1 ¶ 28). Additionally, WWE's reliance on a decade-old report (ECF 51 at 7-8)—which WWE summarily "adjust[s] for inflation" and without accounting for changes or advances in antitrust discovery in the decade since—is unfounded.

### V.    Third-Party Discovery Into WWE's Monopolistic Conduct is Warranted

WWE claims that MLW would have "no possible cause of action" relating to its efforts to block its competitors, Ring of Honor and New Japan Pro-Wrestling, from booking Madison Square Garden for events.  (ECF 57 at 3.)  WWE's statement again underscores its fundamental misunderstanding of the antitrust laws of the United States.  MLW's narrowly tailored third-party subpoenas seek records that are relevant to MLW's allegations that WWE "leveraged" its decades-long relationships with virtually every major arena in the United States to make it harder for

WWE's competitors to book arenas, which are critical for creating professional wrestling content to be licensed or sold in the relevant market.  (ECF 1, Compl. ¶ 28.)  By impeding or delaying its competitors from creating content, WWE unlawfully maintained its monopoly power in violation of the Sherman Act.  (ECF 1, Compl. ¶¶ 67–77; ECF 33 at 16, 18-19.)

Indeed, as press reports make clear, WWE attempted to interfere with its competitor's attempts to book Madison Square Garden in 2018.  As one outlet reported:

> A planned Ring of Honor Wrestling Entertainment LLC show that would have taken place at New York's iconic Madison Square Garden next year has been cancelled after World Wrestling Entertainment Inc. intervened, Sinclair Broadcast Group Inc. CEO Chris Ripley confirmed Wednesday. . . . Joe Koff, chief operating officer for Ring of Honor told pro wrestling site PWInsider.com, that the show will no longer be happening because of WWE. "We had a deal with [Madison Square] Garden and they then told us they were backing out after communications from the WWE," Koff said. "We are not able to get any other dates in any kind of discussion."

Holden Wilen, *WWE muscles Sinclair's Ring of Honor out of Madison Square Garden*, Baltimore Bus. J. (June 20, 2018), https://www.bizjournals.com/baltimore/news/2018/06/20/wwe-muscles-sinclairsring-of-honor-out-of-madison.html.

## **CONCLUSION**

MLW respectfully requests that this Court deny WWE's motion for administrative relief.

Dated: January 23, 2023

Respectfully submitted,

*/s/ Jason S. Takenouchi*
Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

PL'S OPP. TO DEF'S MOTION FOR ADMINISTRATIVE RELIEF
Case No. 5:22-cv-00179-EJD

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of January 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.


*/s/ Jason S. Takenouchi*
Jason S. Takenouchi

---

PL'S OPP. TO DEF'S MOTION FOR ADMINISTRATIVE RELIEF
Case No. 5:22-cv-00179-EJD