Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MLW MEDIA LLC, | ) | CASE NO. 5:22-cv-00179-EJD |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OBJECTION TO REPLY EVIDENCE** |
| | ) | |
| v. | ) | |
| | ) | **Pursuant to Civil Local Rule 7-3(d)(1)** |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | Action Filed: January 11, 2022 |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Pursuant to Rule 7-3 of the Northern District of California's Civil Local Rules, Plaintiff MLW Media LLC ("MLW") objects to new evidence contained in Defendant World Wrestling Entertainment, Inc.'s ("WWE") Reply In Support Of Its Motion For Protective Order (ECF 59).

WWE filed its Motion for Protective Order on January 5, 2023.  (ECF 51.)  MLW opposed on January 19, 2023, (ECF 54), and WWE submitted a reply brief in response on January 26, 2023, (ECF 59 ("Reply")).  WWE's Reply contained new arguments and facts raised for the first time, including two new exhibits (ECF 59-1, 59-2).

MLW objects to WWE's misstatements of fact and mischaracterization of new evidence submitted for the first time on Reply.  This objection is not a comprehensive response to WWE's Reply.  Rather, MLW seeks to correct WWE's distortion of the factual record before the Court's consideration of WWE's motion.  MLW respectfully requests that the Court strike or disregard WWE's misstatements of fact made on Reply.

## II. LEGAL STANDARD

Civil Local Rule 7-3 provides:  "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence."  N.D. Cal. Civ. L.R. 7-3(d)(1).  As the Ninth Circuit noted, this provision recognizes "the potential inequities that might flow from the injection of new matter at the last round of briefing."  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018).  Accordingly, Local Rule 7-3(d) is properly invoked where a "party believes he has been unfairly disadvantaged by a new factual matter included in a reply affidavit or declaration . . . ."  *Id.* at 1171; *see also Johnson v. Montpelier One LLC*, No. 19-CV-06214-EJD, 2020 WL 3268613, at *3 (N.D. Cal. June 17, 2020) (providing opportunity to respond to new evidence presented in a reply brief).

## III. OBJECTIONS TO NEW EVIDENCE

WWE's Reply contends as follows:

> Other than a January 4, 2023 meet and confer to discuss a small
> number of the requests (which was not the scheduled purpose of that

>   meet and confer and of which MLW provided no notice), MLW has
>   made no further attempt to negotiate discovery . . . .

(ECF 59 at 5.)

The above excerpt contains two misrepresentations of fact that are material to the motion before the Court with respect to WWE's argument that MLW's discovery is supposedly not limited. (*Id.*)  First, WWE claims that MLW did not provide notice of its intent to discuss discovery requests at the parties' January 4 meet-and-confer.  Second, WWE falsely claims that "MLW has made no further attempt to negotiate discovery."  These statements are incorrect and inconsistent with the parties' communications, including those submitted as new evidence by WWE in support of its Reply. (ECF 59-2.)

### A. MLW Provided Notice Of Its Intent To Discuss WWE's Responses To MLW's Discovery Requests

WWE falsely claims that MLW "provided no notice" of its intent to discuss its requests for production.  As evidenced by WWE's Reply Exhibit B (ECF 59-2), WWE sent MLW its responses and objections to MLW's requests for production on December 23, 2022.  WWE noted that it intended to file a motion for a protective order as it "assume[d] that [MLW] will not stipulate to a stay" but nonetheless asked to meet and confer to discuss the anticipated motion. (*Id.* at 4.)  MLW agreed to schedule a meeting and responded, "We would *also like to meet and confer regarding your discovery responses*." (*Id.* at 3.)  The parties then agreed to meet and confer on January 4, 2023 regarding both WWE's request for a stay and WWE's discovery responses. (*Id.* at 2.)  The email exchange irrefutably shows that MLW provided WWE with notice of its intent to discuss WWE's responses to MLW's requests for production in advance of the parties' January 4, 2023 meet-and-confer.

### B. MLW Made Attempts To Negotiate Discovery Following The January 4, 2023 Meet and Confer

WWE's Reply also misrepresents that MLW "made no further attempt to negotiate discovery" following the January 4, 2023 meet-and-confer. (ECF 59 at 5.)  This is factually incorrect, as MLW

has repeatedly reached out to WWE to negotiate outstanding discovery issues.[1]  Indeed, WWE apparently understood that negotiations were ongoing after the January 4, 2023 meet-and-confer when it emailed MLW on January 10, 2023 "to follow up on WWE's responses to MLW's Document Requests" and noted that "[o]ur meet and confer was helpful" before expressing its "confiden[ce] that we can narrow the scope of the disagreement between the parties."  In its e-mail, WWE made additional proposals regarding, for example, Request Nos. 24 and 45—two requests that the parties discussed during the January 4, 2023 meet-and-confer—stating, "*Should MLW want to limit the time period to something more reasonable* on Requests 24 and 45, my client is happy to consider the same in an effort to narrow the scope of this dispute."  On January 20, 2023, MLW responded to this proposal expressly by letter and also set forth its position on a number of discovery issues that it sought to negotiate.  With respect to Request No. 24, MLW offered to move the start of the relevant time period from 2012 to 2018:  "In an effort at compromise, MLW is willing to limit its request to all documents from January 1, 2018 to the present."  Similarly, for Request No. 45 MLW stated it was "willing to limit its request to all documents from January 1, 2018 to the present" when it had previously asked for "[a]ll documents, regardless of date."  These proposals were offered well after the January 4, 2023 meet-and-confer and refute WWE's misstatement that MLW made no efforts to negotiate discovery after that date.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to strike the above-discussed misstatements from consideration of Defendant's Reply.

---

[1]    In light of the limited nature of Local Rule 7-3(d), MLW has not attached the communications referenced here.  However, MLW will submit a declaration and exhibits that evidence the above communications at the Court's request.

Dated: January 31, 2023

Respectfully submitted,

*/s/ Jason S. Takenouchi*
Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*