Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MLW MEDIA LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC.,<br><br>             Defendant. | CASE NO. 5:22-cv-00179-EJD<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FIRST AMENDED COMPLAINT**<br><br>**Pursuant to Local Rules 7-11 and 79-5**<br><br>Action Filed: January 11, 2022<br>First Amended Complaint: March 6, 2023 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5(d), the Northern District of California's ECF guidance, and this Court's Standing Order, and upon the attached points and authorities, the accompanying Declaration of Sarah Z. Bauer ("Bauer Declaration"), and the attached exhibits, Plaintiff MLW Media LLC ("MLW") hereby moves for relief to file its First Amended Complaint partially under seal ("Motion").

Specifically, MLW respectfully requests that this Court seal portions of paragraphs 8, 62, 93, 94, 97, 108, 138, and 140 of the First Amended Complaint, which contain confidential trade secret or otherwise protectable business information. MLW's request is narrowly tailored via redaction to seal only those portions of MLW's First Amended Complaint that contain confidential information reflecting the sensitive terms of licensing agreements between MLW and non-parties to this action or discussions held with non-parties to this action which fall under confidentiality agreements. Attached as Exhibits 1 and 2, respectively, are a proposed redacted version of the First Amended Complaint to be filed publicly and an unredacted version of the First Amended Complaint with highlighting reflecting MLW's proposed redactions, which will be lodged under seal.

## MOTION

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872199, at *1 (N.D. Cal. Sept. 21, 2020); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Local Rule 79-5, the party seeking to file under seal must submit a request that is "narrowly tailored" and "that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under law." *Id.* Courts have found that "[c]onfidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Bunsow*, 2020 WL 7872199, at *1 (collecting cases).

These and other compelling reasons support MLW's Motion. As detailed in the Bauer Declaration ("Bauer Decl."), the portions of the Complaint that MLW seeks to redact reflect sensitive commercial, trade secret, and other competitive information that is confidential to MLW and non-parties to this action. (Bauer Decl. ¶¶ 2-6.) As in *Bunsow*, such information includes the terms of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies." *Id.* at *3 (granting motion to seal portions of complaint).

MLW incorporates such confidential information into certain paragraphs of its First Amended Complaint to state its claims that WWE has, *inter alia*, violated Section 2 of the Sherman Antitrust Act and intentionally interfered with MLW's contractual relations. Absent inclusion of such confidential information, MLW would be prejudiced in pleading its claims under the relevant pleading standards.

Furthermore, MLW seeks to redact a minimum amount of information necessary to state its claims and to protect trade secret information that derives independent value from being kept secret, and for which MLW and others have engaged in reasonable efforts to maintain secrecy. Reflecting both its competitive value and these efforts, this information is the subject of agreed-upon confidentiality provisions to prevent unnecessary disclosure. And thus, there is no less restrictive alternative to this Motion.

If this information is made public, competitors could gain insight into MLW and third-parties' business models and strategies and thereby gain an unfair competitive, negotiating, or other advantage over them. (Bauer Decl. ¶¶ 3-4.) *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). This information is therefore protectable under the compelling reasons standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (noting "business information that might harm a litigant's competitive standing" satisfies compelling reasons standard). Additionally, sealing the requested portions of the First Amended Complaint ensures MLW's compliance with its contractual confidentiality obligations. (Bauer Decl. ¶¶ 2-6.) Moreover, the requested portions also include information that

the Court previously sealed in this case (ECF 14), and the same compelling reasons apply to seal this information now that applied when the Court sealed this information previously. (Bauer Decl. ¶ 6; ECF 4, 14.) *See also* L.R. 79.5(b).

Wherefore, MLW respectfully requests that this Court grant its Motion and enter an order sealing the redacted portions of paragraphs 8, 62, 93, 94, 97, 108, 138, and 140 of the First Amended Complaint.

Dated: March 6, 2023

Respectfully submitted,

*/s/ Christine A. Montenegro*
Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

PL.'S ADMINISTRATIVE MOT. TO SEAL PORTIONS OF THE FIRST AM. COMPLAINT

**DECLARATION PURSUANT TO LOCAL RULE 7-11(A)**

I, **CHRISTINE A. MONTENEGRO**, hereby declare:

1. I am a member of the Bar of the State of New York and a partner with the law firm Kasowitz Benson Torres LLP, counsel for Plaintiff MLW Media LLC. I submit this declaration in accordance with Northern District of California Local Rule 7-11(a). I have personal knowledge of the matters stated herein unless otherwise indicated and, if called upon, I could and would testify competently to the facts contained in this Declaration.

2. No stipulation could be obtained with regard to Plaintiff's Administrative Motion to Seal Portions of the First Amended Complaint because under Local Rule 79-5(c), parties cannot stipulate to seal a document, or portions thereof, but must file an Administrative Motion to File Under Seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2023 in New York, New York.

*/s/ Christine A. Montenegro*
Christine A. Montenegro