Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MLW MEDIA LLC, | CASE NO. 5:22-cv-00179-EJD |
| Plaintiff, | **PLAINTIFF'S OBJECTION TO REPLY EVIDENCE** |
| v. | **Pursuant to Civil Local Rule 7-3(d)(1)** |
| WORLD WRESTLING ENTERTAINMENT, INC., | Action Filed: January 11, 2022 |
| | First Amended Complaint Filed: March 6, 2023 |
| Defendant. | |

Pursuant to Rule 7-3(d)(1) of the Northern District of California's Civil Local Rules, Plaintiff MLW Media LLC ("MLW") hereby objects to new evidence submitted for the first time on reply in Defendant World Wrestling Entertainment, Inc.'s ("WWE") Reply In Support Of Its Motion to Dismiss (ECF 71 ("Reply")).  MLW's objection is not a comprehensive response to WWE's Reply.  Rather, MLW respectfully requests that the Court strike new factual contentions and evidentiary matters improperly raised in WWE's Reply or exclude such matter from consideration of the Motion.

## I.     LEGAL STANDARD

Under this Court's local rules, "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence . . . stating its objections to the new evidence."  N.D. Cal. Civ. L.R. 7-3(d)(1).  As the Ninth Circuit noted, this provision recognizes "the potential inequities that might flow from the injection of new matter at the last round of briefing."  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018).  Accordingly, Local Rule 7-3(d) is properly invoked where a "party believes [it] has been unfairly disadvantaged by a new factual matter included in a reply."  *Id.* at 1171.

## II.    OBJECTIONS

WWE filed its motion to dismiss (ECF 68 ("Motion")) MLW's First Amended Complaint (ECF 64 ("FAC")) on April 7, 2023, which MLW opposed on May 8, 2023 (ECF 69).  WWE submitted a brief in reply on May 29, 2023 (ECF 71), which attached five new exhibits (ECF 71-1 ("Exhibit A"), 71-2 ("Ex. B"), 71-3 ("Ex. C"), 71-4 ("Ex. D"), 71-5 ("Ex. E")) and corrected Exhibit A (ECF 72 ("Ex. A")) (collectively "Exhibits")—without any foundation or supporting declaration—through which WWE purports to raise for the first time new factual contentions and evidentiary matters not referenced in the FAC and not the proper subject of judicial notice (Reply at 1:11-15, 6:24-26, 8:5-9, 8:25-26, 9:15-18, 10:9-10, 10:12-14, 10 n.9, 12:21-22, 13:8-9, 13:11-14, 13:21-23, 14:1-4, 15:11-12).

Ex. A, as corrected, appears to be a printout of a third-party webpage dated May 16, 2023; however, Ex. A has neither been authenticated nor substantiated by a witness with personal knowledge.  Ex. A is also unreliable on its face because it purports to be reporting a supposed future

"announcement on Wednesday, May 17 . . . of a new [AEW] TV deal in the United States"—as opposed to the details of an actual deal—and "rumours" about the expected value of AEW's "new deal."[1]  WWE's Reply improperly relies on the unreliable contents of Ex. A in an effort to present these "rumours" as fact and to raise numerous issues and factual contentions for the first time on reply.  (Reply at 1:13-15, 6:24-26, 8:5-9, 8:25-26, 9:15-18, 10:9-10, 13:21, 14:1-4, 15:11-12.)

Ex. B appears to be a partial printout of a third-party webpage referencing "reports suggesting MLW just had a deal for a 10 week trial run" on Reelz and suggesting that MLW "will continue to air on Reelz . . . well past the 10 week mark."  However, WWE fails to properly substantiate these purported facts with a declaration from a witness with personal knowledge and nowhere in the FAC is it alleged that MLW's deal with Reelz was for a "10 week trial run."  WWE also improperly references and relies on this unauthenticated exhibit for the truth of its contents to improperly raise new issues and factual contentions for the first time on reply.  (Reply at 1:11-13, 10:12-13, 13:8-9.)

Exs. C and D purport to be printouts of MLW press releases; however, WWE fails to include a supporting declaration identifying these documents and that they are true and correct copies.  Further, WWE mischaracterizes the contents of Ex. D by misattributing to MLW a statement apparently made by the representative of a third-party, and WWE improperly relies on the purported contents of these unauthenticated exhibits and other unsubstantiated factual contentions to raise new arguments for the first time on reply.  (Reply 10:13-14, 13:11-14.)

WWE describes Ex. E (ECF 71-5) in its Reply as "a recent WBD press release", but fails to submit a supporting declaration to authenticate this document, which on its face does not appear to be a "WBD press release," but a printout from a different third-party webpage.  Further, WWE improperly references Ex. E for the truth of its contents when improperly raising new issues and factual contentions for the first time in its Reply.  (Reply 13:21-23, 14:1-4.)

WWE makes other unsubstantiated factual contentions for the first time on reply, including

---

[1]  Even more telling, WWE filed Ex. A twelve days after this "new deal" was to be purportedly announced but could not file any declaration to confirm or substantiate these rumors.

that a rapper purportedly headlined a WWE event, which is also irrelevant. (Reply 10 n.9, 12:21-22.)

### A. WWE'S REPLY EVIDENCE IS IMPROPER AND SHOULD BE STRICKEN

"It is well-accepted that raising of new issues and submission of new facts in a reply brief is improper," and subject to strike. *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (cleaned up) (striking numerous articles introduced by defendants on reply). Thus, WWE's new evidence on reply—including each of the Exhibits and the above-referenced factual contentions and issues raised for the first time on reply—is improper and should be stricken.

### B. WWE'S NEW EVIDENCE IS UNRELIABLE AND NOT AUTHENTICATED

WWE's new evidence also cannot be considered when ruling on the Motion because WWE failed to authenticate the Exhibits and substantiate its new factual contentions through a supporting declaration. This Court's local rules require that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration" and "evidentiary matters must be appropriately authenticated by an affidavit or declaration." N.D. Cal. Civ. L.R. 7-5(a); *see also* Fed. R. Evid. 901(a). Accordingly, this Court should not consider the Exhibits and the above-referenced factual contentions because they are not authenticated or supported by declaration. *See GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, No. 20-CV-05460-DMR, 2021 WL 4442650, at *6 (N.D. Cal. Sept. 28, 2021) (holding "[t]he court cannot consider [certain exhibits to the motion to dismiss] because they have not been authenticated"), *reconsideration denied*, 2022 WL 562756, at *2-4 (N.D. Cal. Feb. 24, 2022). *Cf. Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001) (abuse of discretion to consider "unsworn" information "[n]ot made on personal knowledge" and "source . . . unclear").

### C. EXTRINSIC EVIDENCE CANNOT BE CONSIDERED ON THE MOTION

Moreover, none of WWE's extrinsic evidence is cognizable on the Motion because neither the Exhibits nor the above-referenced factual contentions are referenced in the FAC or a proper subject of judicial notice. "Courts regularly decline to consider declarations and exhibits submitted in support of . . . a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) (collecting cases). "As a general rule, a district court may not consider

any material beyond the pleadings when ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  The Ninth Circuit has also cautioned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissal of plausible claims," including because "the plaintiff receives no opportunity to respond to the defendant's new version of the facts."[2] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99, 1003 (9th Cir. 2018).

WWE does not—because it cannot—even contend that its evidence is referenced in the FAC or is the proper subject of judicial notice.  Courts "cannot take judicial notice of disputed facts," *Khoja*, 899 F.3d at 999, and "[t]he incorporation by reference doctrine applies *only* when a document is central to plaintiff's claim and no party questions its authenticity," *Gerritsen*, 112 F. Supp. 3d at 1024.  Further, courts cannot take judicial notice of materials "for the truth of their contents," *id.* at 1029, or "assume the truth of an incorporated document . . . to dispute facts stated in a well-pleaded complaint," *Khoja*, 899 F.3d at 1003.  Accordingly, the Court should neither consider WWE's Exhibits—consisting of unsubstantiated, disputed facts contained in webpages and press releases— nor assume the truth of their contents when ruling on the Motion.  *See Gerritsen*, 112 F. Supp. 3d at 1026-1030 (not considering blog, articles, press releases, and webpages).  *See also Lee*, 250 F.3d at 688 (reversing dismissal because district "court assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, took judicial notice of the truth of disputed factual matters, and did not construe plaintiffs' allegations in the light most favorable to plaintiffs").

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike or disregard each of the Exhibits and the above-referenced factual contentions and new issues improperly raised by WWE for the first time on reply (Reply at 1:11-15, 6:24-26, 8:5-9, 8:25-26, 9:15-18, 10:9-10, 10:12-14, 10 n.9, 12:21-22, 13:8-9, 13:11-14, 13:21-23, 14:1-4, 15:11-12).

---

[2]  Given the limited nature of Local Rule 7-3(d) and Rule 12(b)(6), MLW cannot submit declarations with exhibits or discovery challenging WWE's new evidence and factual contentions.

Dated: June 5, 2023

Respectfully submitted,

*/s/ Christine A. Montenegro*
Marc E. Kasowitz (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**Kasowitz Benson Torres LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

Jason S. Takenouchi (CBN 234835)
**Kasowitz Benson Torres LLP**
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*