Walter F. Brown (SBN 130248)
  wbrown@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101

Karen L. Dunn (admitted *pro hac vice*)
  kdunn@paulweiss.com
William A. Isaacson (admitted *pro hac vice*)
  wisaacson@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420

William Michael (admitted *pro hac vice*)
  wmichael@paulweiss.com
Brette Tannenbaum (admitted *pro hac vice*)
  btannenbaum@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendant*
WORLD WRESTLING ENTERTAINMENT, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLW MEDIA LLC, | Case No. 5:22-cv-179-EJD |
| *Plaintiff,* | **ANSWER OF DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC., TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| *Defendant.* | |

Defendant World Wrestling Entertainment, Inc. ("WWE" or "Defendant") hereby submits the following answer and affirmative defenses (the "Answer") to Plaintiff MLW Media LLC's ("Plaintiff" or "MLW") First Amended Complaint ("FAC").  The paragraph numbers of WWE's responses set forth below correspond to the paragraph numbering of the FAC.  The section headings are also reproduced accordingly, but any allegations of such headings are denied unless specifically admitted.  Where not otherwise specified, abbreviations and definitions used below correspond to abbreviations and definitions used in the FAC.  Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, WWE hereby denies all allegations of the FAC except those specifically admitted below.  WWE's investigation and discovery regarding the facts alleged in the FAC are ongoing, and WWE reserves the right to amend or supplement this Answer as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

### Preliminary Statement

1.      To the extent that Paragraph 1 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 1.

2.      To the extent that Paragraph 2 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 2.

3.      WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.  WWE therefore denies the allegations in Paragraph 3.  WWE denies that Plaintiff has properly defined a "Relevant Market."

4.      WWE denies the allegations in Paragraph 4.

5.      To the extent that Paragraph 5 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 5.

6.      To the extent that Paragraph 6 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 6.

7.      WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, sixth, and seventh sentences of Paragraph 7.  WWE therefore denies

the allegations in the first, sixth, and seventh sentences of Paragraph 7.  WWE denies the remaining allegations in Paragraph 7.

8.      WWE denies the allegations in the first sentence of Paragraph 8.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.  WWE therefore denies the remaining allegations in Paragraph 8.

9.      WWE denies the allegations in the first and second sentences of Paragraph 9.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.  WWE therefore denies the remaining allegations in Paragraph 9.

10.      To the extent that Paragraph 10 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 10.

11.      To the extent that Paragraph 11 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 11.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 11.  WWE therefore denies the allegations in the third sentence of Paragraph 11.

12.      To the extent that Paragraph 12 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 12.

13.      To the extent that Paragraph 13 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 13.

14.      To the extent that Paragraph 14 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 14.

15.      To the extent that Paragraph 15 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 15.

**PARTIES**

16.      WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.  WWE therefore denies the allegations in Paragraph 16.

17.      WWE admits the allegations in Paragraph 17.

1

**JURISDICTION AND VENUE**

2      18.     To the extent that Paragraph 18 sets forth conclusions of law, no response is

3 required. To the extent a response is required, WWE denies the allegations in Paragraph 18.

4      19.     To the extent that Paragraph 19 sets forth conclusions of law, no response is

5 required. To the extent a response is required, WWE denies the allegations in Paragraph 19.

6

**BACKGROUND**

7 **I.**     **INTRODUCTION**

8      20.     To the extent that Paragraph 20 sets forth conclusions of law, no response is

9 required. To the extent a response is required, WWE denies the allegations in Paragraph 20.

10      21.     To the extent that Paragraph 21 sets forth conclusions of law, no response is

11 required. To the extent a response is required, WWE denies the allegations in Paragraph 21.

12      22.     To the extent that Paragraph 22 sets forth conclusions of law, no response is

13 required. To the extent a response is required, WWE denies the allegations in Paragraph 22.

14      23.     To the extent that Paragraph 23 sets forth conclusions of law, no response is

15 required. To the extent a response is required, WWE denies the allegations in Paragraph 23.

16 **II.**     **THE PROFESSIONAL WRESTLING INDUSTRY**

17      24.     WWE admits that professional wrestling is produced by professional wrestling

18 promotion companies such as WWE and MLW, among others, and that professional wrestling is

19 sometimes referred to as a form of sports entertainment.

20      25.     WWE admits that the outcomes of professional wrestling matches are commonly

21 predetermined and scripted. WWE denies the remaining allegations in Paragraph 25.

22      26.     WWE admits that throughout the 1990s, it was a major wrestling promotion

23 competing in the United States. WWE lacks knowledge or information sufficient to form a belief

24 as to the truth of the remaining allegations in Paragraph 26. WWE therefore denies the remaining

25 allegations in Paragraph 26.

26      27.     To the extent that the first sentence of Paragraph 27 sets forth conclusions of law,

27 no response is required. To the extent a response is required, WWE denies the allegations in the

28

first sentence of Paragraph 27.  WWE denies the allegations in the second sentence of Paragraph 27.

28.     WWE admits the allegations in the first and fourth sentences of Paragraph 28. WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.  WWE therefore denies the remaining allegations in Paragraph 28.

29.     WWE denies the allegations in Paragraph 29.

**III.    THE RELEVANT MARKET**

30.     To the extent that Paragraph 30 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 30.

31.     To the extent that Paragraph 31 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 31.

32.     WWE admits the allegations in the first and second sentences of Paragraph 32. WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.  WWE therefore denies the remaining allegations in Paragraph 32.

33.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 33.  WWE therefore denies the allegations in the first sentence of Paragraph 33.  The allegations in the second sentence of Paragraph 33 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the second sentence of Paragraph 33.

34.     WWE admits that its programs have aired on USA Network, SYFY, and Peacock (all owned by NBCUniversal), FOX, and Hulu.  WWE admits that it operates channels on YouTube.  With respect to the remaining allegations in Paragraph 34, WWE denies that Plaintiff has properly defined a "Relevant Market" and denies that professional wrestling promotions have been aired on "a tiny fraction" of the vast number of U.S. media platforms.  WWE therefore denies the remaining allegations in Paragraph 34.

35.     To the extent that the first sentence of Paragraph 35 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in the first sentence of Paragraph 35.  The allegations in the second sentence of Paragraph 35 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the second sentence of Paragraph 35.

**A.      Structure of Professional Wrestling Media Rights Deals**

36.     The allegations in Paragraph 36 refer to and purport to interpret WWE's 2021 SEC Form 10-K, which speaks for itself.  WWE respectfully refers the Court to its 2021 SEC Form 10-K for its language and complete contents, and otherwise denies the allegations in Paragraph 36.

37.     WWE admits that it receives forms of revenue or payment pursuant to media rights agreements.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.  WWE therefore denies the remaining allegations in Paragraph 37.

38.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.  WWE therefore denies the allegations in Paragraph 38.

39.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.  WWE therefore denies the allegations in Paragraph 39.

40.     WWE denies the allegations in Paragraph 40.

**B.      There is no Meaningful Substitute for Professional Wrestling Programming**

41.     To the extent that the first and second sentences of Paragraph 41 set forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in the first and second sentences of Paragraph 41.  The remaining allegations in Paragraph 41 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in Paragraph 41.

42.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.  WWE therefore denies the allegations in Paragraph 42.

43.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.  WWE therefore denies the allegations in Paragraph 43.

44.     The allegations of Paragraph 44 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in Paragraph 44.

45.     The allegations of Paragraph 45 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in Paragraph 45.

46.     The allegations of Paragraph 46 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in Paragraph 46.

47.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning boxing and MMA in Paragraph 47.  WWE therefore denies those allegations in Paragraph 47.  The allegations of the fourth sentence of Paragraph 47 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the fourth sentence of Paragraph 47.

48.     To the extent that Paragraph 48 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 48.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning live team and individual sports in Paragraph 48.  WWE therefore denies those allegations in Paragraph 48.

49.     WWE admits that professional wrestling has no off-season.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning live team and individual sports in Paragraph 49.  WWE therefore denies those allegations in

Paragraph 49.  The allegations in the sixth sentence of Paragraph 49 refer to and purport to interpret a document not cited in or attached to the FAC.  As such, WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 49.  WWE therefore denies the allegations in the second sentence of Paragraph 49.  Furthermore, the referenced document speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the sixth sentence of Paragraph 49.

50.     To the extent that Paragraph 50 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 50.

## IV.     WWE'S MONOPOLY POWER IN THE RELEVANT MARKET.

51.     To the extent that Paragraph 51 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 51.

### A.     WWE Excludes Competitors and Charges Supracompetitive Prices

52.     The allegations in the third sentence of Paragraph 52 refer to and purport to interpret the contents of a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 52.  To the extent that the remaining allegations in Paragraph 52 set forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the remaining allegations in Paragraph 52.

53.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 53.  WWE therefore denies the allegations in the second and fourth sentences of Paragraph 53.  The allegations in the third sentence of Paragraph 53 refer to and purport to interpret a document that speaks for itself. WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 53.  WWE denies the remaining allegations in Paragraph 53.

54.     To the extent that Paragraph 54 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 54.

55.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 55.  WWE therefore denies the allegations in the third sentence of Paragraph 55.  WWE denies the remaining allegations in Paragraph 55.

56.     The allegations in the first, second, and third sentences of Paragraph 56 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in the first, second, and third sentences of Paragraph 56.  To the extent that the fourth sentence of Paragraph 56 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in the fourth sentence of Paragraph 56.

57.     To the extent that Paragraph 57 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 57.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 57.  WWE therefore denies the allegations in the third sentence of Paragraph 57.

58.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 58.  WWE therefore denies the allegations in the third sentence of Paragraph 58.  WWE denies the remaining allegations in Paragraph 58.

**B.      WWE Possesses a Dominant Market Share and Imposes and Exploits High Barriers to Entry in the Relevant Market**

59.     To the extent that Paragraph 59 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 59.

**i.      WWE Has a Dominant Share of the Relevant Market**

60.     To the extent that Paragraph 60 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 60.  The allegations in the third sentence of Paragraph 60 refer to and purport to interpret a document that

speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 60.

61.     To the extent that Paragraph 61 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 61.

62.     To the extent that the first sentence of Paragraph 62 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in the first sentence of Paragraph 62.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.  WWE therefore denies the remaining allegations in Paragraph 62.

63.     To the extent that Paragraph 63 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 63.

64.     WWE denies the first sentence of Paragraph 64.  The allegations in the second sentence of Paragraph 64 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the second sentence of Paragraph 64.

65.     To the extent that Paragraph 65 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 65.  The allegations in the third and fourth sentences of Paragraph 65 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third and fourth sentences of Paragraph 65.

i.     **WWE Exploits Barriers to Entry in the Relevant Market Through Anti-competitive Practices Designed to Raise Competitors' Long-Run Costs of Production And Maintain Its Dominance**

66.     To the extent that Paragraph 66 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 66.

*(1)*      ***Substantial Foreclosure of The Relevant Market By Tying Up Key Media Partners***

67.     To the extent that Paragraph 67 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 67.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 67.  WWE therefore denies the allegations in the third, fourth, and fifth sentences of Paragraph 67.

68.     To the extent that Paragraph 68 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 68.  The allegations in the third sentence of Paragraph 68 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 68.

69.     To the extent that Paragraph 69 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 69.  The allegations in the fourth sentence of Paragraph 69 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in the fourth sentence of Paragraph 69.

70.     WWE admits that it began operating a streaming platform, the WWE Network, beginning in 2014.  Otherwise, to the extent that Paragraph 70 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 70.  The allegations in the third sentence of Paragraph 70 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 70.

71.     WWE admits that it has an agreement with NBCUniversal's Peacock streaming platform.  Otherwise, to the extent that Paragraph 71 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 71.

72.     The allegations in the second sentence of Paragraph 72 refer to and purport to interpret a document not cited in or attached to the FAC.  As such, WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 72.  WWE therefore denies the allegations in the second sentence of Paragraph 72.  Furthermore, the referenced document speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the second sentence of Paragraph 72.  Otherwise, to the extent that Paragraph 72 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 72.

### (2)     *Restricting Access to and Raising Costs of Skilled Performers*

73.     To the extent that Paragraph 73 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 73.

74.     The allegations in the third and fourth sentences of Paragraph 74 refer to and purport to interpret documents not cited in or attached to the FAC.  As such, WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 74.  WWE therefore denies the allegations in the third and fourth sentences of Paragraph 74.  Furthermore, the referenced documents speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in the third and fourth sentences of Paragraph 74.  WWE denies remaining the allegations in Paragraph 74.

75.     To the extent that Paragraph 75 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 75.

76.     WWE admits that Stephon Strickland was a WWE wrestler from 2019 to 2022 and avers, on information and belief, that Strickland is now a wrestler for AEW.  WWE otherwise denies the allegations in the first, second, and third sentences in Paragraph 76. WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.  WWE therefore denies the remaining allegations in Paragraph 76.

77.     WWE denies the allegations in Paragraph 77.

78.     WWE denies the allegations in Paragraph 78.

79.     The allegations in the second and third sentences of Paragraph 79 refer to and purport to interpret documents that speak for themselves.  WWE respectfully refers the Court to the full cited documents for their language and complete contents, and otherwise denies the allegations in the second and third sentences of Paragraph 79.  WWE denies the allegations in the first sentence of Paragraph 79.

80.     The allegations in the third sentence of Paragraph 80 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the third sentence of Paragraph 80.  To the extent that the remaining allegations in Paragraph 80 set forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the remaining allegations in Paragraph 80.

### (3)     *Cutting off Access to Arenas and Live Audiences*

81.     To the extent that Paragraph 81 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 81.

82.     WWE denies the allegations in the first sentence of Paragraph 82.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.  WWE therefore denies the remaining allegations in Paragraph 82.

83.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 83.  WWE therefore denies the allegations in the first sentence of Paragraph 83.  WWE denies the remaining allegations in Paragraph 83.

84.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 84.  WWE therefore denies the allegations in the third sentence of Paragraph 84.  WWE denies the remaining allegations in Paragraph 84.

85.     WWE denies the allegations in the first sentence of Paragraph 85.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 85.  WWE therefore denies the allegations in the second sentence of Paragraph 85.

86.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 86.  WWE therefore denies the allegations in the third sentence of Paragraph 86.  WWE denies the remaining allegations in Paragraph 86.

## V.     WWE INTERFERES WITH MLW'S MEDIA RIGHTS DEALS.

87.     To the extent that Paragraph 87 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 87.

### A.     WWE Interferes with MLW's Deal with VICE

88.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.  WWE therefore denies the allegations in Paragraph 88.

89.     WWE admits that VICE's programs included a series titled *Dark Side of the Ring*.  WWE admits that A&E airs WWE programs.  WWE denies the remaining allegations in Paragraph 89.

90.     WWE admits that Jerry McDevitt was interviewed as part of an episode of *Dark Side of the Ring*.  WWE denies the remaining allegations in Paragraph 90.

91.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 91.  WWE therefore denies the allegations in the first and second sentences of Paragraph 91.  WWE denies the allegations in the third sentence of Paragraph 91.

**B.**     **WWE Interferes with MLW's Deal with Tubi**

92.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.  WWE therefore denies the allegations in Paragraph 92.

93.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.  WWE therefore denies the allegations in Paragraph 93.

94.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.  WWE therefore denies the allegations in Paragraph 94.

95.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.  WWE therefore denies the allegations in Paragraph 95.

96.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.  WWE therefore denies the allegations in Paragraph 96.

97.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.  WWE therefore denies the allegations in Paragraph 97.

98.     WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.  WWE therefore denies the allegations in Paragraph 98.

99.     WWE denies the allegations in Paragraph 99.

100.     WWE admits that, on or about August 9, 2021, Stephanie McMahon spoke with a Tubi executive.  WWE denies the allegations in the second, third, and fourth sentences of Paragraph 100.  The allegations in the fifth sentence of Paragraph 100 refer to and purport to interpret a document not cited in or attached to the FAC.  As such, WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 100.  WWE therefore denies the allegations in the second sentence of Paragraph 100. Furthermore, the referenced document speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in the fifth sentence of Paragraph 100.

101.    WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 101.  WWE therefore denies the allegations in the first sentence of Paragraph 101.  WWE denies the remaining allegations in Paragraph 101.

102.    The allegations in Paragraph 102 refer to and purport to interpret a document that speaks for itself.  WWE respectfully refers the Court to the full cited document for its language and complete contents, and otherwise denies the allegations in Paragraph 102.

**VI.    WWE'S PREDATORY, ANTI-COMPETITIVE AND TORTIOUS CONDUCT HAS CAUSED HARM TO THE COMPETITIVE PROCESS, CONSUMERS AND MLW.**

**A.    WWE's Anti-Competitive Conduct Has Caused Harm to Competition and Consumers**

103.    To the extent that Paragraph 103 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 103.

104.    To the extent that Paragraph 104 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 104.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 104.  WWE therefore denies the allegations in the fourth sentence of Paragraph 104.

105.    To the extent that Paragraph 105 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 105.

**B.    WWE's Predatory, Anti-Competitive and Tortious Conduct Has Caused Antitrust Injury to MLW**

106.    To the extent that the first and third sentences of Paragraph 106 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in the first and third sentences of Paragraph 106.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 106.  WWE therefore denies the allegations in the second sentence of Paragraph 106.

107.   WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.  WWE therefore denies the allegations in Paragraph 107.

108.   WWE denies the allegations in the first, third, and fifth sentences of Paragraph 108.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108.  WWE therefore denies the remaining allegations in Paragraph 108.

109.   To the extent that Paragraph 109 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 109.

### FIRST CLAIM FOR RELIEF

### (Monopolization Under Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2)

110.   WWE incorporates by reference each response and denial set forth in the foregoing paragraphs as if fully set forth herein.

111.   To the extent that Paragraph 111 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 111.

112.   To the extent that Paragraph 112 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 112.

113.   To the extent that Paragraph 113 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 113.

114.   To the extent that Paragraph 114 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 114.

115.   To the extent that Paragraph 115 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 115.

116.   To the extent that Paragraph 116 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 116.

117.   To the extent that Paragraph 117 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 117.

118.     To the extent that Paragraph 118 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 118.

119.     To the extent that Paragraph 119 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 119.

120.     To the extent that Paragraph 120 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 120.

## SECOND CLAIM FOR RELIEF

### (Attempted Monopolization Under the Sherman Antitrust Act, 15 U.S.C. § 2)

121.     WWE incorporates by reference each response and denial set forth in the foregoing paragraphs as if fully set forth herein.

122.     To the extent that Paragraph 122 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 122.

123.     To the extent that Paragraph 123 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 123.

124.     To the extent that Paragraph 124 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 124.

125.     To the extent that Paragraph 125 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 125.

126.     To the extent that Paragraph 126 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 126.

127.     To the extent that Paragraph 127 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 127.

128.     To the extent that Paragraph 128 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 128.

129.     To the extent that Paragraph 129 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 129.

**THIRD CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage)**

130.    WWE incorporates by reference each response and denial set forth in the foregoing paragraphs as if fully set forth herein.

131.    WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.  WWE therefore denies the allegations in Paragraph 131.

132.    WWE denies the allegations in Paragraph 132.

133.    WWE denies the allegations in Paragraph 133.

134.    WWE denies the allegations in the first sentence in Paragraph 134.  WWE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134.  WWE therefore denies the allegations in Paragraph 134.

135.    To the extent that Paragraph 135 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 135.

136.    To the extent that Paragraph 136 sets forth conclusions of law, no response is required.  To the extent a response is required, WWE denies the allegations in Paragraph 136.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Relations)**

137.    WWE incorporates by reference each response and denial set forth in the foregoing paragraphs as if fully set forth herein.

138.    WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.  WWE therefore denies the allegations in Paragraph 138.

139.    WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.  WWE therefore denies the allegations in Paragraph 139.

140.    WWE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.  WWE therefore denies the allegations in Paragraph 140.

141.    WWE denies the allegations in Paragraph 141.

1      142.    To the extent that Paragraph 142 sets forth conclusions of law, no response is

2  required.  To the extent a response is required, WWE denies the allegations in Paragraph 142.

3      143.    To the extent that Paragraph 143 sets forth conclusions of law, no response is

4  required.  To the extent a response is required, WWE denies the allegations in Paragraph 143.

5  **FIFTH CLAIM FOR RELIEF**

6  **(Cal. Bus. & Prof. Code §17200)**

7      144.    WWE incorporates and realleges each response and denial set forth in the

8  foregoing paragraphs as if fully set forth herein.

9      145.    WWE denies the allegations of Paragraph 145.

10     146.    To the extent that Paragraph 146 sets forth conclusions of law, no response is

11 required.  To the extent a response is required, WWE denies the allegations in Paragraph 146.

12     147.    To the extent that Paragraph 147 sets forth conclusions of law, no response is

13 required.  To the extent a response is required, WWE denies the allegations in Paragraph 147.

14 **DEMAND FOR A JURY TRIAL**

15     Pursuant to Federal Rule of Civil Procedure 38 and Northern District of California L.R. 3-

16 6, WWE demands a trial by jury on all issues so triable.

17 **PRAYER FOR RELIEF**

18     WWE denies that MLW is entitled to any of the requested relief and prays that MLW's

19 Prayer for Relief be denied in its entirety. WWE further prays that judgment be entered for WWE

20 and that the Court grant WWE such other and further relief as it deems just and appropriate:

21     1.    WWE denies that MLW is entitled to any of the requested relief and prays

22     that MLW's Prayer for Relief be denied in its entirety. WWE further prays

23     that judgment be entered for WWE and that the Court grant WWE such

24     other and further relief as it deems just and appropriate.

25     2.    WWE denies that MLW is entitled to any of the requested relief and prays

26     that MLW's Prayer for Relief be denied in its entirety. WWE further prays

27

28

1                    that judgment be entered for WWE and that the Court grant WWE such

2                    other and further relief as it deems just and appropriate.

3          3.          WWE denies that MLW is entitled to any of the requested relief and prays

4                    that MLW's Prayer for Relief be denied in its entirety. WWE further prays

5                    that judgment be entered for WWE and that the Court grant WWE such

6                    other and further relief as it deems just and appropriate.

7          4.          WWE denies that MLW is entitled to any of the requested relief and prays

8                    that MLW's Prayer for Relief be denied in its entirety. WWE further prays

9                    that judgment be entered for WWE and that the Court grant WWE such

10                   other and further relief as it deems just and appropriate.

11         5.          WWE denies that MLW is entitled to any of the requested relief and prays

12                   that MLW's Prayer for Relief be denied in its entirety. WWE further prays

13                   that judgment be entered for WWE and that the Court grant WWE such

14                   other and further relief as it deems just and appropriate.

15         6.          WWE denies that MLW is entitled to any of the requested relief and prays

16                   that MLW's Prayer for Relief be denied in its entirety. WWE further prays

17                   that judgment be entered for WWE and that the Court grant WWE such

18                   other and further relief as it deems just and appropriate.

19         7.          WWE denies that MLW is entitled to any of the requested relief and prays

20                   that MLW's Prayer for Relief be denied in its entirety. WWE further prays

21                   that judgment be entered for WWE and that the Court grant WWE such

22                   other and further relief as it deems just and appropriate.

23         8.          WWE denies that MLW is entitled to any of the requested relief and prays

24                   that MLW's Prayer for Relief be denied in its entirety. WWE further prays

25                   that judgment be entered for WWE and that the Court grant WWE such

26                   other and further relief as it deems just and appropriate.

27

28

9.    WWE denies that MLW is entitled to any of the requested relief and prays that MLW's Prayer for Relief be denied in its entirety. WWE further prays that judgment be entered for WWE and that the Court grant WWE such other and further relief as it deems just and appropriate.

10.    WWE denies that MLW is entitled to any of the requested relief and prays that MLW's Prayer for Relief be denied in its entirety. WWE further prays that judgment be entered for WWE and that the Court grant WWE such other and further relief as it deems just and appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

WWE asserts the following affirmative defenses on information and belief. In doing so, WWE does not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on MLW. Additionally, WWE's affirmative defenses are asserted in the alternative, and none of them constitute an admission of liability or that MLW is entitled to any relief.

### First Defense

The FAC fails to state a claim upon which relief may be granted.

### Second Defense

MLW's claims are barred because MLW lacks antitrust injury or injury in fact.

### Third Defense

MLW's equitable claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

### Fourth Defense

MLW's equitable claims are barred, in whole or in part, based on the doctrines of estoppel, laches, and waiver, as MLW's claims are based, in part, on actions and events spanning decades.

**Fifth Defense**

MLW's claims are barred, in whole or in part, because it does not have standing to raise those claims.

**Sixth Defense**

MLW's claims are barred, in whole or in part, because WWE's actions were authorized or permitted under state and/or federal law.

**Seventh Defense**

If and to the extent that MLW has been damaged, which WWE denies, MLW, by the exercise of reasonable diligence, could have mitigated its damages but did not and is therefore barred from recovery. Alternatively, any damages sustained by MLW, which WWE denies, must be reduced by the amount that such damages would have been reduced had MLW exercised reasonable diligence in mitigating its damages.

**Eighth Defense**

MLW's claims are barred, in whole or in part, because, to the extent that MLW suffered any injury or incurred any damages as alleged in the FAC, which WWE denies, WWE's alleged conduct was not the actual or proximate cause of any injury or damage to MLW.

**Ninth Defense**

MLW's claims are barred, in whole or in part, because, to the extent that MLW suffered any injury or incurred any damages as alleged in the FAC, which WWE denies, any such injury or damage was caused and brought about by the acts, conduct, or omissions of individuals or entities other than WWE, and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

**Tenth Defense**

MLW's claims are barred, in whole or in part, because, to the extent MLW suffered any injury or incurred any damages as alleged in the FAC, which WWE denies, any such injury or damage was caused and brought about by intervening or superseding events, factors, occurrences,

conditions, or acts of others, including forces in the marketplace, and not by the alleged wrongful conduct on the part of WWE.

### Eleventh Defense

MLW's equitable claims are barred, in whole or in part, because any recovery would result in unjust enrichment to MLW.

### Twelfth Defense

MLW's claims for equitable relief are barred because MLW has an adequate remedy at law.

### Fourteenth Defense

MLW's claims are barred, in whole or in part, because WWE had legitimate business and/or economic justifications for the conduct at issue.

### Reservation of Rights

WWE reserves the right to assert additional affirmative defenses as they become available. WWE has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. WWE reserves the right to amend this Answer to add, supplement, or modify defenses based on legal theories that may be or will be divulged through clarification, through discovery, or through further factual or legal analysis of MLW's allegations, contentions, and positions in this litigation.

Dated: August 14, 2023

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ William Michael*

Walter F. Brown (SBN 130248)
wbrown@paulweiss.com
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101

Karen L. Dunn (*pro hac vice*)
kdunn@paulweiss.com
William A. Isaacson (*pro hac vice*)
wisaacson@paulweiss.com
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420

William Michael (*pro hac vice*)
wmichael@paulweiss.com
Brette M. Tannenbaum (*pro hac vice*)
btannenbaum@paulweiss.com
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendant
World Wrestling Entertainment, Inc.*