Jason S. Takenouchi (SBN 234835)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Fax: (415) 398-5030
JTakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Hector J. Torres (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
htorres@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLW MEDIA LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                    Defendant. | Case No: 5:22-cv-00179-EJD<br><br>**PLAINTIFF MLW MEDIA LLC'S MOTION TO STRIKE DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S AFFIRMATIVE DEFENSES**<br><br>Hearing Date: October 26, 2023<br>Hearing Time: 9:00 a.m.<br>Hearing Location: Courtroom 4<br>Judge: Hon. Edward J. Davila |

*Left margin (vertical):* KASOWITZ BENSON TORRES LLP / 101 CALIFORNIA STREET, SUITE 3950 / SAN FRANCISCO, CALIFORNIA 94111

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

RELIEF REQUESTED ....................................................................................................... 1

STATEMENT OF ISSUES.................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.      INTRODUCTION.................................................................................................. 2

II.     BACKGROUND................................................................................................... 2

III.    LEGAL STANDARD ........................................................................................... 4

IV.     ARGUMENT ........................................................................................................ 5

        A.      None Of The Affirmative Defenses Are Adequately Pled And Several Are
                Improper ................................................................................................... 5

                1.      First Affirmative Defense (Failure to State a Claim)................................. 6

                2.      Second Affirmative Defense (Lack of Antitrust Injury or Injury in
                        Fact)................................................................................................... 7

                3.      Third Affirmative Defense (Unclean Hands or *In Pari Delicto*) ................. 7

                4.      Fourth Affirmative Defense (Estoppel, Laches, and Waiver)..................... 8

                5.      Fifth Affirmative Defense (Standing) ........................................................ 9

                6.      Sixth Affirmative Defense (Actions Authorized by Law) ........................ 10

                7.      Seventh Affirmative Defense (Mitigation of Damages) ............................ 10

                8.      Eighth Affirmative Defense (Actual or Proximate Cause) ....................... 11

                9.      Ninth Affirmative Defense (Alternative Cause) ....................................... 11

                10.     Tenth Affirmative Defense (Intervening or Superseding Cause)............... 12

                11.     Eleventh Affirmative Defense (Unjust Enrichment).................................. 12

                12.     Twelfth Affirmative Defense (Adequate Remedy at Law) ........................ 13

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

i

13.   Fourteenth Affirmative Defense (Economic or Business Justification) .................................................................... 13

14.   Reservation of Rights ............................................................. 14

B.   Leave To Amend The First, Second, Fifth, Sixth, Eighth, And Twelfth Affirmative Defenses, And The "Reservation Of Rights" Section Should Be Denied ....................................................................................... 14

V.   CONCLUSION ................................................................................. 15

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

ii

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4
5

*ABC Distrib., Inc. v. Living Essentials LLC*,
2016 WL 8114206 (N.D. Cal. Apr. 26, 2016) ...................................................*passim*

6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................... 4

7
8

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) .............................................. 12

9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................... 4

10
11

*Bottoni v. Sallie Mae, Inc.*,
2011 WL 3678878 (N.D. Cal. Aug. 22, 2011) ................................... 8

12
13

*Catch a Wave, Inc. v. Sirius XM Radio, Inc.*,
2013 WL 1996134 (N.D. Cal. May 13, 2013) ................................. 13

14
15

*CTF Dev., Inc. v. Penta Hospitality, LLC*,
2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ................................... 7

16

*Espitia v. Mezzetti Fin. Servs., Inc.*,
2019 WL 359422 (N.D. Cal. Jan. 29, 2019) ...................... 10, 11, 12

17
18

*Fishman v. Tiger Nat. Gas Inc.*,
2018 WL 4468680 (N.D. Cal. Sept. 18, 2018)............................... 5, 9

19
20

*G & G Closed Cir. Events, LLC v. Ngyuen*,
2013 WL 132471 (N.D. Cal. Jan. 9, 2013)........................... 5, 7, 8, 9

21

*G & G Closed Cir. Events, LLC v. Nguyen*,
2011 WL 6293922 (N.D. Cal. Dec. 15, 2011) .............................*passim*

22
23

*Goobich v. Excelligence Learning Corp.*,
2020 WL 1503685 (N.D. Cal. Mar. 30, 2020) .........................*passim*

24
25

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
313 F.R.D. 572 (N.D. Cal. 2016) ................................................... 5

26

*Howard v. Tanium, Inc.*,
2022 WL 597028 (N.D. Cal. Feb. 28, 2022)........................ 11, 13, 14

27
28

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) ............................... 12

iii

*J & J Sports Prods., Inc. v. Barwick*,
  2013 WL 2083123 (N.D. Cal. May 14, 2013) .................................................. 9, 14

*J & J Sports Prods., Inc. v. Ramirez Bernal*,
  2014 WL 2042120 (E.D. Cal. May 16, 2014) .......................................................... 8

*J & J Sports Prods., Inc. v. Vizcarra*,
  2011 WL 4501318 (N.D. Cal. Sept. 27, 2011) .................................................... 6, 9

*Jansen v. Travelers Com. Ins. Co.*,
  2017 WL 607610 (N.D. Cal. Feb. 15, 2017) ..................................................... 11, 15

*Joe Hand Promotions, Inc. v. Davis*,
  2012 WL 4803923 (N.D. Cal. Oct. 9, 2012) ........................................................... 6

*Krulee v. Receivables Performance Mgmt., LLC*,
  2014 WL 4954836 (N.D. Cal. Oct. 1, 2014) ..................................................... 10, 15

*Legacy v. Wells Fargo Bank*,
  2016 WL 2622953 (S.D. Cal. May 9, 2016) ........................................................... 12

*Local Ventures & Invs., LLC v. Open Found.*,
  2019 WL 7877935 (N.D. Cal. Mar. 12, 2019) ......................................................... 5

*Madison v. Goldsmith & Hull*,
  2013 WL 5769979 (N.D. Cal. Oct. 24, 2013) ................................................. *passim*

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
  2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) .......................................................... 13

*Munoz v. PHH Corp.*,
  2013 WL 1278509 (E.D. Cal. Mar. 26, 2013) ......................................................... 6

*Pac. Digital Grp. v. Blue Media Mktg.*,
  2021 WL 5768124 (S.D. Cal. Feb. 9, 2021) ........................................................... 13

*Perez v. Gordon & Wong L. Grp., P.C.*,
  2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ............................................... 6, 10, 12

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
  2017 WL 1330598 (N.D. Cal. Apr. 11, 2017) ......................................................... 8

*Savage v. Citibank N.A.*,
  2015 WL 4880858 (N.D. Cal. Aug. 14, 2015) ......................................................... 2

*Solis v. Zenith Capital, LLC*,
  2009 WL 1324051 (N.D. Cal. May 8, 2009) ......................................................... 14

*Taylor v. First Advantage Background Servs. Corp.*,
  207 F. Supp. 3d 1095 (N.D. Cal. 2016) .................................................................. 6

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

iv

*United States v. Ogden*,
   2021 WL 858467 (N.D. Cal. Mar. 8, 2021) ............................................................... 10

*Wesch v. Yodlee, Inc.*,
   2021 WL 6206642 (N.D. Cal. Dec. 6, 2021) ............................................................. 10

*Xingen v. Inland Energy, Inc.*,
   2020 WL 13211718 (C.D. Cal. Feb. 18, 2020) ........................................... 8, 13, 15

**Other Authorities**

Fed. R. Civ. P. 8(c) ....................................................................................................... 6

Fed. R. Civ. P. 12(f) ................................................................................................. 1, 4

Fed. R. Civ. P. 15 ......................................................................................................... 14

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 26, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Hon. Edward J. Davila, U.S. District Judge for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, in Courtroom 4, 5th Floor, the undersigned Plaintiff MLW Media LLC ("MLW") will and hereby does move the Court to strike all thirteen affirmative defenses (collectively the "Affirmative Defenses" and each, individually, an Affirmative Defense)[1] asserted in the Answer of Defendant World Wrestling Entertainment, Inc. ("WWE") to Plaintiff's First Amended Complaint ("Answer"), as well as the section entitled "Reservation of Rights," and deny leave to amend the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses.  MLW brings this Motion pursuant to Rule 12(f) of the Federal Rule of Civil Procedure (the "Rules").  This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the files and pleadings in this action, the arguments of counsel, and any such other matters as the Court may consider.

## RELIEF REQUESTED

MLW respectfully requests that the Court enter an order striking the section entitled "Reservation of Rights" and all thirteen Affirmative Defenses asserted in WWE's Answer, and deny leave to amend the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses.

## STATEMENT OF ISSUES

Whether the Court should strike each of the Affirmative Defenses asserted in WWE's Answer as well as the section entitled "Reservation of Rights" as insufficient as a matter of pleading or matter of law.

---

[1] WWE misnumbered and skipped a thirteenth affirmative defense; therefore, although the last of WWE's Affirmative Defenses is numbered "Fourteenth," WWE asserted only thirteen Affirmative Defenses in total.

1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3        This action arises from WWE's willful anticompetitive scheme to acquire and maintain its

4  monopoly power in the United States market for the sale or licensing of media rights for

5  professional wrestling programs—a scheme that has included egregious and predatory conduct that

6  has harmed competition and impaired the business of its competitors, including MLW.

7        MLW filed its First Amended Complaint on March 6, 2023, ECF No. 64 ("FAC"), and

8  WWE filed its Answer on August 14, 2023, ECF No. 98.  In its Answer, WWE asserts thirteen

9  Affirmative Defenses that are largely unsupported and intended to distract from WWE's

10  anticompetitive conduct in this case.  (*Id.* at 22-24.)  WWE's Affirmative Defenses are devoid of

11  facts, and merely reference legal doctrines without providing MLW with "sufficient particularity to

12  give Plaintiff fair notice of the basis for the asserted defense."  *G & G Closed Cir. Events, LLC v.*

13  *Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (Davila, J.) (striking various

14  affirmative defenses).  Several "do not actually constitute affirmative defenses."  *Id.*  Rather, the

15  Answer "reads more like a law school competition to devise the greatest number of affirmative

16  defenses, without regard to fact or law, than a thoughtful and considered response to a

17  straightforward lawsuit."  *Savage v. Citibank N.A.*, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14,

18  2015) (striking various affirmative defenses).  Additionally, WWE improperly attempts to reserve

19  the right to assert additional affirmative defenses at some undetermined later time.  (Answer at 24.)

20        The Court should reject WWE's blunderbuss approach to pleading and strike all thirteen of

21  WWE's Affirmative Defenses, strike the "Reservation of Rights" section, and deny leave to amend

22  the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative

23  Defenses.

24

## II.   BACKGROUND

25        The relevant market in this action is the United States national market for the sale or

26  licensing of media rights for professional wrestling programs (the "Relevant Market").  (FAC ¶ 30.)

27  WWE's monopoly power is directly evidenced by its ability to exclude competition and restrict

28  output by maintaining unlawful exclusivity agreements with Fox and NBCUniversal (USA Network

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

2

and Peacock), among the most prevalent and far-reaching media platforms for professional wrestling programming. (*Id.* ¶¶ 22, 52-54, 67-72.) WWE has thus foreclosed competitors from licensing their programming to those key media companies and reaching a significant portion of the professional wrestling audience. (*Id.* ¶¶ 52-54, 68, 71, 104, 108.)

WWE has also directly interfered with the existing and prospective business relationships of its competitors. For example, in mid-2021, WWE pressured VICE to end negotiations with MLW for a deal to air new MLW programs on VICE platforms, prompting a VICE executive to tell a WWE executive that "I think this is illegal what you're doing" and that it was probably an antitrust violation. (*Id.* ¶¶ 89-90.) A few months later, WWE intentionally subverted MLW's licensing deal with Tubi after WWE executive Stephanie McMahon pressured a Tubi executive to end the arrangement. (*Id.* ¶¶ 99-102.) Indeed, WWE admits that Ms. McMahon spoke with a Tubi executive on August 9, 2021—the same day that MLW alleges that WWE and Ms. McMahon had interfered with MLW's Tubi deal. (*Id.* ¶¶ 100-101; Answer ¶ 100).

WWE has also increased barriers to entry in the Relevant Market and raised the long-run costs of its competitors by entering into exclusivity agreements with media companies that force competitors to license or distribute their programming through less efficient platforms that reach fewer viewers, or to incur additional costs to try to reach viewers in other less efficient ways, such as through creating their own streaming networks. (FAC ¶¶ 67-71.) WWE also increased barriers to entry and raised competitors' costs to hire and retain wrestling talent by (i) requiring wrestlers to sign unlawful non-compete agreements; (ii) hiring away rivals' talent; (iii) blacklisting talent that works with competitors; and (iv) controlling the wrestlers' intellectual property to prevent their use by competitors. (*Id.* ¶¶ 72-80.) Further, WWE restricted inputs and raised costs by exploiting its decades-long relationships with virtually every major sports arena in the United States to make it difficult and more costly for WWE's competitors to book arenas. (*Id.* ¶¶ 81-85.)

The Court denied WWE's motion to dismiss on June 15, 2023. (*See* ECF No. 78.) WWE filed its Answer on August 14, 2023. The Answer asserts thirteen Affirmative Defenses that largely enumerate legal doctrines without any attempt to describe if and how they apply to this action. (*See* Answer at 22-24.) In its seventh Affirmative Defense, for example, WWE attempts to shirk

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

responsibility for its nefarious conduct by alleging that MLW failed to mitigate its damages.  (*Id.* at 23.)  However, WWE makes no effort whatsoever to articulate how mitigation of damages applies to this action, which damages allegedly could have been mitigated, and how MLW allegedly could have undertaken such mitigation.  Several of the Affirmative Defenses are also improper.  In its first Affirmative Defense, for example, WWE alleges that the "FAC fails to state a claim upon which relief may be granted," *id.* at 22, but this is not "actually" an affirmative defense, *G & G*, 2011 WL 6293922, at *2, and the Court already rejected this argument when it denied WWE's motion to dismiss, which is law of the case.

Further, WWE attempts to "reserve[] the right to assert additional affirmative defenses" at some unknown future time.  (Answer at 24.)  Such assertions serve no purpose in this or any litigation.  Accordingly, the Court should strike all thirteen Affirmative Defenses on the ground that they are insufficiently pled, strike the "Reservation of Rights" section, and deny leave to amend the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses on the ground that they are also improper.

## III.   LEGAL STANDARD

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial."  *Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (Davila, J.) (citations omitted).  Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike affirmative defenses is properly granted when the defense is "insufficient as a matter of pleading or a matter of law."  *G & G*, 2011 WL 6293922, at *1.

"Following the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which announced a heightened pleading standard for complaints, the courts in this district have generally applied the *Twombly/Iqbal* pleading standard to affirmative defenses."  *Goobich*, 2020 WL 1503685, at *2.  "This standard serves to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."  *Id.*

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

(citation omitted).  The heightened pleading standard requires a defendant to "include enough supporting information [for their affirmative defenses] to be plausible," in order to provide a plaintiff with "fair notice."  *Madison v. Goldsmith & Hull*, 2013 WL 5769979, at *1 (N.D. Cal. Oct. 24, 2013) (Davila, J.) (citations omitted).  "[B]are statements reciting mere legal conclusions may not be sufficient."  *Id.* (citation omitted).

## IV.  ARGUMENT

### A.  None Of The Affirmative Defenses Are Adequately Pled And Several Are Improper

First, the Court should strike *all* of WWE's Affirmative Defenses because they "are not pleaded with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense."  *G & G*, 2011 WL 6293922, at *2.  Instead, WWE's Affirmative Defenses contain "bare statements reciting mere legal conclusions."  *Id.* at *1.  "[N]ot one court in this district has permitted (over objection) an affirmative defense that asserted a mere legal conclusion."  *Fishman v. Tiger Nat. Gas Inc.*, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018).  Moreover, WWE cannot argue that discovery might reveal facts that support its Affirmative Defenses because "such an approach flips the pleading standard of *Twombly* and *Iqbal* on its head."  *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016).  Rather, WWE "should have an adequate basis for asserting a defense before the parties commence discovery."  *Local Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877935, at *3 (N.D. Cal. Mar. 12, 2019).

Second, the Court should strike several of the Affirmative Defenses on the *additional* ground that they are not "actual" or proper affirmative defenses.[2]  *See, e.g.*, *Goobich*, 2020 WL 1503685, at *3 (striking failure to state a claim, standing, and "[r]ight to [r]aise [o]ther [d]efenses" as improper affirmative defenses).  This includes the first (failure to state a claim), second (lack of

---

[2] Furthermore, several of WWE's Affirmative Defenses should be stricken "because they are either immaterial or impertinent without some explanation of their significance to this case."  *G & G Closed Cir. Events, LLC v. Ngyuen*, 2013 WL 132471, at *2 (N.D. Cal. Jan. 9, 2013) [hereinafter *G & G II*] (Davila J.).

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

antitrust injury), fifth (lack of standing), sixth (actions authorized by law), eighth (actual or proximate cause), and twelfth (adequate remedy at law) Affirmative Defenses.  "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," but is "merely rebuttal against the evidence to be presented by the plaintiff."  *Id.* (citations omitted).  Such defenses are considered "redundant and may be stricken so as to the simplify and streamline the litigation."  *Id.* (citation omitted).  In contrast, an *actual* affirmative defense under Rule 8(c) "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1106 (N.D. Cal. 2016) (citations omitted).

### 1.      First Affirmative Defense (Failure to State a Claim)

WWE's first Affirmative Defense reads in full:  "The FAC fails to state a claim upon which relief may be granted."  (Answer at 22.)  The Court should strike this Affirmative Defense because failure to state a claim "is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint."  *Goobich*, 2020 WL 1503685, at *3 (striking failure to state a claim affirmative defense); *see also ABC Distrib., Inc. v. Living Essentials LLC*, 2016 WL 8114206, at *2 (N.D. Cal. Apr. 26, 2016) (noting that failure to state a claim is "not an affirmative defense"); *Perez v. Gordon & Wong L. Grp., P.C.*, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) (same); *J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, at *3 (N.D. Cal. Sept. 27, 2011) (same).  Even were the Court to consider this Affirmative Defense to be proper (it is not), it should be stricken on the additional ground that it is a "bare statement[] reciting mere legal conclusions," and not "pleaded with sufficient particularity to give [MLW] fair notice of the basis for the asserted defense."  *G & G*, 2011 WL 6293922, at *1-2.

Moreover, given that the Court has already denied Defendant's motion to dismiss for failure to state a claim, "the Court's ruling on the sufficiency of the allegations of the [FAC] stands as the law of the case" and precludes WWE's attempt to raise this argument again as an affirmative defense.  *See Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *3 (N.D. Cal. Oct. 9, 2012) (striking first affirmative defense of failure to state a claim with prejudice); *see also Munoz v. PHH Corp.*, 2013 WL 1278509, at *5-6 (E.D. Cal. Mar. 26, 2013) (holding "the Court's ruling that

6

Plaintiffs can proceed with their claims" on a Rule 12 motion "forecloses the affirmative defense of failure to state a claim").

### 2. Second Affirmative Defense (Lack of Antitrust Injury or Injury in Fact)

WWE's second Affirmative Defense reads in full: "MLW's claims are barred because MLW lacks antitrust injury or injury in fact." (Answer at 22.) The Court should strike this Affirmative Defense because it merely asserts a legal conclusion without sufficient particularity. *See G & G*, 2011 WL 6293922, at *2 (striking various affirmative defenses that "are not pleaded with sufficient particularity"). Additionally, lack of injury-in-fact and antitrust injury are not affirmative defenses. *See ABC Distrib.*, 2016 WL 8114206, at *2 (striking such affirmative defenses because "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" (citation omitted)). Instead, such defenses are merely rebuttal evidence against the evidence to be presented by the plaintiff.

### 3. Third Affirmative Defense (Unclean Hands or *In Pari Delicto*)

WWE's third Affirmative Defense reads in full: "MLW's equitable claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*." (Answer at 22.) The Court should strike this Affirmative Defense because "simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (striking unclean hands affirmative defense). WWE has "allege[d] no supporting facts whatsoever explaining how the [unclean hands] doctrine[] appl[ies]" to MLW. *G & G*, 2011 WL 6293922, at *2 (striking unclean hands affirmative defense); *see also Goobich*, 2020 WL 1503685, at *3 (striking unclean hands and other affirmative defenses for failure to "plead sufficient facts to state a plausible defense," where "each of these defenses consists entirely of bare references to legal doctrines without any discussion of how they may apply to this case" (citation omitted)); *G & G II*, 2013 WL 132471, at *2 (striking unclean hands affirmative defense where answer failed to "state any facts which would amount to 'unclean hands'").

Similarly, an affirmative defense for *in pari delicto* cannot rely on "boilerplate allegations [] lack[ing] allegations specific to this action." *Xingen v. Inland Energy, Inc.*, 2020 WL 13211718, at *6 (C.D. Cal. Feb. 18, 2020) (striking affirmative defense for *in pari delicto*); *see also J & J Sports Prods., Inc. v. Ramirez Bernal*, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014) (striking *in pari delicto* defense for failing to "allege[] facts supporting the doctrine's application in the case").

### 4.     Fourth Affirmative Defense (Estoppel, Laches, and Waiver)

WWE's fourth Affirmative Defense reads in full:  "MLW's equitable claims are barred, in whole or in part, based on the doctrines of estoppel, laches, and waiver, as MLW's claims are based, in part, on actions and events spanning decades."  (Answer at 22.)  The Court should strike this Affirmative Defense because it too "lack[s] any facts to support [WWE's] conclusory allegations." *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1330598, at *5 (N.D. Cal. Apr. 11, 2017) (striking affirmative defenses for estoppel, laches, and waiver, among others); *see also G & G*, 2011 WL 6293922, at *2 (striking affirmative defenses for estoppel, laches, and waiver where they were "insufficiently pleaded because [defendant] allege[d] no supporting facts whatsoever explaining how the doctrines apply to Plaintiff").  Vague admissions that WWE's monopolistic conduct has "spanned decades" do not support estoppel, laches, and waiver defenses.

As to estoppel, WWE fails to "set forth either the elements of the doctrine or the facts supporting its application." *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011) (citation omitted) (striking estoppel affirmative defense); *see also G & G II*, 2013 WL 132471, at *2 (striking estoppel affirmative defense because "bare references to legal doctrines without any discussion of how they may apply to this case . . . is not sufficient").

As to laches, WWE fails to "articulate how [MLW] engaged in unreasonable delay that prejudiced" WWE.  *G & G*, 2011 WL 6293922, at *2 (striking laches affirmative defense); *see also Goobich,* 2020 WL 1503685, at *3 (striking laches and other affirmative defenses where each consists of "bare references to legal doctrines without any discussion of how they may apply to this case" (citation omitted)); *Madison*, 2013 WL 5769979, at *2 (striking laches and waiver

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

affirmative defenses, among others, that were not tied to the case and merely contained a reference to the legal doctrines); *G & G II*, 2013 WL 132471, at *2 (striking laches affirmative defense where "Defendants did not articulate how Plaintiff engaged in unreasonable delay").

And as to waiver, WWE "fails to point to any facts that would suggest [MLW] ever intended to relinquish a known right or even what the right was that [MLW] supposedly waived." *Fishman*, 2018 WL 4468680, at *4 (striking waiver affirmative defense); *see also Goobich,* 2020 WL 1503685, at *3 (striking affirmative defense of waiver consisting of "bare references to legal doctrines without any discussion of how they may apply to this case"); *Madison*, 2013 WL 5769979, at *2 (same); *G & G II,* 2013 WL 132471, at *2 (same).

Moreover, there is no plausible basis for asserting that estoppel, laches, and waiver are relevant to the claims in this case, and WWE has made no attempt to articulate if and how these defenses apply. MLW was not relaunched until 2017, and much of the conduct directed at MLW occurred in 2021. (FAC ¶¶ 7-8, 71, 76-77, 87-102.) MLW did not delay in seeking redress, but rather timely filed suit in January 2022, after it learned of WWE's unlawful conduct. Accordingly, this Affirmative Defense should be stricken. *See J & J Sports Prods., Inc. v. Barwick*, 2013 WL 2083123, at *3 (N.D. Cal. May 14, 2013) (striking affirmative defenses where "Defendant does not allege any contrary facts from which it may be inferred that Plaintiff's claims were not [timely] brought").

### 5.     Fifth Affirmative Defense (Standing)

WWE's fifth Affirmative Defense reads in full: "MLW's claims are barred, in whole or in part, because it does not have standing to raise those claims." (Answer at 23.) The Court should strike this Affirmative Defense because it simply parrots a legal conclusion without the requisite factual support to provide notice to the Plaintiff. *See Barwick*, 2013 WL 2083123, at *6 (striking lack of standing affirmative defense "because it is not supported by factual allegations showing that Plaintiff lacks standing"). Additionally, "lack of standing is not an affirmative defense under federal law" because "a plaintiff must plead and ultimately prove standing." *Vizcarra*, 2011 WL 4501318, at *2 (citation omitted) (striking lack of standing affirmative defense); *see also Goobich,* 2020 WL 1503685, at *3 (striking lack of standing as "not proper affirmative defense[]"); *ABC*

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

*Distrib.,* 2016 WL 8114206, at \*2 (striking lack of standing as "not an affirmative defense"); *Perez*, 2012 WL 1029425, at \*11 (striking lack of standing defense because it is "not an affirmative defense but rather a denial of Plaintiff's allegations . . . asserting the constitutional requirement of standing").

### 6.    Sixth Affirmative Defense (Actions Authorized by Law)

WWE's sixth Affirmative Defense reads in full:  "MLW's claims are barred, in whole or in part, because WWE's actions were authorized or permitted under state and/or federal law." (Answer at 23.)  The Court should strike this Affirmative Defense because it is a "bare statement[] reciting mere legal conclusions," not "pleaded with sufficient particularity to give [MLW] fair notice of the basis for the asserted defense."  *G & G*, 2011 WL 6293922, at \*1-2.  Additionally, "[c]ompliance with laws" "is simply a denial of liability," and therefore is not an actual affirmative defense.  *Krulee v. Receivables Performance Mgmt., LLC*, 2014 WL 4954836, at \*2 (N.D. Cal. Oct. 1, 2014) (striking such an affirmative defense); *see also United States v. Ogden*, 2021 WL 858467, at \*4 (N.D. Cal. Mar. 8, 2021) (striking authorized by law affirmative defense because it "only serves to undermine [relator's] prima facie case and is not a proper affirmative defense").

### 7.    Seventh Affirmative Defense (Mitigation of Damages)

WWE's seventh Affirmative Defense reads in full:  "If and to the extent that MLW has been damaged, which WWE denies, MLW, by the exercise of reasonable diligence, could have mitigated its damages but did not and is therefore barred from recovery.  Alternatively, any damages sustained by MLW, which WWE denies, must be reduced by the amount that such damages would have been reduced had MLW exercised reasonable diligence in mitigating its damages."  (Answer at 23.)  The Court should strike this Affirmative Defense because WWE does not "state what damages could have been mitigated and how [MLW] failed to do so."  *G & G*, 2011 WL 6293922, at \*2 (striking failure to mitigate damages affirmative defense).  Indeed, WWE has "provid[ed] no facts supporting the [failure to mitigate] defense."  *Espitia v. Mezzetti Fin. Servs., Inc.*, 2019 WL 359422, at \*3 (N.D. Cal. Jan. 29, 2019) (striking affirmative defense that plaintiff failed to mitigate damages); *see also Wesch v. Yodlee, Inc.*, 2021 WL 6206642, at \*3

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

10

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

1  (N.D. Cal. Dec. 6, 2021) (striking conclusory failure to mitigate damages affirmative defense);

2  *ABC Distrib.*, 2016 WL 8114206, at *3 (same).

### 8.  Eighth Affirmative Defense (Actual or Proximate Cause)

WWE's eighth Affirmative Defense reads in full:  "MLW's claims are barred, in whole or in part, because, to the extent that MLW suffered any injury or incurred any damages as alleged in the FAC, which WWE denies, WWE's alleged conduct was not the actual or proximate cause of any injury or damage to MLW."  (Answer at 23.)  The Court should strike this Affirmative Defense because it simply parrots a legal conclusion without the requisite factual support to provide notice to the Plaintiff.  *See G & G*, 2011 WL 6293922, at *2 (striking proximate cause-based affirmative defense where defendant "does not identify any third parties or their acts").  Additionally, this Affirmative Defense is not actually an affirmative defense because it merely advances that MLW has "not met [its] burden of proof" regarding the causation elements of its claims.  *Jansen v. Travelers Com. Ins. Co.*, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (striking affirmative defense alleging that defendant was not the cause in fact or proximate cause of plaintiffs' alleged damages); *see also Howard v. Tanium, Inc.*, 2022 WL 597028, at *4 (N.D. Cal. Feb. 28, 2022) (same).

### 9.  Ninth Affirmative Defense (Alternative Cause)

WWE's ninth Affirmative Defense reads in full:  "MLW's claims are barred, in whole or in part, because, to the extent that MLW suffered any injury or incurred any damages as alleged in the FAC, which WWE denies, any such injury or damage was caused and brought about by the acts, conduct, or omissions of individuals or entities other than WWE, and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities."  (Answer at 23.)  The Court should strike this Affirmative Defense because WWE "does not identify any third parties or their acts" which allegedly and alternatively caused MLW's damages.  *G & G*, 2011 WL 6293922, at *2 (striking affirmative defense asserting that the alleged damages were the proximate result of third-party actions); *see also Espitia*, 2019 WL 359422, at *3 (striking proximate cause by a third-party affirmative defense where

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

1    "defendants fail to identify any third parties or intervening or superseding conduct of third parties

2    on which they base this defense").

3         **10.    Tenth Affirmative Defense (Intervening or Superseding Cause)**

4         WWE's tenth Affirmative Defense reads in full:  "MLW's claims are barred, in whole or in

5    part, because, to the extent MLW suffered any injury or incurred any damages as alleged in the

6    FAC, which WWE denies, any such injury or damage was caused and brought about by

7    intervening or superseding events, factors, occurrences, conditions, or acts of others, including

8    forces in the marketplace, and not by the alleged wrongful conduct on the part of WWE."

9    (Answer at 23-24.)  The Court should strike this Affirmative Defense because WWE "fail[s] to

10   allege any actual intervening or supervening events on which [WWE] base[s] [its] affirmative

11   defense."  *Perez*, 2012 WL 1029425, at *10 (striking affirmative defense for intervening or

12   superseding events); *see also Espitia*, 2019 WL 359422, at *3 (striking similar affirmative defense

13   where "defendants fail[ed] to identify any third parties or intervening or superseding conduct of

14   third parties on which they base this defense").  Vague inclusion of "forces in the marketplace,"

15   *see* Answer at 24, does not rise to the level of particularity sufficient to put MLW on notice of the

16   basis of this Affirmative Defense.

17        **11.    Eleventh Affirmative Defense (Unjust Enrichment)**

18        WWE's eleventh Affirmative Defense reads in full:  "MLW's equitable claims are barred,

19   in whole or in part, because any recovery would result in unjust enrichment to MLW."  (*Id.* at 24.)

20   The Court should strike this Affirmative Defense because it is "devoid of any material facts,"

21   "simply refer[s] to a legal doctrine," and is "just a single sentence."  *Inn S.F. Enter., Inc. v. Ninth*

22   *St. Lodging, LLC*, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) (striking unjust enrichment

23   affirmative defense); *see also Legacy v. Wells Fargo Bank*, 2016 WL 2622953, at *4 (S.D. Cal.

24   May 9, 2016) (striking unjust enrichment affirmative defense for being "insufficiently pled

25   because Defendant fails to provide any facts beyond stating that the affirmative defense exists");

26   *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172

27

28

(N.D. Cal. 2010) (striking unjust enrichment affirmative defense that merely alleges the existence of the affirmative defense and does not provide any factual support).[3]

### 12.     Twelfth Affirmative Defense (Adequate Remedy at Law)

WWE's twelfth Affirmative Defense reads in full:  "MLW's claims for equitable relief are barred because MLW has an adequate remedy at law."  (Answer at 24.)  The Court should strike this Affirmative Defense because it is a "bare statement[] reciting mere legal conclusions," and not "pleaded with sufficient particularity to give [MLW] fair notice of the basis for the asserted defense."  *G & G*, 2011 WL 6293922, at *1-2.  Additionally, courts have repeatedly held that "[adequate remedy at law] is not an affirmative defense because it is simply a thinly masked reiteration that defendant denies liability."  *Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, 2013 WL 1996134, at *4 (N.D. Cal. May 13, 2013); *see also Xingen*, 2020 WL 13211718, at *4 (striking adequate remedy at law affirmative defense because it is not a "true affirmative defense").

### 13.     Fourteenth Affirmative Defense (Economic or Business Justification)

WWE's fourteenth Affirmative Defense reads in full:  "MLW's claims are barred, in whole or in part, because WWE had legitimate business and/or economic justifications for the conduct at issue."  (Answer at 24.)  The Court should strike this Affirmative Defense because WWE has not included facts of any kind to sustain the business justification defense.  *McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) (striking business justification affirmative defense); *see also Pac. Digital Grp. v. Blue Media Mktg.*, 2021 WL 5768124, at *5 (S.D. Cal. Feb. 9, 2021) (striking business justification affirmative defense because "Defendants have not included even the most basic factual support or reasoning to explain why [this] defense[] [is] applicable").

---

[3] In addition, some courts in the Ninth Circuit suggest that an unjust enrichment defense may not be an appropriate affirmative defense.  *See, e.g.*, *Howard*, 2022 WL 597028, at *4 ("While the Court is not persuaded that unjust enrichment is an affirmative defense. . .").

KASOWITZ BENSON TORRES LLP
101 California Street, Suite 3950
SAN FRANCISCO, CALIFORNIA 94111

13

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

### 14.     Reservation of Rights

The Court should strike the "Reservation of Rights" section of the Answer, *see* Answer at 24, because "[r]eserv[ing] an ability to raise other defenses[] is not a defense," and such reservation "serves no real purpose in the litigation." *Madison*, 2013 WL 5769979, at *3 (citation omitted) (striking reservation of rights affirmative defense); *see also Goobich,* 2020 WL 1503685, at *4 (striking affirmative defense of "[r]ight to [r]aise [o]ther [d]efenses" because "[a]n attempt to reserve affirmative defense for a future dates not a proper affirmative defense itself"); *Barwick*, 2013 WL 2083123, at *6 (striking reservation of defenses section of answer).  Moreover, such reservations are "duplicative of relief that can be based on the Federal Rules of Civil Procedure." *Madison*, 2013 WL 5769979, at *3.  Indeed, if WWE intends to supplement or amend its Answer, it "cannot avoid the requirements of Rule 15 simply by reserving the right to amend or supplement [its] affirmative defenses." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (citation omitted) (striking reservation of rights affirmative defense as "insufficient as a matter of law").

### B.     Leave To Amend The First, Second, Fifth, Sixth, Eighth, And Twelfth Affirmative Defenses, And The "Reservation Of Rights" Section Should Be Denied

Although this Court generally grants leave to amend when striking affirmative defenses, it should not do so when amendment would be futile, such as when a defendant "has simply pled a defense as an affirmative defense." *Howard*, 2022 WL 597028, at *1-4.  Here, amendment for WWE's improper Affirmative Defenses—defenses that are not actually affirmative defenses— would be futile, since "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* at *2.

Accordingly, for the foregoing reasons, the Court should strike at least six of WWE's Affirmative Defenses without leave to amend, including the first (failure to state a claim), second (lack of antitrust injury), fifth (lack of standing), sixth (actions authorized by law), eighth (actual or proximate cause), and twelfth (adequate remedy at law).  *See, e.g.*, *Goobich*, 2020 WL 1503685, at *3-4 (striking failure to state a claim and standing affirmative defenses with

1    prejudice); *Xingen*, 2020 WL 13211718, at *4, 6 (striking adequate remedy at law affirmative

2    defense without leave to amend); *Jansen*, 2017 WL 607610, at *3 (striking actual or proximate

3    cause affirmative defenses without leave to amend); *ABC Distrib.*, 2016 WL 8114206, at *2

4    (striking no injury-in-fact and no antitrust injury affirmative defenses with prejudice); *Krulee*,

5    2014 WL 4954836, at *2 (striking compliance with laws affirmative defense with prejudice).  The

6    Court should also strike the "Reservation of Rights" section without leave to amend. *See, e.g.*,

7    *Goobich*, 2020 WL 1503685, at *4 (striking reservation of rights affirmative defense with

8    prejudice).

9    **V.      CONCLUSION**

10           For the foregoing reasons, the Court should strike all thirteen of WWE's Affirmative

11   Defenses; strike the "Reservation of Rights" section; and deny leave to amend the "Reservation of

12   Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

Dated:  August 25, 2023

Respectfully submitted,

/s/ Christine A. Montenegro

Marc E. Kasowitz (*pro hac vice*)
Hector J. Torres (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
mkasowitz@kasowitz.com
htorres@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com

Jason S. Takenouchi (SBN 234835)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th day of August 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Christine A. Montenegro*
Christine A. Montenegro

MLW'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
Case No. 5:22-cv-00179-EJD

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111