1    Walter F. Brown (SBN: 130248)
     wbrown@paulweiss.com
2    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
     535 Mission Street, 24th Floor
3    San Francisco, CA 94105
     Telephone:  (628) 432-5100
4
     Karen L. Dunn (admitted *pro hac vice*)
5    kdunn@paulweiss.com
     William A. Isaacson (admitted *pro hac vice*)
6    wisaacson@paulweiss.com
     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
7    2001 K Street, NW
     Washington, DC 20006
8    Telephone: (202) 223-7300
     Facsimile:  (202) 223-7420
9
     William Michael (admitted *pro hac vice*)
10   wmichael@paulweiss.com
     Brette M. Tannenbaum (admitted *pro hac vice*)
11   btannenbaum@paulweiss.com
     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
12   1285 Avenue of the Americas
     New York, NY 10019
13   Telephone: (212) 373-3000
     Facsimile:  (212) 757-3990
14
15   *Attorneys for Defendant World Wrestling Entertainment, Inc.*

16                  **UNITED STATES DISTRICT COURT**

17                **NORTHERN DISTRICT OF CALIFORNIA**

18   MLW MEDIA LLC,                          Case No. 5:22-cv-00179-EJD

19                              Plaintiff,   **DEFENDANT WORLD WRESTLING
                                             ENTERTAINMENT, INC.'S RESPONSE
20          v.                               TO PLAINTIFF MLW MEDIA, LLC'S
                                             MOTION TO STRIKE WORLD
21   WORLD WRESTLING ENTERTAINMENT,          WRESTLING ENTERTAINMENT,
     INC.                                    INC.'S AFFIRMATIVE DEFENSES**
22
                              Defendant.     Date: October 26, 2023
23                                           Time: 9:00 a.m.
                                             Location: Courtroom 4
24
25                                           The Hon. Edward J. Davila
26
27
28

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

   I.     INTRODUCTION ........................................................................... 1

   II.    LEGAL STANDARDS ..................................................................... 2

   III.   ARGUMENT .................................................................................. 4

         A.    MLW's Motion Should Be Denied Because WWE's Answer Provides MLW with Fair Notice of WWE's Defenses and MLW Cannot Show Prejudice ............................... 4

             i.     WWE's Answer Provides MLW with Fair Notice of the Bases for WWE's Defenses ................................. 4

             ii.    MLW Has Not Shown Prejudice Justifying Striking Any of WWE's Defenses ................................................. 9

         B.    In the Alternative, the Court Should Deny MLW's Motion as Moot and Grant Leave for WWE to File an Amended Answer ........................................................ 12

CONCLUSION ................................................................................................ 13

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

*Agricola Cuyuma SA* v. *Corona Seeds, Inc.*,
  2019 WL 1878353 (C.D. Cal. Feb. 20, 2019)....................................................................8

5

*AirWair Int'l Ltd.* v. *Schultz*,

6
  84 F. Supp. 3d 943 (N.D. Cal. 2015) ...............................................................................9

7

*Ameristar Fence Prods., Inc.* v. *Phoenix Fence Co.*,
  2010 WL 2803907 (D. Ariz. July 15, 2010).....................................................................4

8

*Arthur* v. *Constellation Brands, Inc.*,

9
  2016 WL 6248905 (N.D. Cal. Oct. 26, 2016).................................................................11

10

*Authenex, Inc.* v. *EMC Corp.*,
  2010 WL 11507453 (C.D. Cal. June 15, 2010) ................................................................8

11

*Bausch Health US, LLC* v. *Virtus Pharms. OPCO II, LLC*,

12
  2019 WL 7708939 (N.D. Cal. Oct. 25, 2019).............................................................3, 12

13

*Bitglass, Inc.* v. *Netskope, Inc.*,
  2021 WL 4499268 (N.D. Cal. Mar. 19, 2021)..................................................................6

14

*Brooks* v. *Vitamin World USA Corp.*,

15
  2021 WL 4777014 (E.D. Cal. Oct. 13, 2021)...................................................................4

16

*Catch Curve, Inc.* v. *Integrated Glob. Concepts, Inc.*,
  2012 WL 12541116 (N.D. Ga. July 26, 2012)..................................................................8

17

*Chavez* v. *Blue Sky Nat. Beverage Co.*,

18
  2009 WL 10690397 (N.D. Cal. Oct. 19, 2009)...............................................................12

19

*Cintron* v. *Title Fin. Corp.*,
  2018 WL 692936 (D. Mont. Feb. 1, 2018).......................................................................5

20

*Cota* v. *Aveda Corp.*,

21
  2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) ..................................................................3

22

*Craten* v. *Foster Poultry Farms Inc.*,
  2016 WL 3457899 (D. Ariz. June 24, 2016) ....................................................................6

23

*Ctr. for Food Safety* v. *Sanderson Farms, Inc.*,

24
  2019 WL 8356294 (N.D. Cal. Mar. 18, 2019)........................................................2, 3, 10, 11

25

*Diamond Resorts U.S. Collection Dev., LLC* v. *Reed Hein & Assocs., LLC*,
  2020 WL 8475976 (D. Nev. May 13, 2020).....................................................................6

26

*Enough for Everyone, Inc.* v. *Provo Craft & Novelty, Inc.*,

27
  2012 WL 177576 (C.D. Cal. Jan. 20, 2012) ....................................................................6

28

ii

1

2
*Ernest Bock, L.L.C.* v. *Steelman*,
    2021 WL 4750726 (D. Nev. Sept. 22, 2021) ................................................5

3
*Estrada* v. *Vanderpoel*,
    2017 WL 4758843 (E.D. Cal. Oct. 20, 2017) ..............................................4

4
*Fabian* v. *LeMahieu*,
5   2020 WL 3402800 (N.D. Cal. June 19, 2020) .............................................8

6
*Facebook, Inc.* v. *ConnectU LLC*,
    2007 WL 2349324 (N.D. Cal. Aug. 14, 2007) ........................................6, 11

7
*G & G Closed Cir. Events, LLC* v. *Timothy Parker & Diego & Dante, LLC*,
8   2021 WL 5299850 (S.D. Cal. Aug. 2, 2021) ...............................................4

9
*Gergawy* v. *United States Bakery, Inc.*,
    2021 WL 608725 (E.D. Wash. Feb. 16, 2021) .............................................5

10
*Gilmore* v. *Liberty Life Assurance Co. of Bos.*,
11   2013 WL 12147724 (N.D. Cal. Apr. 19, 2013) ..........................................11

12
*Hawkins* v. *Kroger Co.*,
    2019 WL 6310553 (S.D. Cal. Nov. 25, 2019) ............................................11

13
*Howard* v. *Tanium, Inc.*,
    2022 WL 597028 (N.D. Cal. Feb. 28, 2022) ...........................................3, 12

14
*Kohler* v. *Flava Enters., Inc.*,
15   779 F.3d 1016 (9th Cir. 2015) .........................................................1, 3, 9

16
*Lapena* v. *Las Vegas Metro. Dep't*,
    2022 WL 479496 (D. Nev. Feb. 16, 2022) ...................................................3

17
*McBurney* v. *Lowe's Home Ctrs., LLC*,
18   2014 WL 2993087 (D. Idaho July 2, 2014) .............................................5, 12

19
*McDonald* v. *Alayan*,
    2016 WL 2841206 (D. Or. May 13, 2016) ...................................................5

20
*Munoz for J.M.* v. *Watsonville Cmty. Hosp.*,
21   2017 WL 11673925 (N.D. Cal. Nov. 27, 2017) ...........................................2

22
*Pac. Dental Servs., LLC* v. *Homeland Ins. Co. of N.Y.*,
    2013 WL 3776337 (C.D. Cal. July 17, 2013) ..............................................7

23
*Pauly* v. *Stanford Health Care*,
24   2022 WL 103546 (N.D. Cal. Jan. 11, 2022) .......................................2, 3, 7, 11

25
*People of Los Angeles Cnty.* v. *Villanueva*,
    2022 WL 3575322 (C.D. Cal. July 14, 2022) ..............................................4

26
*Perez* v. *Gordon & Wong L. Grp., P.C.*,
27   2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) .........................................9, 12

28

*Perez* v. *Nuzon Corp.*,
   2016 WL 11002544 (C.D. Cal. June 6, 2016) ...................................................................10

*Raquinio* v. *City of Kailua Kona*,
   2019 WL 508070 (D. Haw. Feb. 7, 2019) ........................................................................4

*Smith* v. *Wal-Mart Stores*,
   2006 WL 2711468 (N.D. Cal. Sept. 20, 2006) ...............................................................2, 9

*Tattersalls Ltd.* v. *Wiener*,
   2019 WL 669640 (S.D. Cal. Feb. 19, 2019) ...................................................................11

*Tongsui LLC* v. *LecocoLove LLC*,
   2022 WL 541179 (N.D. Cal. Feb. 23, 2022) .....................................................................9

*Vistan Corp.* v. *Fadei USA, Inc.*,
   2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ...................................................................7

*Vogel* v. *Linden Optometry APC*,
   2013 WL 1831686 (C.D. Cal. Apr. 30, 2013) .................................................................7, 8

*Voltage Pictures, LLC* v. *O'Leary*,
   2016 WL 3693610 (D. Or. June 21, 2016) .......................................................................5

*White* v. *Univ. of Washington*,
   2023 WL 3582395 (W.D. Wash. May 22, 2023)...............................................................5

*Whittlestone, Inc.* v. *Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ...........................................................................................1

*Williams* v. *Exeter Fin. LLC*,
   2019 WL 6768317 (N.D. Cal. Dec. 11, 2019) .................................................................7

*Winns* v. *Exela Enter. Sols., Inc.*,
   2021 WL 5632587 (N.D. Cal. Dec. 1, 2021) ...................................................................8

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274
   (4th ed. 2023) .....................................................................................................................5

Fed. R. Civ. P. 8 ....................................................................................................................1, 6

Fed. R. Civ. P. 8(a)(2) ...............................................................................................................6

Fed. R. Civ. P. 8(c) .......................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 8(c)(1) ...............................................................................................................6

Fed. R. Civ. P. 12(f)..........................................................................................................1, 2, 6

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Plaintiff MLW Media LLC's ("MLW") motion to strike ("Mot.") never should have been

4   filed, and should be denied.  World Wrestling Entertainment, Inc. ("WWE") served its Answer to

5   MLW's Amended Complaint on August 14, 2023.  Eleven days later, MLW filed this motion

6   without ever so much as mentioning the issues raised in it to WWE, much less asking WWE to

7   amend or withdraw any of its Affirmative Defenses, before filing.  As MLW acknowledges, the

8   purpose of motions to strike under Rule 12(f) is "to avoid the expenditure of time and money that

9   will arise from litigating spurious issues."  Mot. 4; *see Whittlestone, Inc.* v. *Handi-Craft Co.*, 618

10  F.3d 970, 973 (9th Cir. 2010).  But MLW's motion does the opposite.  It wastes the Court's time

11  and resources by litigating issues that could have, and should have, been resolved between the

12  parties.

13     WWE's August 14 pleading is entirely proper, and meets the relevant pleading standards

14  established by the Ninth Circuit.  All that Rule 8 requires of WWE is to "affirmatively state" its

15  affirmative defenses.  Fed. R. Civ. P. 8(c).  The key question is whether WWE has provided

16  MLW "fair notice" of the bases of those defenses.  And the Ninth Circuit has held that such "fair

17  notice" only requires describing such defenses in "general terms."  *Kohler* v. *Flava Enters., Inc.*,

18  779 F.3d 1016, 1019 (9th Cir. 2015).  While it is true that some courts in this District have

19  applied *Twombly and Iqbal*'s plausibility standards to affirmative defenses (as MLW argues)

20  notwithstanding *Kohler*, MLW ignores that courts are split on this question and that the

21  predominant approach in the Ninth Circuit applies the more forgiving "fair notice" standard.

22  WWE has met this "fair notice" standard by pleading self-evident and well-recognized

23  affirmative defenses of the type that are routinely pleaded in similar terms in district courts

24  across this Circuit.

25     Moreover, motions to strike are heavily disfavored in this Circuit.  Courts have described

26  the movant's burden as "heavy," "demanding," and "formidable,"  and regularly deny such

27  motions in the absence of a showing of prejudice to the moving party.  MLW has not even

28  attempted to make any such showing of prejudice here.  Nor could it.  MLW does not explain

1  how the supposed insufficiency of WWE's pleading renders it unable to adequately pursue

2  discovery, nor how any of WWE's affirmative defenses as pleaded will create additional,

3  burdensome discovery.  In fact, WWE has already provided information about one of the key

4  defenses that MLW seeks to strike, in response to MLW's interrogatories.  For these reasons,

5  MLW's motion should be denied.

6         Nevertheless, to avoid more needless litigation over these issues, WWE requests, in the

7  alternative, that MLW's motion be denied as moot and submits herewith (as Exhibit A, with a

8  redline against the prior Answer attached as Exhibit B) a proposed amended Answer that

9  addresses several of the objections that MLW has raised by withdrawing certain Affirmative

10 Defenses and adding detailed allegations that eliminate any possible doubt as to the sufficiency

11 of the remaining Affirmative Defenses.

12        For these reasons, and as set out below, WWE respectfully requests that the Court either

13 deny MLW's motion in its entirety as legally unfounded, or, in the alternative, accept WWE's

14 proposed amended answer and deny the motion as moot.

15 **II.**    <u>**LEGAL STANDARDS**</u>

16        The Federal Rules of Civil Procedure permit the Court to strike any "insufficient defense

17 or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

18 However, "motions to strike are rarely granted in the absence of a showing of prejudice to the

19 moving party."  *Smith* v. *Wal-Mart Stores*, 2006 WL 2711468, at *2 (N.D. Cal. Sept. 20, 2006).

20        "Motions to strike are regarded with disfavor [ ] because of the limited importance of

21 pleadings in federal practice and because they are often used solely to delay proceedings."  *Ctr.*

22 *for Food Safety* v. *Sanderson Farms, Inc.*, 2019 WL 8356294, at *1 (N.D. Cal. Mar. 18, 2019).

23 "[C]ourts will generally 'grant a motion to strike only when the moving party has proved that the

24 matter to be stricken could have no possible bearing on the subject matter of the litigation.'"

25 *Pauly* v. *Stanford Health Care*, 2022 WL 103546, at *2 (N.D. Cal. Jan. 11, 2022) (quoting

26 *Ewing* v. *Nova Lending Sols., LLC*, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020)).  "In

27 resolving a motion to strike, the pleadings must be viewed in the light most favorable to the

28 nonmoving party."  *Munoz for J.M.* v. *Watsonville Cmty. Hosp.*, 2017 WL 11673925, at *1 (N.D.

1   Cal. Nov. 27, 2017).  "If there is any doubt whether the challenged matter might bear on an issue

2   in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the

3   allegations left for adjudication on the merits."  *Ctr. for Food Safety*, 2019 WL 8356294, at *1.

4   "Reflecting the highly disfavored nature of a motion to strike, the burden of persuasion facing a

5   movant has been described as a 'substantial' burden, a 'demanding' burden, a 'heavy' burden, a

6   'sizable' burden, and a 'formidable' burden."  *Lapena* v. *Las Vegas Metro. Dep't*, 2022 WL

7   479496, at *1 n.3 (D. Nev. Feb. 16, 2022) (citations omitted).  In addition, the "countervailing

8   interest in conserving resources of the parties and the court" is a factor weighing in favor of

9   denying such motions.  *Bausch Health US, LLC* v. *Virtus Pharms. OPCO II, LLC*, 2019 WL

10  7708939, at *2 (N.D. Cal. Oct. 25, 2019) (denying motion to strike affirmative defenses).

11          "The key to determining the sufficiency of pleading an affirmative defense is whether it

12  gives plaintiff fair notice of the defense."  *Howard* v. *Tanium, Inc.*, 2022 WL 597028, at *2

13  (N.D. Cal. Feb. 28, 2022) (quoting *Wyshak* v. *City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

14  1979)).  In *Kohler* v. *Flava Enterprises, Inc.*, the Ninth Circuit held that "'fair notice' required

15  by the pleading standards only requires describing the defense in 'general terms.'"  779 F.3d

16  1016, 1019 (9th Cir. 2015).  Notwithstanding *Kohler*, some courts in this District, but not all,

17  have required affirmative defenses to satisfy the plausibility pleading standard set forth in

18  *Twombly and Iqbal*.  However, "[c]ourts are split" as to whether to apply *Twombly and Iqbal* or

19  whether to apply the more relaxed "fair notice" standard, consistent with the "predominant

20  approach in the Ninth Circuit," which reads *Kohler* as affirming this "fair notice" pleading

21  standard for affirmative defenses.  *Pauly*, 2022 WL 103546, at *3.  "[T]he fair notice standard

22  does not require factual support for affirmative defenses," *Cota* v. *Aveda Corp.*, 2020 WL

23  6083423, at *4 (S.D. Cal. Oct. 14, 2020), and does not require defendants to meet the plausibility

24  pleading standard set forth in *Twombly and Iqbal*, *see Pauly*, 2022 WL 103546, at *3 ("Having

25  considered the parties' arguments and surveyed the cases discussing the applicability of *Twombly*

26  and *Iqbal* to affirmative defenses, the Court concludes that affirmative defenses are governed by

27  the standard of fair notice—not plausibility pleading." (citation omitted)).

28

1    III.    <u>ARGUMENT</u>

2           MLW argues that WWE's affirmative defenses should be stricken for two reasons.  Mot.

3    5–6.  First, MLW claims that WWE has inadequately pleaded its affirmative defenses such that

4    MLW lacks "fair notice" of the bases for WWE's defenses.  *Id.* at 5.  Second, MLW claims that

5    certain defenses should be stricken because WWE does not have the burden of proving them (or

6    because they are not "actual" affirmative defenses).  *Id.* at 5–6.  Both arguments are meritless,

7    and MLW's motion should be denied.  In the alternative, the Court should permit WWE to file

8    the amended answer attached as Exhibit A (with a redline attached as Exhibit B) and deny

9    MLW's motion as moot.

10          A.    **MLW's Motion Should Be Denied Because WWE's Answer Provides MLW**
                  **with Fair Notice of WWE's Defenses and MLW Cannot Show Prejudice**
11
                  *i.    WWE's Answer Provides MLW with Fair Notice of the Bases for*
12                       *WWE's Defenses*

13          Courts in nearly every district in the Ninth Circuit have recognized that affirmative

14   defenses need only be pleaded in "general terms" under the "fair notice" pleading standard. [1]  *See*

15   _____

16   [1]    *See also Ameristar Fence Prods., Inc.* v. *Phoenix Fence Co.*, 2010 WL 2803907, at *1 (D.

17   Ariz. July 15, 2010) ("The Court is of the view that the pleading standards enunciated in

18   *Twombly* and [*Iqbal*] have no application to affirmative defenses pled under Rule 8(c).");

19   *People of Los Angeles Cnty.* v. *Villanueva*, 2022 WL 3575322, at *1 (C.D. Cal. July 14,

20   2022) ("this Court applies the more lenient 'fair notice' pleading standard to affirmative

21   defenses, not the heightened standard of *Twombly* and *Iqbal*"); *Estrada* v. *Vanderpoel*, 2017

22   WL 4758843, at *1 (E.D. Cal. Oct. 20, 2017) (applying *Kohler* and "fair notice" standard);

23   *Brooks* v. *Vitamin World USA Corp.*, 2021 WL 4777014, at *2 (E.D. Cal. Oct. 13, 2021)

24   ("[T]his Court applies the 'fair notice' standard, and not the heightened pleading standard

25   announced in *Twombly* and *Iqbal*, when evaluating motions to strike affirmative defenses.");

26   *G & G Closed Cir. Events, LLC* v. *Timothy Parker & Diego & Dante, LLC*, 2021 WL

27   5299850, at *5 (S.D. Cal. Aug. 2, 2021) ("After the Supreme Court announced a revised

28   pleading standard for affirmative claims for relief in *Twombly* and *Iqbal*, the Ninth Circuit

                                            4

*also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (4th ed. 2023) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.").  WWE's Affirmative Defenses, as

continued to hold that affirmative defenses need only be pleaded according to the less demanding 'fair notice' standard."); *Raquinio* v. *City of Kailua Kona*, 2019 WL 508070, at *1 (D. Haw. Feb. 7, 2019) ("the *Twombly*/*Iqbal* standard does not apply to affirmative defenses"); *McBurney* v. *Lowe's Home Ctrs., LLC*, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014) ("neither *Twombly* nor *Iqbal* addresses the pleading standard for affirmative defenses"); *Cintron* v. *Title Fin. Corp.*, 2018 WL 692936, at *2 (D. Mont. Feb. 1, 2018) ("this Court declines to extend the *Twombly*/*Iqbal* pleading standards to affirmative defenses"); *Ernest Bock, L.L.C.* v. *Steelman*, 2021 WL 4750726, at *3 (D. Nev. Sept. 22, 2021) ("The Court finds the weight of authority from the Ninth Circuit and the District of Nevada demonstrates that *Iqbal*/*Twombly*'s heightened pleadings standard does not apply to these affirmative defenses."); *McDonald* v. *Alayan*, 2016 WL 2841206, at *2 (D. Or. May 13, 2016) (finding that "'fair notice' is a different, less stringent standard than the factual plausibility standard articulated in *Twombly* and *Iqbal*"); *Voltage Pictures, LLC* v. *O'Leary*, 2016 WL 3693610, at *3 (D. Or. June 21, 2016) ("[T]he affirmative defense provides Plaintiffs fair notice of the nature of the defense and its factual basis, the inclusion of the affirmative defense is not sufficiently prejudicial to Plaintiffs to require dismissal, and motions to strike affirmative defenses are extremely disfavored."); *Gergawy* v. *United States Bakery, Inc.*, 2021 WL 608725, at *3 (E.D. Wash. Feb. 16, 2021) ("this Court is persuaded that the fair notice standard pleading standard under Federal Rule of Civil Procedure 8(c) still applies, absent further guidance from the Ninth Circuit or the Supreme Court"); *White* v. *Univ. of Washington*, 2023 WL 3582395, at *5 (W.D. Wash. May 22, 2023) ("Absent clearer guidance from the Supreme Court or the Ninth Circuit, the Court declines to adopt the heightened plausibility pleading standard for asserting an affirmative defense.").

1  pleaded in its August 14 Answer, meet this standard.  In its motion, MLW argues for a

2  heightened standard requiring WWE to plead, without discovery, factual detail supporting each

3  of its Affirmative Defenses or else face the draconian result of having *all* such Defenses stricken.

4  The law does not support that result.

5     Applying a more relaxed pleading standard to affirmative defenses than the standard that

6  applies to complaint allegations is a distinction rooted in and consistent with the language of the

7  Federal Rules.  Unlike complaints, which must contain "a short and plain statement of the claim

8  *showing that the pleader is entitled to relief*," Fed. R. Civ. P. 8(a)(2) (emphasis added),

9  responsive pleadings need only "affirmatively *state* any . . . affirmative defense," Fed. R. Civ. P.

10  8(c)(1) (emphasis added).  "As *Twombly*/*Iqbal* standards are premised on Rule 8's requirement

11  to make that 'showing,' it is not clear that they should be applied in the same way to defenses."

12  *Bitglass, Inc.* v. *Netskope, Inc.*, 2021 WL 4499268, at *1 n.2 (N.D. Cal. Mar. 19, 2021).  "When

13  read together, the sub-parts of the rule appear to demand more from a party stating a claim for

14  relief, i.e., the party stating a claim must show he or she is entitled to relief.  In contrast, a party

15  stating a defense need not show he or she is entitled to relief, but need only *state* any defense,

16  and state each defense 'in short and plain terms.'"  *Enough for Everyone, Inc.* v. *Provo Craft &*

17  *Novelty, Inc.*, 2012 WL 177576, at *2 (C.D. Cal. Jan. 20, 2012) (emphasis in original).

18  "Requiring defendants to satisfy the *Iqbal*/*Twombly* pleading standard within twenty-one days of

19  being served with a complaint (where the plaintiff had two years or more depending [on] the

20  statute of limitations to investigate the facts and craft its complaint) would be inconsistent with

21  the language of Rules 8(c) and 12(f) . . . ."  *Diamond Resorts U.S. Collection Dev., LLC* v. *Reed*

22  *Hein & Assocs., LLC*, 2020 WL 8475976, at *2 (D. Nev. May 13, 2020).

23     Such a requirement also "would not be just, as a matter of policy."  *Id.*  For example,

24  while "[p]ermitting a plaintiff to proceed on a conclusory or factually deficient complaint

25  potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle

26  the matter for its 'nuisance value,'" "[i]n most cases, even the most conclusory affirmative

27  defenses do not impose similar burdens."  *Facebook, Inc.* v. *ConnectU LLC*, 2007 WL 2349324,

28  at *1 (N.D. Cal. Aug. 14, 2007).  Furthermore, "requiring affirmative defenses to satisfy

1  *Twombly* and *Iqbal*'s plausibility standard likely would lead to a proliferation of motions to

2  strike," a result that "[i]t is unlikely . . . the Supreme Court intended." *Craten* v. *Foster Poultry*

3  *Farms Inc.*, 2016 WL 3457899, at *3 (D. Ariz. June 24, 2016).

4         Thus, while courts in this District have often applied the heightened plausibility pleading

5  standard to affirmative defenses, courts in this district have also (consistent with the prevailing

6  approach in the Ninth Circuit) appropriately denied motions to strike affirmative defenses where

7  defendants have met a standard of "fair notice" that is more relaxed than *Twombly and Iqbal*'s

8  plausibility requirement.  For example, in *Pauly*, the court acknowledged that "[c]ourts are split"

9  on whether the heightened standard articulated in *Twombly and Iqbal* applies to affirmative

10  defenses, but explained that "[u]nder the predominant approach in the Ninth Circuit, a fairly

11  noticed affirmative defense must describe a defense in 'general terms' by identifying the legal

12  theory on which the defense rests, and 'need not assert facts making it plausible.'"  2022 WL

13  103546, at *3 (quoting *Kohler*, 779 F.3d at 1019).  Indeed, courts in this district have recognized

14  that even "boilerplate," "standard" affirmative defenses are "appropriate at the outset of the case

15  before discovery has commenced," *Vistan Corp.* v. *Fadei USA, Inc.*, 2011 WL 1544796, at *7

16  (N.D. Cal. Apr. 25, 2011), and that an "assessment of the sufficiency of defenses is better left for

17  adjudication on the merits," not a motion to strike pre-discovery, *Williams* v. *Exeter Fin. LLC*,

18  2019 WL 6768317, at *1 (N.D. Cal. Dec. 11, 2019).  MLW's failure to acknowledge these cases

19  or the split in authority more generally is telling.

20         Under these standards, MLW has "fair notice" of the bases for WWE's affirmative

21  defenses sufficient to deny MLW's motion.

22         To begin, WWE has pleaded standard and well-recognized defenses, including unclean

23  hands and *in pari delicto* (third affirmative defense); estoppel, laches, and waiver (fourth

24  affirmative defense); mitigation of damages (seventh affirmative defense); causation (eighth and

25  ninth affirmative defenses); intervening or superseding cause (tenth affirmative defense); unjust

26  enrichment (eleventh affirmative defense); and economic or business justification (fourteenth

27  affirmative defense).  Courts recognize that pleading such "standard" and "well-established"

28  defenses inherently provides fair notice to plaintiffs.  *See Pac. Dental Servs., LLC* v. *Homeland*

1   *Ins. Co. of N.Y.*, 2013 WL 3776337, at *3, *6, *8 (C.D. Cal. July 17, 2013).

2          For example, in *Vogel* v. *Linden Optometry APC*, the court denied the plaintiff's motion

3   to strike unclean hands, waiver, laches, and estoppel defenses (WWE's third and fourth

4   affirmative defenses here) pleaded "in a conclusory manner" with "no factual support in any

5   way," because "the nature of the defenses is well known, and Plaintiff can seek discovery

6   regarding the purported factual basis." 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013); *see*

7   *also Agricola Cuyuma SA* v. *Corona Seeds, Inc.*, 2019 WL 1878353, at *3 (C.D. Cal. Feb. 20,

8   2019) (denying motion to strike because "unclean hands," "laches," and "unjust enrichment" are

9   "well-established," and "[s]imply naming these defenses is likely sufficient to provide fair

10  notice"). Similarly, courts in this district "routinely permit the pleading of a failure to mitigate

11  defense [WWE's seventh affirmative defense here] without specific factual allegations prior to

12  the completion of discovery." *Winns* v. *Exela Enter. Sols., Inc.*, 2021 WL 5632587, at *5 (N.D.

13  Cal. Dec. 1, 2021); *see Fabian* v. *LeMahieu*, 2020 WL 3402800, at *5 (N.D. Cal. June 19, 2020)

14  (collecting cases). In *Catch Curve, Inc.* v. *Integrated Glob. Concepts, Inc.*, the court held that an

15  affirmative defense asserting conduct "was taken in good faith based on legitimate business

16  justifications, lacked any wrongful intent, and in no way unreasonably restrained competition"

17  (similar to WWE's fourteenth affirmative defense here) provided movant with fair notice. 2012

18  WL 12541116, at *3 (N.D. Ga. July 26, 2012); *see also Authenex, Inc.* v. *EMC Corp.*, 2010 WL

19  11507453, at *5 (C.D. Cal. June 15, 2010) (finding that affirmative defense asserting that

20  "[c]laims by [plaintiff] for injunctive relief are barred as a matter of law because [plaintiff] has

21  an adequate remedy at law" provided fair notice).

22          Moreover, MLW has fair notice of WWE's defenses because it is self-evident how

23  WWE's defenses apply based on the facts as MLW has alleged them. For example, WWE's

24  estoppel, laches, and waiver defenses (fourth affirmative defense) are based on the proposition

25  that MLW's allegations cover events that purportedly spanned decades. MLW itself alleges that

26  "WWE has maintained its dominance through predatory, unfair and anti-competitive conduct

27  since at least 2001." ECF 64, First Amended Complaint ("FAC") ¶ 1. While WWE maintains

28  that allegation is entirely baseless, if MLW actually believes it to be true, it has offered no

1  legitimate reason for not seeking relief sooner.  The basis for WWE's causation-based defenses

2  (eighth, ninth, and tenth affirmative defenses) is equally clear:  any alleged injury to MLW was

3  caused by forces in the marketplace other than WWE, including the independent decisions of

4  broadcast partners like VICE TV, Tubi, and Reelz that opted against engaging in business with

5  MLW, *see* FAC ¶¶ 7, 9, 11, as well as MLW's failure to offer a quality product at an attractive

6  price.

7           The purpose of applying *Twombly and Iqbal* to affirmative defenses, assuming that were

8  the correct standard, is to "weed out" irrelevant boilerplate affirmative defenses.  *AirWair Int'l*

9  *Ltd.* v. *Schultz*, 84 F. Supp. 3d 943, 950 (N.D. Cal. 2015) (citations omitted).  Here, however,

10  there is no need to "weed out" irrelevant defenses where their relevance is self-evident.  In other

11  words, WWE's defenses do not involve "unadorned, the defendant-unlawfully-harmed-me

12  accusation[s]." *Perez* v. *Gordon & Wong L. Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal.

13  Mar. 26, 2012); *cf. Tongsui LLC* v. *LecocoLove LLC*, 2022 WL 541179, at *5 (N.D. Cal.

14  Feb. 23, 2022) (remarking that "[w]hile not a model of clarity," the defendant's "allegations are

15  sufficient to give Plaintiffs 'fair notice' of the defense, since they support plausible inferences"

16  of the elements of the relevant defense).

17           Given the context of the allegations as pleaded by MLW and the established nature of the

18  defenses pleaded here, WWE's statement of its affirmative defenses (while general) satisfy the

19  Ninth Circuit's requirement of describing defenses in "general terms" sufficient to provide MLW

20  with "fair notice."  *Kohler*, 779 F.3d at 1019.

21           ***ii.***      ***MLW Has Not Shown Prejudice Justifying Striking Any of WWE's***
                          ***Defenses***
22

23           Regardless of the sufficiency of the pleadings, MLW's motion to strike should be denied

24  as to all of WWE's affirmative defenses because MLW has failed to and cannot show that any

25  prejudice would result from the Court denying MLW's motion.  "[M]otions to strike are rarely

26  granted in the absence of a showing of prejudice to the moving party."  *Smith*, 2006 WL

27  2711468, at *2 (internal quotation marks omitted).  MLW's motion is devoid of even any

28  attempt to establish any such prejudice.  And no prejudice exists, for reasons that courts have

9

1    recognized in analogous situations.

2        For example, as one court in the Ninth Circuit has explained, "insufficiently pleaded

3    affirmative defenses"—indeed, "even the most conclusory affirmative defenses"—are unlikely to

4    "render subject matter discoverable that is not already implicated by the allegations of the

5    complaint.  To determine the precise nature of the defendant's affirmative defenses, plaintiff will

6    rarely need do more than propound simple 'state all facts' interrogatories."  *Ctr. for Food Safety*,

7    2019 WL 8356294, at *2.  Similarly, in *Perez* v. *Nuzon Corp.*, the court rejected the plaintiff's

8    motion to strike because "going through the answering pleadings line-by-line to excise the

9    imperfect portions would be a pointless exercise."  2016 WL 11002544, at *3 (C.D. Cal. June 6,

10   2016).  "Defendants would be granted leave to amend, and in any case, the parties' disputes over

11   the merits of [plaintiff's] claims are going to get litigated at some point, so there is little harm in

12   having [d]efendants' positions on those claims in the pleadings."  *Id.*

13       Here, WWE has already provided information about one of the key defenses that MLW

14   seeks to strike, in response to MLW's interrogatories.  WWE has asserted a business or

15   economic justification defense, stating that "WWE had legitimate business and/or economic

16   justifications for the conduct at issue" (fourteenth affirmative defense).  On July 19, 2023, before

17   even having received WWE's Answer, MLW served interrogatories that asked, among other

18   things, for WWE to identify the "business rationale" for each type of allegedly anticompetitive

19   contract provision alleged in its Amended Complaint.  Then, without waiting for WWE's

20   answers (which were served on September 1), MLW filed this motion claiming it does not have

21   "fair notice" of WWE's defense.  MLW's actions demonstrate just how baseless and peremptory

22   its motion really is.  Clearly MLW was on notice that WWE would defend against its claims, in

23   part, by asserting that there is a lawful and procompetitive business rationale for the challenged

24   conduct—as is commonplace in antitrust cases, like this one, alleging conduct that is not *per se*

25   illegal.  And clearly MLW has suffered no prejudice by virtue of the fact that WWE did not

26   elaborate on the factual basis for that defense in detail in its Answer, but rather did so two weeks

27   later in an interrogatory response.

28       Moreover, the prejudice requirement holds equally true where plaintiffs move to strike

10

defenses on the basis that they are purportedly negative rather than affirmative defenses or denials of elements of claims rather than affirmative defenses (as MLW argues here, *see* Mot. 14).  Courts refuse to strike such negative defenses or denials of elements of the plaintiff's claims purportedly mislabeled as affirmative defenses on the grounds that including such pleadings in the answer does not cause prejudice.  *See Pauly*, 2022 WL 103546, at *4 n.1 (denying motion to strike negative defenses labeled as affirmative defenses based on lack of prejudice); *Arthur* v. *Constellation Brands, Inc.*, 2016 WL 6248905, at *3–4 (N.D. Cal. Oct. 26, 2016) (denying motion to strike defenses properly characterized as "denials of elements of his claims" rather than affirmative defenses because of a lack of prejudice); *Gilmore* v. *Liberty Life Assurance Co. of Bos.*, 2013 WL 12147724, at *1 (N.D. Cal. Apr. 19, 2013) (denying motion to strike affirmative defense for "failure to state a claim" because "[w]hile, as a technical matter, plaintiff may be correct, the court finds that no prejudice would result from allowing the defenses to remain as pled").[2]

While no prejudice exists from allowing insufficiently pleaded defenses to remain pleaded, courts recognize that there is, conversely, a substantial interest in conserving the resources of the parties and the Court in disallowing motion practice over these issues. Likewise, here, "the countervailing interest in conserving resources of the parties and the Court warrants denying this motion." *Ctr. for Food Safety*, 2019 WL 8356294, at *3; *Facebook, Inc.*,

---

[2]  *See also Hawkins* v. *Kroger Co.*, 2019 WL 6310553, at *2 (S.D. Cal. Nov. 25, 2019) ("declin[ing] to strike" defenses of "failure to state a claim," "lack of standing," "causation," and "unjust enrichment," "simply because they were incorrectly labeled"); *Tattersalls Ltd.* v. *Wiener*, 2019 WL 669640, at *3 (S.D. Cal. Feb. 19, 2019) ("Absent a showing of prejudice, classification of a defense as 'affirmative' or 'negative' does not necessitate that the offending answer be stricken. Although the Court agrees that Defendant has improperly pled negative offenses as affirmative defenses, Plaintiff has not shown how this mislabeling prejudices Plaintiff. The Court DENIES Plaintiff's Motion to Strike the aforementioned defenses on this ground alone.").

1   2007 WL 2349324, at *2 (same).  In *Bausch Health US*, the court similarly denied a motion to

2   strike affirmative defenses that allegedly "merely referenc[ed] legal doctrines without including

3   adequate facts" in light of this "countervailing interest in conserving resources of the parties and

4   the court."  2019 WL 7708939, at *2.  MLW's effort to force the Court into "micro-manag[ing]"

5   the pleadings" based on "technical points" without any showing of prejudice is unnecessary and

6   wasteful.  *McBurney* v. *Lowe's Home Centers, LLC*, 2014 WL 2993087, at *3 (D. Idaho

7   July 2, 2014).

8          **B.    In the Alternative, the Court Should Deny MLW's Motion as Moot and
               Grant Leave for WWE to File an Amended Answer**

9

10          In the alternative, WWE requests that the Court deny MLW's motion as moot and asks

11   for leave to filed an amended answer, rendering MLW's motion moot.  Courts in this district

12   have adopted this approach.  For example, in *Howard* v. *Tanium, Inc.*, the court granted the

13   defendant leave to file an amended answer and denied plaintiff's motion to strike the defendant's

14   affirmative defenses as moot.  2022 WL 597028, at *1 (N.D. Cal. Feb. 28, 2022); *see also*

15   *Chavez* v. *Blue Sky Nat. Beverage Co.*, 2009 WL 10690397, at *1 (N.D. Cal. Oct. 19, 2009)

16   (recognizing as moot a motion to strike 14 affirmative defenses that were withdrawn in

17   defendant's amended answer); *Gordon & Wong L. Grp.*, 2012 WL 1029425, at *8 ("When

18   striking an affirmative defense, leave to amend should be freely given so long as no prejudice to

19   the moving party results.").  Leave to amend is especially appropriate here given the split in

20   authority on the pleading standard.  WWE includes as Exhibit A a proposed Amended Answer

21   (with a redline against the prior Answer attached as Exhibit B) that withdraws certain

22   Affirmative Defenses and adds factual allegations in support of the remaining Affirmative

23   Defenses.  *See* Exhibits A, B.  To the extent any question remains as to whether MLW has

24   received fair notice of WWE's defenses, the Amended Answer conclusively resolves that

25   question.

26

27

28

1

**CONCLUSION**

2      For the foregoing reasons, WWE respectfully requests that the Court deny MLW's

3  motion to strike.

4

5  Dated: September 8, 2023                    Respectfully submitted,

6                                              By: *William Michael*
                                               _____

7                                              Walter F. Brown (SBN: 130248)
8                                              wbrown@paulweiss.com
                                               **PAUL, WEISS, RIFKIND, WHARTON**
9                                                 **& GARRISON LLP**
                                               535 Mission Street, 24th Floor
10                                             San Francisco, CA 94105
                                               Telephone:  (628) 432-5100
11
                                               Karen L. Dunn (admitted *pro hac vice*)
12                                             kdunn@paulweiss.com
                                               William A. Isaacson (admitted *pro hac vice*)
13                                             wisaacson@paulweiss.com
                                               **PAUL, WEISS, RIFKIND, WHARTON**
14                                                 **& GARRISON LLP**
                                               2001 K Street, NW
15                                             Washington, DC 20006
                                               Telephone: (202) 223-7300
16                                             Facsimile:  (202) 223-7420

17                                             William Michael (admitted *pro hac vice*)
18                                             wmichael@paulweiss.com
                                               Brette M. Tannenbaum (admitted *pro hac vice*)
19                                             btannenbaum@paulweiss.com
                                               **PAUL, WEISS, RIFKIND, WHARTON**
20                                                 **& GARRISON LLP**
                                               1285 Avenue of the Americas
21                                             New York, NY 10019
                                               Telephone: (212) 373-3000
22                                             Facsimile:  (212) 757-3990

23                                             *Attorneys for Defendant World Wrestling*
                                               *Entertainment, Inc.*
24

25

26

27

28

WWE'S RESPONSE TO  MLW'S MOTION TO STRIKE WWE'S AFFIRMATIVE
DEFENSES - Case No. 5:22-cv-00179-EJD