Jason S. Takenouchi (SBN 234835)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Tel.: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

Marc E. Kasowitz (*pro hac vice*)
Hector J. Torres (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
Joshua E. Roberts (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
htorres@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com
jroberts@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MLW MEDIA LLC,<br><br>Plaintiff,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, INC.<br><br>Defendant. | Case No: 5:22-cv-00179-EJD<br><br>**PLAINTIFF MLW MEDIA LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S AFFIRMATIVE DEFENSES**<br><br>Hearing Date: October 26, 2023<br>Hearing Time: 9:00 a.m.<br>Hearing Location: Courtroom 4<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 3

    A. WWE Applies the Wrong Pleading Standard ......................................................... 3

    B. WWE Has Not Adequately Pleaded Its Affirmative Defenses ............................... 5

        1. Third Affirmative Defense (Unclean Hands or *In Pari Delicto*) ................ 6

        2. Fourth Affirmative Defense (Estoppel, Laches, and Waiver) ...................... 6

        3. Seventh Affirmative Defense (Mitigation of Damages) ............................... 8

        4. Eighth (Actual or Proximate Cause), Ninth (Alternative Cause) and Tenth (Intervening or Superseding Cause) Affirmative Defenses ................ 8

        5. Eleventh Affirmative Defense (Unjust Enrichment) ..................................... 9

        6. Fourteenth Affirmative Defense (Economic or Business Justification) ................................................................................................. 10

    C. MLW Need Not Demonstrate Prejudice ............................................................... 10

III. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Distrib., Inc. v. Living Essentials LLC*,
  2016 WL 8114206 (N.D. Cal. Apr. 26, 2016) .......................................................................... 8

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
  2019 WL 1878353 (C.D. Cal. Feb. 20, 2019) ................................................................. 6, 7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................*passim*

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................*passim*

*BGC, Inc. v. Bryant*,
  2023 WL 4138287 (N.D. Cal. June 21, 2023) ....................................................................... 3

*Catch Curve, Inc. v. Integrated Glob. Concepts, Inc.*,
  2012 WL 12541116 (N.D. Ga. July 26, 2012) ..................................................................... 10

*CTF Dev., Inc. v. Penta Hosp., LLC*,
  2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .................................................................... 6, 9

*Espitia v. Mezzetti Fin. Servs., Inc.*,
  2019 WL 359422 (N.D. Cal. Jan. 29, 2019) ....................................................................... 8, 9

*Fabian v. LeMahieu*,
  2020 WL 3402800 (N.D. Cal. June 19, 2020) ....................................................................... 8

*Facebook, Inc. v. Gajjar*,
  2022 WL 2239834 (N.D. Cal. June 17, 2022) ....................................................................... 7

*Fed. Trade Comm'n v. Meta Platforms Inc.*,
  2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) .................................................................... 3, 5

*G & G Closed Cir. Events, LLC v. Nguyen*,
  2011 WL 6293922 (N.D. Cal. Dec. 15, 2011) ........................................................... 6, 7, 8, 9

*G & G Closed Cir. Events, LLC v. Nguyen*,
  2013 WL 132471 (N.D. Cal. Jan. 9, 2013) ............................................................................ 6

*Gold Club-SF, LLC v. Platinum SJ Enter.*,
  2013 WL 6248475 (N.D. Cal. Dec. 3, 2013) ....................................................................... 11

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

*Goobich v. Excelligence Learning Corp.*,
    2020 WL 1503685 (N.D. Cal. Mar. 30, 2020) ................................................................. *passim*

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
    313 F.R.D. 572 (N.D. Cal. 2016) ........................................................................................ 11

*Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*,
    2016 WL 8469189 (N.D. Cal. Dec. 19, 2016) ..................................................................... 9

*Jansen v. Travelers Com. Ins. Co.*,
    2017 WL 607610 (N.D. Cal. Feb. 15, 2017) ........................................................................ 8

*Loc. Ventures & Invs., LLC v. Open Found.*,
    2019 WL 7877935 (N.D. Cal. Mar. 12, 2019) ............................................................ 4–5, 12

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
    2021 WL 2953237 (N.D. Cal. July 14, 2021) ............................................................... 10, 11

*Madison v. Goldsmith & Hull*,
    2013 WL 5769979 (N.D. Cal. Oct. 24, 2013) ........................................................... 2, 3, 4, 11

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
    2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) ...................................................................... 10

*MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*,
    2015 WL 4624119 (N.D. Cal. Aug. 3, 2015) ................................................................. 4, 10

*Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*,
    2023 WL 4142969 (N.D. Cal. June 21, 2023) .................................................................. 3, 5

*Neo4j, Inc. v. Graph Found., Inc.*,
    2020 WL 2793577 (N.D. Cal. May 29, 2020) ..................................................................... 4

*Neo4j, Inc. v. PureThink, LLC*,
    2021 WL 810260 (N.D. Cal. Mar. 3, 2021) ......................................................................... 3

*Neo4j, Inc. v. PureThink, LLC*,
    2023 WL 122402 (N.D. Cal. Jan. 6, 2023) ........................................................................... 3

*Neo4j, Inc. v. PureThink, LLC*,
    480 F. Supp. 3d 1071 (N.D. Cal. 2020) ............................................................................... 3

*Oliver v. SD-3C LLC*,
    751 F.3d 1081 (9th Cir. 2014) .............................................................................................. 7

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*,
    2013 WL 3776337 (C.D. Cal. July 17, 2013) ...................................................................... 5

*Perez v. Gordon & Wong L. Grp., P.C.*,
    2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ............................................................ 5, 9, 11

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    2017 WL 1330598 (N.D. Cal. Apr. 11, 2017) .................................................................... 6

*Scott Griffith Collaborative Sols., LLC v. Falck N. Cal. Corp.*,
    2021 WL 4846935 (N.D. Cal. June 7, 2021) ............................................................. 10, 11

*Smith v. Wal-Mart Stores*,
    2006 WL 2711468 (N.D. Cal. Sept. 20, 2006)................................................................ 10

*Tongsui LLC v. LecocoLove LLC*,
    2022 WL 541179 (N.D. Cal. Feb. 23, 2022)..................................................................... 5

*Vistan Corp. v. Fadei USA, Inc.*,
    2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ............................................................... 4, 5

*Vogel v. Linden Optometry APC*,
    2013 WL 1831686 (C.D. Cal. Apr. 30, 2013)................................................................ 6, 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    2020 WL 7249274 (N.D. Cal. Dec. 9, 2020) ............................................................ 10, 12

*Wesch v. Yodlee, Inc.*,
    2021 WL 6206642 (N.D. Cal. Dec. 6, 2021) ................................................................... 8

*Winns v. Exela Enter. Sols., Inc.*,
    2021 WL 5632587 (N.D. Cal. Dec. 1, 2021) ................................................................... 8

*Xingen v. Inland Energy, Inc.*,
    2020 WL 13211718 (C.D. Cal. Feb. 18, 2020) ................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 8(b)................................................................................................................ 10

Fed. R. Civ. P. 12(f) ............................................................................................. 3, 10, 11, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff MLW Media LLC ("MLW") was forced to bring this Motion[1] because Defendant World Wrestling Entertainment, Inc. ("WWE") asserted a number of frivolous and unsupported Affirmative Defenses that "never should have been filed." (Opp. at 1.) WWE concedes as much by attaching a proposed Amended Answer that strikes the improper Affirmative Defenses that MLW challenged, and repleads those Affirmative Defenses that MLW demonstrated are inadequate. (*See* Opp. Exs. A at 21–24, B at 22–27.) Indeed, WWE sheepishly attempts to withdraw, without substantively acknowledging, its first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses—which MLW pointed out were patently improper—by striking them in its proposed Amended Answer. (*See* Opp. Ex. B at 22–27.)

Despite these clear and glaring deficiencies, WWE baselessly accuses MLW of wasting the Court's time and resources. WWE's accusation is a textbook example of projection. Rather than assuming responsibility for its insufficient pleading and stipulating to amend its Answer, WWE untenably opposes a straightforward motion that it forced MLW to bring. WWE spends most of its Opposition casting aspersions and engaging in misdirection in an attempt to salvage what remains of its insufficient Affirmative Defenses. But WWE's Opposition is most notable for what it omits: it does not argue that its boilerplate pleading satisfies the *Twombly/Iqbal* standard (because, of course, it does not) and wholly ignores reference to the overwhelming authority from this Court that makes clear that "courts in this district continue to require affirmative defenses meet [that] standard." *Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (Davila, J.) (citation omitted) (collecting cases).

---

[1] *See* ECF No. 101 ("Motion" or "Mot."). WWE filed a response to the Motion. *See* ECF No. 102 ("Opposition" or "Opp."). Exhibits to the Opposition, ECF Nos. 102-1 ("Ex. A") and 102-2 ("Ex. B"), are cited herein as "Opp. Exs."

WWE does not address, much less distinguish, this Court's opinion in *Goobich*, but instead spends six pages of its Opposition arguing why this Court is wrong, citing to cases far and wide, including from district courts in Hawaii, Montana, and Washington, all the while ignoring overriding authority from *this* District. (Opp. at 4–5 n.1.) But no amount of sophistry alters the reality that the heightened pleading standard under *Twombly*/*Iqbal* requires a defendant to "include enough supporting information [for its affirmative defenses] to be plausible." *Madison v. Goldsmith & Hull*, 2013 WL 5769979, at *1 (N.D. Cal. Oct. 24, 2013) (Davila, J.) (citations omitted). WWE implicitly concedes that, despite having sixty (60) days to draft its Answer, its boilerplate pleading does not satisfy its legal obligation, and therefore advocates for a "more relaxed pleading standard" applied by certain courts in *other* districts. (Opp. at 6.)

Recognizing that its Affirmative Defenses are insufficient, WWE argues that the Motion should be denied because MLW has not made a showing of prejudice. (Opp. at 9–12.) However, this Court has no such requirement. Rather, this Court routinely strikes inadequately pleaded and improper affirmative defenses without considering prejudice. And, of course, it is apparent that requiring MLW to engage in costly discovery and argument on patently improper and inadequate affirmative defenses is inherently prejudicial.

Because WWE implicitly acknowledges in its proposed Amended Answer that its first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses are improper, and that its remaining Affirmative Defenses are inadequately pleaded, MLW has no objection to this Court granting leave to WWE to amend its Answer,[2] while striking with prejudice the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses, as WWE's proposed Amended Answer concedes all the relief MLW requested in the Motion.[3]

---

[2] MLW in no way concedes that WWE's proposed First Amended Answer is sufficiently pleaded.

[3] WWE fails to address MLW's argument, *see* Mot. at 14, which makes clear that "[r]eserv[ing] an ability to raise other defenses[] is not a defense," and such reservation "serves no real purpose in the

KASOWITZ BENSON TORRES LLP
101 CALIFORNIA STREET, SUITE 3950
SAN FRANCISCO, CALIFORNIA 94111

## II. ARGUMENT

### A. WWE Applies the Wrong Pleading Standard

WWE claims that "*some* courts in this District, but not all, have required affirmative defenses to satisfy the plausibility pleading standard set forth in *Twombly and* [*sic*] *Iqbal*." (Opp. at 3 (emphasis added).) This argument wholly ignores that "[c]ourts in this district have *consistently* required affirmative defenses to meet the *Twombly*/*Iqbal* standard," *Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*, 2023 WL 4142969, at *1 (N.D. Cal. June 21, 2023) (emphasis added),[4] and that Your Honor has consistently required the same, *see, e.g., Neo4j, Inc. v. PureThink, LLC*, 2023 WL 122402, at *7 (N.D. Cal. Jan. 6, 2023) (Davila, J.) ("Courts often apply the same plausibility pleading standard to affirmative defenses, regardless of whether they are challenged under either Rule 12(c) or 12(f)."); *Fed. Trade Comm'n v. Meta Platforms Inc.*, 2022 WL 16637996, at *1 (N.D. Cal. Nov. 2, 2022) (Davila, J.) ("In this district, defendants provide 'fair notice' of an affirmative defense by meeting the *Twombly*/*Iqbal* pleading standard.").[5] WWE's failure to distinguish, or even address, this overwhelming authority is telling.

---

litigation." *Madison*, 2013 WL 5769979, at *3 (citation omitted) (striking reservation of rights affirmative defense). Thus, the Court should also strike the "Reservation of Rights" section with prejudice. *See, e.g., Goobich*, 2020 WL 1503685, at *4 (striking reservation of rights affirmative defense with prejudice).

[4] *See also BGC, Inc. v. Bryant*, 2023 WL 4138287, at *4 (N.D. Cal. June 21, 2023) ("While the Ninth Circuit has not yet ruled on the issue, 'courts in this district continue to require affirmative defenses to meet' the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." (citation omitted)).

[5] *See also Neo4j, Inc. v. PureThink, LLC*, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (Davila, J.) (same); *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1075 (N.D. Cal. 2020) (Davila, J.)

Rather, WWE argues that its admittedly deficient Affirmative Defenses should pass muster because "courts in this district have recognized that even 'boilerplate,' 'standard' affirmative defenses are 'appropriate at the outset of the case before discovery has commenced.'" (Opp. at 7 (quoting *Vistan Corp. v. Fadei USA, Inc.*, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011)).) But WWE's citation to *Vistan* is inapposite. There, "Defendants' counterclaims provide[d] sufficient notice of the defenses," *Vistan Corp.*, 2011 WL 1544796, at *7, whereas WWE pleaded no such counterclaims providing sufficient notice of the defenses here. Furthermore, the Northern District of California has already declined to extend *Vistan* to WWE's argument:

> Defendants acknowledge that they have not included factual allegations in their affirmative defenses but argue that their counterclaims supply sufficient facts to provide Plaintiffs with notice. They cite *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) as "binding precedent" establishing that that a defendant's counterclaims provide sufficient notice of the factual allegations behind a defendant's boilerplate affirmative defenses. Other lower court opinions are not binding and *Vistan* is distinguishable as a patent case in which, as the court stated, the Patent Local Rules would soon require the defendant to provide the specificity that the plaintiff sought regarding the defendant's invalidity defense. *Id.* Moreover, *Vistan* predates the 2015 amendment to Rule 26, which

---

(same); *Neo4j, Inc. v. Graph Found., Inc.*, 2020 WL 2793577, at *3 (N.D. Cal. May 29, 2020) (Davila, J.) (same); *Goobich*, 2020 WL 1503685, at *2 ("Nonetheless, even after *Kohler*, courts in this district continue to require affirmative defenses to meet the *Twombly*/*Iqbal* standard." (citation omitted)); *MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, 2015 WL 4624119, at *2 (N.D. Cal. Aug. 3, 2015) (Davila, J.); *Madison*, 2013 WL 5769979, at *1 ("In this district at least, a defendant provides 'fair notice' of an affirmative defense by meeting the pleading standard articulated in Federal Rule of Civil Procedure 8, as further refined by *Bell Atlantic Corporation v. Twombly* . . . and *Ashcroft v. Iqbal* . . . .").

limited discovery to matters that are relevant to any party's "claim or defense," not potentially leading to a defense. Fed. R. Civ. P. 26(b)(1). Thus, Defendants should have an adequate basis for asserting a defense before the parties commence discovery.

*Loc. Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877935, at *3 (N.D. Cal. Mar. 12, 2019).

Moreover, *Vistan* predated this Court's opinions in *Moonburg*, *Meta Platforms,* and *Goobich*, among others, which leave no doubt that boilerplate pleading is impermissible. Indeed, even the cases cited by WWE apply the heightened *Twombly/Iqbal* pleading standard. (*See* Opp. at 9 (citing *Tongsui LLC v. LecocoLove LLC*, 2022 WL 541179, at *4 (N.D. Cal. Feb. 23, 2022) ("Although the Ninth Circuit has not spoken directly on pleading standards for affirmative defenses, 'the majority of courts in [the Northern District of California] have held that the heightened pleading standard of *Twombly* and *Iqbal* ... is now the correct standard to apply to affirmative defenses.'" (citation omitted)); *Perez v. Gordon & Wong L. Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) ("The Court therefore joins those other district courts in concluding that the heightened 'plausibility' standard articulated in *Twombly*, and extended to all civil pleadings in *Iqbal*, applies equally to the pleading of affirmative defenses as it does to the pleading of claims for relief in a complaint.")).) Thus, the Court should reject WWE's attempt to overturn clear precedent establishing that the Northern District of California applies a heightened pleading standard to affirmative defenses.

### B. WWE Has Not Adequately Pleaded Its Affirmative Defenses

WWE argues that its third (unclean hands or *in pari delicto*), fourth (estoppel, laches, and waiver), seventh (mitigation of damages), eighth (actual or proximate cause), ninth (alternative cause), tenth (intervening or superseding cause), eleventh (unjust enrichment), and fourteenth (economic or business justification) Affirmative Defenses are "'standard' and 'well-established' defenses inherently provid[ing] fair notice to plaintiff." (Opp. at 7 (quoting *Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*, 2013 WL 3776337, at *3, 6, 8 (C.D. Cal. July 17, 2013)).) But WWE applies an incorrect standard—relying on case law from other jurisdictions—and fails to

rebut or distinguish the overwhelming authority from the Northern District of California striking each of these Affirmative Defenses when inadequately pleaded.

### 1. Third Affirmative Defense (Unclean Hands or *In Pari Delicto*)

WWE fails to address or distinguish the cases in this District that establish that "simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (emphasis in original) (striking unclean hands affirmative defense); *see also Goobich*, 2020 WL 1503685, at *3 (same); *G & G Closed Cir. Events, LLC v. Nguyen*, 2013 WL 132471, at *2 (N.D. Cal. Jan. 9, 2013) (same); *G & G Closed Cir. Events, LLC v. Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (same).

Instead, WWE relies on cases in *other* districts that apply a more relaxed pleading standard than the one consistently applied by the Northern District of California.  (*See* Opp. at 8 (citing *Agricola Cuyuma SA v. Corona Seeds, Inc.*, 2019 WL 1878353, at *4 & n.1 (C.D. Cal. Feb. 20, 2019) (applying relaxed pleading standard in finding that "naming [unclean hands, laches, and unjust enrichment] is likely sufficient to provide fair notice," but recognizing that "some district courts in this circuit have reached an opposite conclusion," including the Northern District of California)); *Vogel v. Linden Optometry APC*, 2013 WL 1831686, at *2–3 (C.D. Cal. Apr. 30, 2013) (declining to apply *Iqbal/Twombly* to affirmative defenses, but noting that "[w]ithin the Northern District, there is widespread agreement that *Iqbal–Twombly* applies" (citation omitted)).)

Further, WWE offers no authority in support of pleading an *in pari delicto* affirmative defense through "boilerplate allegations [] lack[ing] allegations specific to this action." *Xingen v. Inland Energy, Inc.*, 2020 WL 13211718, at *6 (C.D. Cal. Feb. 18, 2020) (striking affirmative defense for *in pari delicto*).  And it makes no attempt to address or distinguish the cases cited by MLW.  (*See generally* Opp. at 7–8; Mot. at 7–8.)

### 2. Fourth Affirmative Defense (Estoppel, Laches, and Waiver)

Similarly, WWE does not rebut the cases in this District holding that affirmative defenses of estoppel, laches, and waiver are "insufficient," where, as here, "they lack any facts to support defendants' conclusory allegations." *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,

2017 WL 1330598, at *5 (N.D. Cal. Apr. 11, 2017) (striking affirmative defenses for estoppel, laches, and waiver); *see also G & G*, 2011 WL 6293922, at *2 (same).

Instead, WWE perplexingly relies on cases from the Central District of California that explicitly refute its argument by acknowledging that the Northern District applies a different standard. (*See* Opp. at 8 (citing *Agricola*, 2019 WL 1878353, at *4 n.1 (recognizing that "some district courts in this circuit have reached an opposite conclusion," including the Northern District of California); *Vogel*, 2013 WL 1831686, at *2 ("Within the Northern District, 'there is widespread agreement' that *Iqbal–Twombly* applies." (citation omitted)).)

WWE also argues that its estoppel, laches, and waiver defenses are somehow "self-evident" based on MLW's *own* allegations. (Opp. at 8–9.) This argument also fails: affirmative defenses are judged for adequacy based on the supporting information alleged by the defendant. *See Facebook, Inc. v. Gajjar*, 2022 WL 2239834, at *7 (N.D. Cal. June 17, 2022) ("To the extent that Defendant argues that Plaintiffs are aware of the nature of its affirmative defenses, there is no authority supporting the notion that the opposing party's knowledge of the general facts of the case excuses the omission of factual bases of pleading affirmative defenses." (citation omitted)).

Moreover, WWE's argument is factually incorrect. For example, WWE argues that MLW's claims are barred because "MLW's allegations cover events that purportedly spanned decades" and MLW "has offered no legitimate reason for not seeking relief sooner." (Opp. at 8–9.) But MLW filed suit on January 11, 2022, just five months after WWE executive Stephanie McMahon's August 9, 2021 call, in which she pressured a Tubi executive to end its agreement with MLW. (*See* ECF 64 ("FAC") ¶¶ 99–102.) MLW did not delay in seeking redress for WWE's wrongful conduct. By WWE's logic, a monopolist would be immunized from ongoing anticompetitive conduct simply because it has a history of engaging in anticompetitive practices against others. WWE's argument is nonsensical: courts recognize that where antitrust violations are continuing in nature, a plaintiff's cause of action accrues "each time a plaintiff is injured by an act of the defendant[]." *Oliver v. SD-3C LLC*, 751 F.3d 1081, 1086–87 (9th Cir. 2014) (rejecting argument that laches barred federal antitrust claim).

### 3. Seventh Affirmative Defense (Mitigation of Damages)

WWE implicitly concedes that its failure to mitigate Affirmative Defense lacks specific factual allegations—as further evidenced by its proposal amending this Affirmative Defense, *see* Opp. Ex. B at 24—which may explain why WWE does not address or attempt to distinguish the many other decisions in this District, including those decided by Your Honor, requiring sufficient factual allegations to adequately plead a failure to mitigate affirmative defense. *See, e.g.*, *G & G*, 2011 WL 6293922, at *2 (striking failure to mitigate damages affirmative defense, where defendant failed to "state what damages could have been mitigated and how [plaintiff] failed to do so"); *Wesch v. Yodlee, Inc.*, 2021 WL 6206642, at *3 (N.D. Cal. Dec. 6, 2021) (striking conclusory failure to mitigate damages affirmative defense); *Espitia v. Mezzetti Fin. Servs., Inc.*, 2019 WL 359422, at *3 (N.D. Cal. Jan. 29, 2019) (same); *ABC Distrib., Inc. v. Living Essentials LLC*, 2016 WL 8114206, at *3 (N.D. Cal. Apr. 26, 2016) (same).

WWE instead asserts that "courts in this district 'routinely permit the pleading of a failure to mitigate defense without specific factual allegations prior to the completion of discovery.'" (Opp. at 8 (quoting *Winns v. Exela Enter. Sols., Inc.*, 2021 WL 5632587, at *5 (N.D. Cal. Dec. 1, 2021) (alterations omitted) and citing *Fabian v. LeMahieu*, 2020 WL 3402800, at *5 (N.D. Cal. June 19, 2020).) But *Winns* and *Fabian* largely rely on decisions from other districts and do not control this Court's prior opinions.

### 4. Eighth (Actual or Proximate Cause), Ninth (Alternative Cause) and Tenth (Intervening or Superseding Cause) Affirmative Defenses

WWE argues that the "basis for WWE's causation-based defenses (eighth, ninth, and tenth affirmative defenses) is equally clear." (Opp. at 9.) But WWE makes no effort to contest that affirmative defenses alleging lack of actual or proximate causation are improper. *See, e.g.*, *Jansen v. Travelers Com. Ins. Co.*, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (striking affirmative defense alleging that defendant was not the cause in fact or proximate cause of plaintiffs' alleged damages). In fact, it concedes the impropriety of its causation defense by withdrawing the eighth Affirmative Defense in its proposed Amended Answer. (*See* Opp. Ex. B at 24.)

And WWE fails to address cases in this District striking similarly threadbare affirmative defenses. *See, e.g.*, *G & G*, 2011 WL 6293922, at *2 (striking affirmative defense asserting that the alleged damages were the proximate result of third-party acts, where defendant "d[id] not identify any third parties or their acts"); *Espitia*, 2019 WL 359422, at *3 (striking proximate cause by a third party affirmative defense where "defendants fail[ed] to identify any third parties or intervening or superseding conduct of third parties on which they base[d] this defense"); *Perez*, 2012 WL 1029425, at *10 (striking affirmative defense for intervening or superseding events, where defendants "fail[ed] to allege any actual intervening or supervening events on which they base[ed] their affirmative defense.").

Further, WWE for the first time suggests that its vague "forces in the marketplace" allegation in its tenth Affirmative Defense, *see* Opp. Ex. B at 25, also applies to its eighth and ninth Affirmative Defenses. (*See* Opp. at 9.) As noted *supra* at §II.A, WWE's theory that these forces are "self-evident" not only applies an incorrect legal standard, but is defective insofar as it fails to specify what "forces in the marketplace" it refers to. By ambiguously alleging "forces in the marketplace," MLW is forced to "interpret what [WWE] may have meant by such [a] vague statement[]." *CTF Dev., Inc.*, 2009 WL 3517617, at *7, 8 ("Under the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." (emphasis in original)).

### 5.   Eleventh Affirmative Defense (Unjust Enrichment)

WWE also fails to address or distinguish cases in this District striking unjust enrichment affirmative defenses that, like here, are "devoid of any material facts," "simply refer to a legal doctrine," and are "just a single sentence." *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) (striking unjust enrichment affirmative defense); *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (same). Rather, WWE relies on case law from outside of this District applying a lower pleading standard, including a case specifically noting its split from this Court. (*See* Opp. at 8 (citing *Agricola Cuyuma SA*, 2019 WL 1878353, at *4 n.1 (recognizing that "some district

9

courts in this circuit have reached an opposite conclusion," including the Northern District of California).)

### 6.   Fourteenth Affirmative Defense (Economic or Business Justification)

WWE likewise does not distinguish the cases in this District striking affirmative defenses alleging economic or business justifications without adequate facts to sustain such defenses. *See, e.g., McKinney-Drobnis v. Massage Envy Franchising, LLC*, 2017 WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) (striking business justification affirmative defense). Instead, WWE relies on a case from the Northern District of Georgia that applies a different legal standard. (*See* Opp. at 8 (citing *Catch Curve, Inc. v. Integrated Glob. Concepts, Inc.*, 2012 WL 12541116, at *2–3 (N.D. Ga. July 26, 2012) ("In the wake of *Twombly*, the Eleventh Circuit has not applied the *Twombly* pleading standard to affirmative defenses.")).)

### C.   MLW Need Not Demonstrate Prejudice

In recognition of the insufficiency of its pleading, WWE argues that the Motion should be denied "in the absence of a showing of prejudice." (Opp. at 9 (quoting *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *2 (N.D. Cal. Sept. 20, 2006) (citation omitted)).) Although some courts in this District have denied motions to strike without a showing of prejudice, there is no "strict rule that there must be a showing of prejudice for a court to strike an affirmative defense." *Scott Griffith Collaborative Sols., LLC v. Falck N. Cal. Corp.*, 2021 WL 4846935, at *3 (N.D. Cal. June 7, 2021) (distinguishing *Smith*, 2006 WL 2711468); *see also LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) ("Granting a motion to strike under Rule 12(f) does not turn on whether the moving party can show prejudice if the pleading itself is insufficient under Rule 8(b)."); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 7249274, at *4 (N.D. Cal. Dec. 9, 2020) ("Nothing in Rule 12(f) requires [plaintiffs] to show prejudice."). Indeed, this Court routinely strikes affirmative defenses that are inadequately pleaded or improper without analyzing prejudice to the plaintiff. *See, e.g., Goobich*, 2020 WL 1503685, at *3–4 (striking, among others, failure to state a claim, unclean hands, laches, waiver, standing, and reservation of rights affirmative defenses); *MIC Prop. & Cas. Corp.*, 2015 WL 4624119, at *3–5 (striking, among others, failure to state a claim,

right to amend pleadings, estoppel, waiver, laches, and unclean hands affirmative defenses); *Madison*, 2013 WL 5769979, at *2–3 (striking, among others, laches, waiver, and reservation of rights affirmative defenses).

Moreover, even if MLW was required to show prejudice, which it is not, MLW is, in fact, prejudiced by having to engage in costly discovery and argument on WWE's patently inadequate and improper Affirmative Defenses. *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016) ("Even if prejudice were required, the burden of conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice."); *LumaSense Techs., Inc.*, 2021 WL 2953237, at *5 (holding that if a Rule 12(f) motion required a showing of prejudice, the Court would have to "consider the cascading inefficiency of researching redundant matters"); *Gold Club-SF, LLC v. Platinum SJ Enter.*, 2013 WL 6248475, at *2 (N.D. Cal. Dec. 3, 2013) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike."); *Perez*, 2012 WL 1029425, at *8 n.6 ("[P]rejudice may arise solely from a plaintiff's being required to engage in discovery on frivolous issues[.]").

WWE further argues that in the absence of a showing of prejudice, there is "a substantial interest in conserving the resources of the parties and the Court in disallowing motion practice over these issues." (Opp. at 11.) This argument conveniently ignores that WWE has only itself to blame for MLW's Motion. Despite having sixty (60) days to file its Answer, WWE chose to file "slapdash defenses." *Scott Griffith Collaborative Sols., LLC*, 2021 WL 4846935, at *3. Yet in just 14 days following the filing of this Motion, WWE proposed amended Affirmative Defenses that contain significantly more detail than those originally filed. Still, WWE continues to "waste[] the Court's time and resources," Opp. at 1, by doubling down on its frivolous pleading by arguing that the Motion should be denied in its entirety based on standards that unequivocally deviate from those consistently applied by this Court. *See LumaSense Techs., Inc.*, 2021 WL 2953237, at *5 ("And [defendant] could simply have stipulated that those are not affirmative defenses, sparing it and me the energy it has taken to address this issue."); *Scott Griffith Collaborative Sols., LLC*,

11

2021 WL 4846935, at *3 ("One of the purposes of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" (citation omitted)); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 7249274, at *4 ("Indeed, Rule 12(f) exists because continued litigation of a defense that is 'insufficient … redundant, immaterial, impertinent, or scandalous' necessarily wastes courts' and parties' resources." (quoting Fed. R. Civ. P. 12(f))).

WWE's arguments are also self-defeating: its own proposed Amended Answer proves that MLW's Motion will help "significantly narrow the defenses at issue." *Loc. Ventures & Invs., LLC*, 2019 WL 7877935, at *4; *see also Goobich*, 2020 WL 1503685, at *3 (improper affirmative defenses are "redundant and may be stricken *so as to simplify and streamline the litigation*." (emphasis added) (citation omitted)).

## III.  CONCLUSION

For the foregoing reasons, the Court should strike all thirteen of WWE's Affirmative Defenses; strike the "Reservation of Rights" section; and deny leave to amend the "Reservation of Rights" section and the first, second, fifth, sixth, eighth, and twelfth Affirmative Defenses.

Dated: September 14, 2023

Respectfully submitted,

*/s/ Christine A. Montenegro*
Marc E. Kasowitz (*pro hac vice*)
Hector J. Torres (*pro hac vice*)
Christine A. Montenegro (*pro hac vice*)
Nicholas A. Rendino (*pro hac vice*)
Joshua E. Roberts (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
htorres@kasowitz.com
cmontenegro@kasowitz.com
nrendino@kasowitz.com
jroberts@kasowitz.com

Jason S. Takenouchi (SBN 234835)
**KASOWITZ BENSON TORRES LLP**
101 California Street, Suite 3950
San Francisco, California 94111
Tel.: (415) 421-6140
Fax: (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Plaintiff MLW Media LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of September 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Christine A. Montenegro
Christine A. Montenegro