United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MLW MEDIA LLC,

Plaintiff,

v.

WORLD WRESTLING ENTERTAINMENT, INC., et al.,

Defendants.

Case No. 5:22-cv-00179-EJD

**ORDER TERMINATING MOTION TO STRIKE AND GRANTING LEAVE TO FILE AMENDED ANSWER**

Re: Dkt. No. 101

Plaintiff, MLW Media LLC ("MLW"), brings a motion to strike Defendant, World Wrestling Entertainment, Inc.'s ("WWE"), affirmative defenses filed in response to MLW's suit for violations of the Sherman Antitrust Act; intentional interference with prospective economic advantage; intentional interference with contractual relations; and violation of California's Unfair Competition Law. Mot. to Strike Answer to Am. Compl. ("Mot. Strike"), ECF No. 101; Answer to Am. Compl. ("Answer"), ECF No. 98. WWE filed an opposition, and MLW filed a reply. Opp'n, ECF No. 102; Reply, ECF No. 103. In the alternative to granting MLW's motion to strike, WWE asked the Court to terminate MLW's motion as moot and grant leave to file its amended answer attached as Exhibit A. Ex. A, ECF No. 102-1. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court will terminate MLW's motion to strike and grant leave for WWE to file its amended answer on the condition that it remove the improper sixth amended affirmative defense for unjust enrichment.

## I. BACKGROUND

MLW filed this action in January 2022, asserting claims against WWE for monopolization and attempted monopolization in violation of the Sherman Antitrust Act, 15 U.S.C. § 2; intentional interference with prospective economic advantage; intentional interference with contractual relations; and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Complaint, ECF No. 1 ("Compl.") ¶¶ 53–81. MLW filed a First Amended Complaint on March 6, 2023. First Am. Compl., ECF No. 64 ("FAC"); *see also* Order Den. Mot. to Dismiss, ECF No. 78. WWE filed its answer to MLW's FAC on August 14, 2023, and on August 25, 2023, MLW filed its present motion to strike the fourteen affirmative defenses contained in WWE's answer. *See* Answer; Mot. Strike. While WWE argues that its affirmative defenses were properly asserted, in the alternative to granting MLW's motion, WWE asks the Court to terminate MLW's motion to strike as moot and grant leave to file its amended answer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08–cv–4854–PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Courts in this district, including this Court, have generally applied the *Twombly/Iqbal* pleading standard to striking affirmative defenses. *See Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *3 (N.D. Cal. Mar. 30, 2020) (collecting cases). When a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

The Court grants WWE's request for leave to file its amended answer and terminates MLW's motion to strike as moot. While MLW identified numerous deficiencies in WWE's affirmative defenses, the Court finds that WWE's proposed amended answer cures nearly all deficiencies. *See* Ex. A. First, several of WWE's original "affirmative defenses" were improper as a matter of law, as they merely sought to demonstrate that MLW has not met its burden of proof. WWE's amended answer cures these deficiencies by removing "affirmative defenses" 1, 2, 5, 8, and 12. Second, WWE's remaining original affirmative defenses were improperly asserted, as they contained no facts to provide MLW with notice of the basis for the defenses. WWE's amended answer cures these deficiencies by adding facts sufficient to plausibly claim affirmative defenses 3, 4, 6, 7, and 9.

However, the Court finds the sixth affirmative defense for unjust enrichment in the amended answer improper. This issue concerns damages and is reserved for the remedies stage of proceedings. The Court also finds the "Reservation of Rights" section improper, as it is not in itself a defense and "serves no real purpose in litigation." *Solis*, 2009 WL 2022343, at *3; *see also*, *e.g.*, *Goobich*, 2020 WL 1503685, at * 4 ("This type of statement serves no real purpose in the litigation and should be stricken.") (internal quotations omitted); *J&J Sports Prods v. Mendoza –Govan*, No. 10–cv-05123, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011), at *6 ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.").

## IV. CONCLUSION

For the foregoing reasons, the Court **TERMINATES** MLW's motion to strike as moot and **GRANTS** WWE's request to file its amended answer so long as it removes the improper sixth affirmative defense for unjust enrichment and "Reservation of Rights" section.

**IT IS SO ORDERED.**

Dated: October 31, 2023

EDWARD J. DAVILA
United States District Judge